# ORIGINAL



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆    ~~~ ~~

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AVI KOSCHITZKI, on Behalf of Himself and
all Others similarly situated,

                       Plaintiff,

              -against-

APPLE INC. and AT&T INC.,

                   Defendants.

------------------------------------------------------------x

Case No. **08    4451**

**CLASS ACTION**

**DEFENDANT APPLE INC.'S
NOTICE OF REMOVAL**

WEINSTEIN, J.

POHORELSKY, M.J.

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF NEW YORK:

      PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, defendant Apple Inc.

("Apple") hereby removes to this Court the state action below, which is within the original

jurisdiction of this Court and properly removed under §§ 1332, 1441, 1446, and 1453.

## PROCEDURAL HISTORY AND TIMELINES OF REMOVAL

    1.     On September 29, 2008, Plaintiff filed a purported class action captioned

*Koschitzki, et al. v. Apple Inc., et al.,* Index No. 08-017995, against Defendants in the Supreme

Court of the State of New York, County of Nassau ("State Court Action").

    2.     Apple was served with the State Court Action Summons and Complaint on

October 6, 2008. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b). Pursuant to 28

U.S.C. § 1446 (a), true and correct copies of all process, pleadings, and orders served upon

Apple in the State Court Action are attached to this Notice as Exhibit A.

sf-2595775

3.     The Supreme Court of New York for the County of Nassau is located within the Eastern District of New York. 28 U.S.C. § 112(c). The Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## NO JOINDER NECESSARY

4.     No other Defendants are required to consent to this removal. 28 U.S.C. § 1453(b).

## ALLEGATIONS OF THE COMPLAINT

5.     This action is a putative class action against Defendants on behalf of New York purchasers of Apple's iPhone 3G. (Complaint ("Compl.") ¶ 32.) Apple's iPhone 3G is sold by Apple and AT&T and is supported by AT&T's cellular network infrastructure. (Compl. ¶ 2.) Plaintiff alleges that Apple and AT&T misrepresented the speed and quality of the iPhone and 3G network. (Compl. ¶¶ 15, 19, 24, 25.) In particular, Plaintiff alleges that, "[d]ue to the overloaded 3G network, iPhone users are commonly bumped to the slower EDGE network" and "firmware [updates have] not cured the number problems that iPhone users (including Plaintiff) have experienced with their iPhones." (Compl. ¶¶ 19, 23.) Plaintiff alleges that "Defendants knew or should have known that the iPhones would not function properly, as advertised and marketed, on the 3G network." (Compl. ¶ 25.)

6.     On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for: (1) violations of New York General Business Law § 349; (2) unjust enrichment; (3) restitution; (4) breach of contract; (5) breach of express warranty; and (6) breach of implied warranty. The Complaint seeks, *inter alia*, statutory damages, compensatory damages, actual damages, punitive damages, injunctive relief, disgorgement, restitution, attorneys' fees, and costs. (Compl. ¶¶ 39-68.)

2

7.    Apple disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.

## BASIS FOR REMOVAL

8.    This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a state different from any defendant. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Estate of Pew v. Cardarelli,* 527 F.3d 25, 30 (2d Cir. 2006).

9.    <u>Covered Class Action.</u> This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). (Compl. ¶ 32.).

10.    <u>Class Action Consisting of More than 100 Members.</u> The Complaint alleges that "Plaintiff believes that there are thousands of members of the proposed Class." (Compl. ¶ 33.) Accordingly, based on Plaintiff's allegation, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

11.    <u>Diversity - Plaintiff.</u> The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of New York State. (Compl. ¶ 4.)

12.    <u>Diversity – Defendant.</u> Apple is "a California corporation and maintains its principal executive offices at 1 Infinite Loop, Cupertino, California 95014." (Compl. ¶ 7.) Each

member of the purported class is a citizen of a state (New York) different from Apple (California). Thus, according to the allegations of Plaintiff's Complaint, the diversity requirements of CAFA are satisfied as between Plaintiff and Apple. CAFA's diversity requirements are also satisfied as to AT&T.[1]

13.     Amount in Controversy.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). The Complaint alleges claims for violations of New York General Business Law § 349, unjust enrichment, restitution, breach of contract, breach of express warranty, and breach of implied warranty. Plaintiff alleges, *inter alia,* the recovery of "restitutionary and injunctive relief, including: (a) compensatory, punitive and statutory damages; (b) disgorgement and restitution of Defendants' ill-gotten gains for unfair business practices, untrue and misleading advertising; and (c) disclosures and/or disclaimers on the outside of its box or advertising material prior to making any electronics device purchase," (Compl. ¶ 3.), as well as "damages, in an amount to be determined at trial." (Compl. ¶¶ 45, 55, 61, 68.) Without conceding any merit to the Complaint's damages allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

14.     The amount in controversy clearly exceeds $5,000,000. The Complaint alleges that "Defendants charged and received payment for the iPhones that they designed, marketed,

---

[1] Plaintiff alleges AT&T is "a Delaware corporation," with principal executive offices in Texas. (Compl. ¶ 8.) Apple notes that AT&T Mobility, LLC, the AT&T entity that provides 3G network support for Apple's iPhone 3G, is headquartered in Atlanta, Georgia. Irrespective of whether the "AT&T" plaintiff generically named in his Complaint is AT&T Inc. (Texas) or AT&T Mobility, LLC (Georgia), the diversity requirements of 28 U.S.C. § 1332(d)(2)(A) are satisfied as between Plaintiff and AT&T as well.

manufactured, distributed, and sold. Defendants should not be permitted to retain those payments in equity and good conscience, as those payments were obtained in contravention of the law." (Compl. ¶ 50.) Plaintiff seeks "[a]n Order . . . requiring Defendants to refund the proceeds" to Plaintiff and the putative class members. (Compl. at p. 14.) The iPhone 3G sells for a retail price of $199 for the 8GB model and $299 for the 16GB model. (Declaration of James Bean ¶ 2.) The Complaint alleges a class of all New York residents who purchased the iPhone 3G. (Compl. ¶ 32.) Since the iPhone 3G was launched in July 2008, 6.9 million iPhone 3G units have been sold worldwide, and Apple has sold in excess of 100,000 iPhone 3G units through Apple's Retail Stores in New York alone.[2] (Declaration of James Bean ¶¶ 3, 4.) To the extent each class member is claiming a full refund equivalent to even the lowest price for the iPhone 3G, the amount in controversy Plaintiff alleges is at least three times the minimum and easily meets the amount-in-controversy requirement (even without considering AT&T's additional sales of the iPhone 3G in New York).

15.     Thus, Plaintiff's allegations place in controversy an amount plainly in excess of $5,000,000. While Apple disputes that it is liable to Plaintiff or any of the putative class members, or that Plaintiffs or the putative class members suffered injury or incurred damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5,000,000.

16.     Amount in Controversy – Punitive Damages. The Complaint also seeks punitive damages. (Compl. ¶ 3.) Punitive damages are considered part of the amount in controversy. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are

---

[2] The iPhone 3G is also sold through AT&T retail stores. AT&T's sales data would further increase the amount in controversy over the jurisdictional minimum.

permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied"); *Kocienda v. U-Haul Int'l, Inc.*, No. 3:07CV954, 2007 U.S. Dist. LEXIS 64938, *3 (D. Conn. Sept. 4, 2007) (including punitive damages in determining amount in controversy under CAFA). Apple believes that no damages, compensatory, punitive, or statutory, are appropriate under New York law and should or will be awarded in this case; however, for purposes of the amount in controversy requirement, claimed punitive damages alleged in the Complaint may be considered.

17.     No CAFA Exclusions.  The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and therefore this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

## CONCLUSION

18.     For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1441(a) and 1453.

## NOTICE TO STATE COURT AND ADVERSE PARTY

19.     Counsel for Apple certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the State of New York, County of Nassau, as an exhibit to a Notice of Filing of Notice of Removal to Federal Court, and served upon counsel for Plaintiff, as well as counsel for AT&T.  A copy of the Notice being filed in state court is attached hereto (without exhibits) as Exhibit B.

sf-2595775

WHEREFORE, Defendant Apple gives notices that the above-described action pending against it in the Supreme Court of the State of New York, Nassau County, is removed to this Court.

Dated: November 4, 2008
      New York, New York

MORRISON & FOERSTER LLP

By: _____

Jamie A. Levitt (jlevitt@mofo.com)
Attorneys for Defendant
APPLE INC.
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------X  Index No.: 08 - 017995

AVI KOSCHITZKI, on Behalf of Himself and
all Others similarly situated,                            Date Purchased:

                                    Plaintiff,            Plaintiff designates Nassau County
                                                          as the place of trial.

          vs.                                             The basis of the venue is
                                                          Plaintiff's place of residence.
APPLE INC. and AT&T INC.,

                                    Defendants.           **SUMMONS**

                                                          Plaintiff resides at:
                                                          1021 Westwood Road
                                                          Woodmere, NY 11598

-------------------------------------------------------X  **RECEIVED**

To the above named Defendants:                           SEP 2 9 2008

          You are hereby summoned to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete
if this summons is not personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

Dated: September 29, 2008            **STEIN FARKAS & SCHWARTZ LLP**

                                     By: _____
                                         Joshua Farkas
                                         1639 East 13th Street
                                         Brooklyn, NY 11229
                                         Tel.: (718) 645-5600
                                         Fax: (718) 645-3767

                                     *Attorneys for Plaintiff*

Defendant's address:

Apple, Inc.
1 Infinite Loop
Cupertino, CA 95014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

————————————————————————X
AVI KOSCHITZKI, on Behalf of Himself and  :  Index No. 08-017995
all Others Similarly Situated,            :
                                          :  CLASS ACTION COMPLAINT
                          Plaintiff,      :
                                          :  Jury Trial Requested
        vs.                               :
                                          :  **RECEIVED**
APPLE INC. and AT&T INC.,                 :
                                          :  SEP 26 2008
                          Defendants.     :
————————————————————————X    **NASSAU COUNTY**
                                             **COUNTY CLERK'S OFFICE**

        Plaintiff Avi Koschitzki ("Koschitzki" or "Plaintiff") brings this action on behalf of

himself and all other consumers similarly situated, and alleges upon information and belief,

formed after an inquiry reasonable under the circumstances, except as to those allegations which

pertain to the named Plaintiff (which are alleged on personal knowledge), as follows:

## NATURE OF THE ACTION

        1.      This is a class action brought against Defendants Apple Inc. ("Apple") and AT&T

Inc. ("AT&T") (collectively, "Defendants") to recover for the harm caused by Defendants'

deceptive, improper or unlawful conduct in its design, marketing, manufacturing, distribution,

and sale of Apple's iPhone 3G series of mobile phones. The iPhone 3G series mobile phones

include the series manufactured and sold by Defendants as the 3G-8GB iPhone and the 3G-16GB

iPhone (collectively, the "iPhones"). Defendants' conduct constitutes unfair practices under the

New York Deceptive Practices Act (General Business Law § 349) (the "GBL"), as well as

negligent misrepresentation and unjust enrichment, and a breach of express and implied

warranties.

2.     Plaintiff and other consumers purchased defective iPhones designed, marketed, manufactured, distributed, and sold by Defendants (the "Class"). Based upon information and belief the 3G iPhones demand too much power from the 3G bandwidths and the AT&T infrastructure is insufficient to handle this overwhelming 3G signal based on the high volume of 3G iPhones it and Apple have sold.

3.     Based upon Defendants' violations of GBL and/or the harm caused to Plaintiff and members of the Class as a result of Defendants' improper conduct, Plaintiff and members of the Class seek restitutionary and injunctive relief, including: (a) compensatory, punitive and statutory damages; (b) disgorgement and restitution of Defendants' ill-gotten gains for unfair business practices, untrue and misleading advertising; and (c) disclosures and/or disclaimers on the outside of its boxes or advertising material prior to making any electronics device purchase.

### PARTIES

4.     Plaintiff is, and at all relevant times has been, a resident of Nassau County, New York. Plaintiff purchased an iPhone, which was advertised, distributed, and/or sold by Apple, and signed an agreement for monthly service provided by AT&T. Moreover, Plaintiff has suffered injury in fact and has lost money and/or property as a result of Defendants' acts, *i.e.*, their engagement in false and misleading advertising concerning the speed and performance of the iPhones.

5.     Plaintiff either directly or indirectly relied upon, *inter alia*, the representations, advertising and other promotional materials which were prepared and approved by Defendants and their agents and disseminated on the face of the iPhones' containers, through local and national advertising media, including Defendants' respective internet websites, containing the misrepresentations and/or omissions alleged hereinafter.

2

6.     Plaintiff also relied upon the representations of Defendants in researching which product to purchase. Specifically, Plaintiff took into account the way Defendants represented the speed and performance of the 3G network and the iPhones to Plaintiff, the proposed Class and the general public.

7.     Defendant Apple is a California corporation and maintains its principal executive offices at 1 Infinite Loop, Cupertino, California 95014. Apple designs, manufactures, and sells personal computers, portable digital music players, and mobile communication devices, as well as related software, services, peripherals, and networking solutions worldwide. Apple also has significant contacts within Nassau County, New York, and the activities complained of herein occurred, at least in part, in Nassau County, New York. According to Apple's website, its products can be purchased directly from Apple through its website, at "Apple's own retail store locations around the country" or at "thousands of Apple authorized resellers."

8.     Defendant AT&T is a Delaware corporation and maintains its principal executive offices at 208 South Akard Street, Dallas, Texas 75202. AT&T provides telecommunications services to consumers and businesses in the United States and internationally. It provides wireless services, including local wireless communications, long-distance, and roaming services with various postpaid and prepaid service plans. AT&T is licensed to do, and is doing, business in New York and throughout the United States. It transacts business in Nassau County, New York and at all relevant times designed, manufactured, promoted, marketed, distributed, and/or sold service plans that are one of the subjects of this complaint, throughout New York and the United States. AT&T also has significant contacts with Nassau County, New York and the activities complained of herein occurred, at least in part, in Nassau County, New York.

3

9. At all relevant times, Apple and AT&T made and continue to make misrepresentations in the promoting, advertising, and/or sale of its 3G iPhone and service plans described below. According to an August 13, 2008 news article published by the *Associated Press*, for example, the iPhones exhibit "spotty wireless broadband connectivity... most likely resulted from a hardware problem introduced during mass production."

10. At all relevant times, the iPhones were defective and would not provide its inherent functionality and/or the functionality expected by consumers. This has been evidenced by the increasingly common problem suffered by Plaintiff and thousands of members of the proposed Class.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over Apple and AT&T pursuant to New York Civil Practice Law & Rules ("CPLR") § 302 because Defendants are authorized to, and do, conduct and transact business in the State of New York.

12. This Court also has jurisdiction over each Defendant named herein because each Defendant is a foreign corporation authorized to do business in New York and registered with the New York Secretary of State, or does sufficient business, has sufficient minimum contacts with New York, or otherwise intentionally avails themselves of the New York market, through the promotion, marketing, advertising of employment positions, and/or sale of their products in New York. Therefore, this renders the exercise of jurisdiction by the New York courts permissible under traditional notions of fair play and substantial justice.

13. Venue is further proper in this County pursuant to CPLR 509, as Plaintiff designates Nassau County as the place of trial.

## SUBSTANTIVE ALLEGATIONS

4

14. In or around the summer of 2008, Apple and AT&T began marketing the iPhones. The iPhones' launch was preceded and followed by an aggressive marketing campaign, including radio, television, internet, and print advertisements.

15. In their advertising campaign, Defendants made numerous statements regarding the quality and compatibility of the 3G network protocol or standard included in the iPhone. Indeed, Apple's own website touts the iPhones as being "Twice as fast. Half the Price." as compared to prior models.

16. In conjunction with each sale, Defendants marketed, advertised and warranted that the iPhones were fit for the ordinary use of receiving phone calls, a GPS device, internet browsing, e-mail, and other data streams or sources at 3G speeds.

17. Apple manufactured, marketed, advertised, warranted and sold the iPhones, either directly or through its authorized distribution channels.

18. Apple manufactured and distributed the iPhones with the intention its consumers would purchase, regardless of place of purchase, or the location where customers actually use them. The iPhones entered the stream of commerce, were distributed, and were ultimately put up for sale, and sold to Plaintiff and other consumers in Nassau County, as well as purchasers throughout the State of New York.

19. Due to the overloaded 3G network, iPhone users are commonly bumped to the slower EDGE network despite being in geographical areas allegedly rich with 3G network coverage.

20. Apple has issued firmware updates for the iPhones. In July 2008, for example, Apple released version 2.0 of OS X iPhone software for the iPhones and the iPod Touch which included new features like access to Apples App Store, increased security, and enterprise

5

capabilities. Subsequently, Apple released version 2.02 of OS X iPhone software for the iPhones,

21. The firmware updates, however, did not resolve the problems experienced by users (including Plaintiff).

22. Then, on or about September 15, 2008, Apple released version 2.1 of OS X iPhone software.

23. Again, this firmware has not cured the numerous problems that iPhone users (including Plaintiff) have and continue to experience with their iPhones.

24. Despite the fact that Plaintiff and the Class have experienced widespread and systemic problems concerning the iPhones proper operation on the 3G network, defendants continued to tout the iPhones and 3G network.

25. Upon information and belief, Defendants knew or should have known that the iPhones would not function properly, as advertised and marketed, on the 3G network.

26. Apple, in fact, was forced to remove misleading advertising in the United Kingdom regarding the iPhones' capabilities.

*Allegations Specific to Plaintiff*

27. In the summer of 2008, Plaintiff purchased an iPhone and signed a Service Plan with AT&T.

28. In the summer of 2008, Plaintiff noticed that he was consistently being bumped off of the 3G network to the slower EDGE network.

29. Starting in or about July 2008, Plaintiff installed each of the recommended firmware upgrades as suggested by Defendants. Plaintiff's iPhone's 3G network service has not been improved despite Defendants' claims to the contrary, and in fact, such service has

continued to deteriorate and the iPhone has ceased to operate as advertised and as specified by Defendants.

*Defendants' Conduct as Applied to the Class as a Whole*

30.  Plaintiff and members of the Class relied upon the way Defendants represented the speed and performance on the 3G network.

31.  On Internet or Online blogs and forums, including on Apple's own website, customers and users voiced their complaints regarding the lack of functionality of their iPhones on the 3G network.

## CLASS ACTION ALLEGATIONS

32.  This action is brought as a class action pursuant to Article 9 of the CPLR. Plaintiff brings this action both in his individual capacity and as a class action against Defendants on behalf of himself and the Class, which consists of all New York State residents who purchased defective 3G iPhones designed, marketed, manufactured, distributed, and sold by Defendants. Excluded from the Class are Defendants, including any entity in which Defendants have a controlling interest, or which is a parent or subsidiary of, or which is controlled by Defendants, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, or assigns of Defendants.

33.  The members of the Class ("Class Members") are so numerous that joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the proposed Class.

34.  Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These common questions of law and fact include:

(a)    Whether Defendants engaged in false and misleading advertising concerning the speed and performance of the iPhones;

(b)    Whether Defendants engaged in false and misleading advertising concerning the speed and performance of the 3G network;

(c)    Whether Defendants knowingly concealed the defective design of the iPhones;

(d)    Whether Defendants' business practices violate New York law for which Plaintiff and Class Members may recover damages;

(e)    Whether Plaintiff and Class Members are entitled to statutory relief;

(f)    Whether Plaintiff and Class Members are entitled to punitive relief;

(g)    Whether Plaintiff and Class Members are entitled to compensatory relief; and

(h)    Whether Plaintiff and Class Members have sustained damages, and, if so, what is the proper measure of damages.

35.    Plaintiff's claims are typical of the claims of Class Members as he and each Class Member sustained, and continues to sustain, damages arising from Defendants' wrongdoing. Plaintiff's damages, as well as the damages of each Class Member, were caused by Defendants' wrongful conduct, as alleged herein.

36.    Plaintiff will fairly and adequately protect the interests of those Class Members he seeks to represent and has no interests that are antagonistic to the interests of any other Class Member. Plaintiff has retained counsel who have experience and success in complex litigation.

37.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class Members is

8

impracticable. Furthermore, because the damages suffered, and continue to be suffered, by each individual Class Member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class Members to redress the wrongs done to each of them individually and the burden imposed on the judicial system would be enormous.

38.     In addition, the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

## FIRST CAUSE OF ACTION

### Violation of Section 349 of the New York General Business Law

39.     Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

40.     Defendants engaged in false and misleading advertising concerning the speed and performance of the iPhones.

41.     As fully alleged above, by advertising, marketing, distribution, and/or selling the iPhones to Plaintiff and Class Members, Defendants engaged in, and continue to engage in, deceptive acts and practices.

42.     In connection with the Service Plan fees charged by AT&T to Plaintiff and other Class Members, Defendants materially mislead Plaintiff and Class Members and Defendants' acts and practices were improper.

43.     Plaintiff and the members of the Class further seek to enjoin such unlawful deceptive acts and practices as described above. Each of the Class members will be irreparably

9

harmed unless the unlawful actions of Defendants are enjoined in that Apple and AT&T will continue to falsely and misleadingly advertise with respect to the speed and performance of the iPhones. Towards that end, Plaintiff and the Class request an order granting them injunctive relief as follows: order disclosures and/or disclaimers on the outside of the iPhone boxes or advertising material prior to making any electronics device purchase. Absent injunctive relief, Defendants will continue to market, distribute, and sell iPhones to the detriment of its customers. Plaintiff has not previously asked for such injunctive relief.

44. In this regard, Defendants have violated, and continue to violate, §349 of the GBL, which makes deceptive acts and practices unlawful.

45. As a direct and proximate result of Defendants' violation of §349 of the GBL as described above, Plaintiff and Class Members have been injured and have suffered damages, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

46. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

47. By means of their material misconduct, as set forth above, Defendants induced Plaintiff and Class Members to pay for the iPhones and their associated Service Plans. As a consequence of such misconduct, Plaintiff and Class Members were forced to incur costs they would not have otherwise been willing to pay absent the misrepresentations and misconduct by Defendants.

48. By virtue of the foregoing, Defendants have been unjustly enriched in an amount yet to be determined with respect to Plaintiff and Class Members to the extent that Defendants received and kept revenues collected from the iPhones designed, marketed, manufactured,

10

distributed, and sold by Defendants, which they would not have received absent their improper conduct.

## THIRD CAUSE OF ACTION
### Restitution

49.    Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

50.    By virtue of deceptive and unlawful business practices, Defendants charged and received payment for the iPhones that they designed, marketed, manufactured, distributed, and sold. Defendants should not be permitted to retain those payments in equity and good conscience, as those payments were obtained in contravention of law. To permit Defendants to retain those payments would wrongfully confer a benefit upon Defendants.

51.    Under the circumstances, it would be inequitable for Defendants to retain these benefits.

## FOURTH CAUSE OF ACTION
### Breach of Contract

52.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

53.    In connection with the relationship between Defendants and Plaintiff and the Class Members, Defendants assumed duties and contractual obligations, express and/or implied, to provide 3G network service to the iPhones.

54.    Defendants communicated their contractual obligations (and all terms and conditions of the same) to Plaintiff and the members of the Class through various sources, including AT&T's Service Plan.

55. As a direct and proximate result of Defendants' improper or wrongful activities, Plaintiff and the Class Members suffered damages and are entitled to damages in an amount to be proven at trial (or have been irreparably harmed by Defendants' conduct).

56. Plaintiff and members of the Class have fulfilled all conditions precedent with respect to the applicable contractual obligations or in relation to this action, or, in the alternative, the conditions precedent have otherwise been waived.

## FIFTH CAUSE OF ACTION
### Breach of Express Warranty

57. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

58. Starting in or about the summer of 2008, Defendants represented, in writing and otherwise, that the compatibility and quality of the 3G network protocol or standard included in the iPhones would be twice as fast as prior models. Those representations, promises and assurances became part of the basis of the bargain between Apple and Plaintiff (and the Class) and thereby constituted an express warranty.

59. Defendants then sold the iPhones to Plaintiff and members of the Class and, in turn, Plaintiff and members of the Class, purchased Apple's product, the iPhones.

60. Apple, however, breached the express warranty in that the iPhones were inherently defective and would not provide the functionality expected by consumers and/or would not last as long as reasonably expected by consumers. As a result of the stated breach, Plaintiff and the members of the Class did not, in fact, receive goods as warranted by Apple.

61. As a direct or proximate result of this breach of warranty by Apple, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## Breach of Implied Warranty

62. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

· 63. Starting in or about July 2008, Plaintiff and members of the Class sought to purchase iPhones with all the features and qualities that Apple claimed were maintained by the iPhones, including the iPhones' casing. Plaintiff and the Class relied on Apple's industry reputation, skill, expertise and judgment to furnish a suitable product for the stated purpose.

64. When Apple sold the iPhone – directly or indirectly – to Plaintiff and members of the Class, Plaintiff and the Class bought these goods from Apple in reliance on Apple's industry reputation, skill, expertise and judgment.

65. At the time of manufacturing, advertising and/or sale, Apple knew or had reason to know the particular purpose for which the goods were required or would be used. Apple knew that Plaintiff and members of the Class were relying on Apple's industry reputation, skill, expertise and judgment to manufacture and furnish a suitable digital camera, thereby creating and confirming an implied warranty that the products or goods – the iPhones – were fit for their stated and advertised purpose.

66. Apple, however, breached the implied warranty.

67. Plaintiff and members of the Class did not receive suitable products or goods in the form of the iPhone. The iPhones were not fit for the particular purpose for which they were sought, purchased and required in that it did not have the features, quality or durability represented by Apple.

68. As a direct or proximate result of this breach of implied warranty by Apple, Plaintiff and the Class have been damaged in an amount to be determined at trial.

13

WHEREFORE, Plaintiff demands judgment against Defendants for himself and Class Members, as follows:

A.     An Order determining that the action is a proper class action, maintainable under CPLR 901, and certifying Plaintiff as representative of the Class;

B.     An Order awarding statutory, compensatory and punitive damages in favor of Plaintiff and the other Class Members against Defendants for Defendants' violation of the GBL, and for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.     An Order declaring the Defendants' practices to be unlawful, improper, unfair, and/or deceptive and requiring Defendants to refund the proceeds from the fees to Plaintiff and Class Members;

D.     An Order awarding Plaintiff and Class Members their actual damages for the wrongful acts complained of, along with pre-judgment and post-judgment interest;

E.     A temporary, preliminary or permanent injunction enjoining Defendants from continuing to disseminate false and misleading advertising concerning the speed and performance of the iPhones and the 3G network;

F.     Disgorgement and restitution of any ill-gotten gains that Defendants obtained through their dissemination of false and misleading statements regarding the iPhones;

G.     An Order awarding Plaintiff and Class Members their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

H.     Such other and further relief as the Court may deem just and proper; and

I.       Any other and further relief to which they may be entitled at law or in equity.

Dated: September 29, 2008              **STEIN FARKAS & SCHWARTZ LLP**

By:

Joshua Farkas
1639 E. 13th St.
Brooklyn, New York 11229
Tel,: (718) 645-5600
Fax: (718) 645-3767

*Attorneys for Plaintiff*

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (REV 1/2000)

SUPREME COURT, NASSAU COUNTY

INDEX NO. 08-017995   DATE PURCHASED:

PLAINTIFF(S): AVI KOSCHITZKI, on Behalf of Himself and all Others Similarly Situated,

DEFENDANT(S): APPLE INC., and AT&T INC.

| For Clerk Only |
|---|
| |
| |
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: _____   Bill of Particulars served (Y/N):   [ ] Yes   [X] No

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certification of readiness

[ ] Notice of motion (return date)
Relief sought:

[X] Order to show cause
(clerk enter return date: _____)
Relief sought _extension of answering time_

[ ] Other ex parte application (specify:
_____)

[ ] Notice of petition (return date: _____)
Relief sought _____

[ ] Notice of medical or dental malpractice action (specify: _____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____)

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**
[ ] Contested                               -CM
[ ] Uncontested                             -UM

**COMMERCIAL**
[ ] Contract                                -CONT
[ ] Corporate                               -CORP
[ ] Insurance (where insurer is a party, except arbitration)   -INS
[ ] UCC (including sales, negotiable instruments)              -UCC
[ ] *Other Commercial                       -OC

**REAL PROPERTY**
[ ] Tax Certiorari                          -TAX
[ ] Foreclosure                             -FOR
[ ] Condemnation                            -COND
[ ] Landlord/Tenant                         -LT
[ ] *Other Real Property                    -ORP

**OTHER MATTERS**
[ ] *_____                       -OTH

**TORTS**
Malpractice
[ ] Medical/Podiatric                       -MM
[ ] Dental                                  -DM
[ ] *Other Professional                     -OP

[ ] Motor Vehicle                           -MV
[X] *Products Liability                      -PL
   _defect or design of: iPhone_
[ ] Environmental                           -EN
[ ] Asbestos                                -ASB
[ ] Breast Implant                          -BI
[ ] *Other Negligence                       -OTN

[ ] *Other Tort (including intentional)     -OT

**SPECIAL PROCEEDING**
[ ] Art. 75 (Arbitration)                   -ART75
[ ] Art. 77 (Trusts)                        -ART77
[ ] Art. 78                                 -ART78
[ ] Election Law                            -ELEC
[ ] Guardianship (MHL Art. 81)              -GUARD81
[ ] *Other Mental Hygiene                   -MHYG

[ ] *Other Special Proceeding               -OSP

\* If asterisk used, please specify.

Check "YES" or "NO" for each of the following questions:

UCS-840 (REV 1/2000)

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|-----|-----|-----|-----|-----|-----|
| [ ] | [X] | Municipality (Specify _____) | [ ] | [X] | Public Authority (Specify _____) |

| YES | NO | |
|-----|-----|-----|
| [ ] | [X] | Does this action/proceeding seek equitable relief? |
| [ ] | [X] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [X] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonial and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

Expedited: 0-8 months          X Standard: 9-12 months          Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served          ☐ No          ☐ Yes, Date _____

Was a Notice of No Necessity Filed          ☐ No          ☐ Yes, Date _____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ☐ | Stein Farkas & Schwartz LLP Joshua Farkas, Esq. | 1639 East 13th St. Brooklyn, NY 11229 | (718) 645-5600 |

**ATTORNEY(S) FOR DEFENDANT(S)**

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ☐ | Morrison & Foerster LLP by Jamie A. Levitt, Esq. | 1290 Avenue of the Americas New York, New York 10104 | (212) 468-8000 |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys

**INSURANCE CARRIERS:**

**RELATED CASES:** (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|-----|-----|-----|-----|
| None | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: May 14, 2008

_____
(SIGNATURE)

Jamie A. Levitt
(PRINT OR TYPE NAME)

Apple, Inc.
ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

At Part 23 of the Supreme Court of the State
of New York, held in and for the County of
Nassau, at the Courthouse located at 100
Supreme Court Drive, Mineola, NY, on the 23rd
day of October, 2008.

PRESENT:

HONORABLE _Angela G. Iannacci_
Justice.

MOTION SEQUENCE # _01_
ORIGINAL RETURN DATE _____
RELIEF _OOTH_ _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

_A. G. IANNACCI_

---

AVI KOSCHITZKI, on Behalf of Himself and
all Others Similarly Situated,

    Plaintiff,

    v.

APPLE INC., and AT&T INC.,

    Defendants.

Index No. 08-017995

**ORDER TO SHOW CAUSE**

---

    Upon reading and filing the annexed Affirmation of Jamie A. Levitt, sworn to October

22, 2008, and upon all proceedings heretofore had herein, it is hereby:

    ORDERED that Plaintiff Avi Koschitzki or its attorneys show cause before this Court,

100 Supreme Court Drive, Mineola, New York 11501, Room ____, on ~~October~~ _November_ 5, 2008 at

_9:30_ a.m., or as soon thereafter as counsel may be heard, why an order should not be

ENTERED IN
COMPUTER
LT

ny-840725

made and entered extending the time within which Defendants Apple Inc. and AT&T, Inc.[1] may respond to the Complaint through December 3, 2008; and it is further

ORDERED that pending the hearing and determination of this motion, Plaintiff is precluded from seeking the entry of default against Defendants; and it is further

ORDERED that service of a copy of this Order to Show Cause, together with the papers upon which it was entered, on or before _October 24, 2008_, by facsimile to Stein Farkas & Schwartz LLP, attorneys for Plaintiff, shall be deemed good and sufficient service thereof; and it is further

ORDERED that answering papers, if any, shall be served by hand on attorneys for Defendant Apple Inc., Morrison & Foerster LLP, at their offices at 1290 Avenue of the Americas, New York, NY 10104-0050, and Defendant AT&T, Inc., Crowell & Moring LLP, at their offices at 153 East 53rd Street, 31st Floor, New York, NY 10022-4602, on or before the _24th_ day of _October_, 2008, at or before 5:00 p.m.; and it is further

~~ORDERED that reply papers, if any, shall be served by hand upon attorneys for Plaintiff on or before the ___ day of ___, 2008, at or before 5:00 p.m.~~

ENTER

_____
J.S.C.

---

[1] Pursuant to N.Y.C.P.L.R. 320 and 3211, nothing herein shall be deemed a waiver by AT&T, Inc. of its right to object to the Court's assertion of personal jurisdiction over it in this lawsuit, or an admission by AT&T, Inc. that it is a proper party to this lawsuit or that it consents to the Court's jurisdiction.

ny-840725

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| AVI KOSCHITZKI, on Behalf of Himself and all Others Similarly Situated, | Index No. 08-017995 |
| Plaintiff, | **AFFIRMATION OF JAMIE A. LEVITT IN SUPPORT OF DEFENDANTS' APPLICATION FOR AN ORDER TO SHOW CAUSE** |
| v. | |
| APPLE INC., and AT&T INC., | |
| Defendants. | |

JAMIE A. LEVITT, an attorney duly admitted to practice before this Court, pursuant to

CPLR 2106, affirms the truth of the following under penalty of perjury:

1.    I am a partner at Morrison and Foerster LLP, attorneys for Defendant Apple Inc.

I make this affirmation in support of Defendants Apple Inc.'s and AT&T, Inc.'s[1] application,

pursuant to CPLR § 3012(d), for a thirty-seven (37) day extension of time within which

Defendants may respond to the Complaint. If this application is granted, the due date for

Defendants' response to the Complaint would be December 3, 2008.

2.    As discussed below, Lynn E. Parseghian, counsel for AT&T, Inc., and I have

contacted Plaintiff's counsel regarding our request for an extension of time to respond to the

Complaint. Plaintiff's counsel indicated that they were agreeable to an extension of time, but

due to the Jewish holidays, the parties have been unable to finalize an agreement. Accordingly,

because Defendants do not believe that an agreement can be finalized prior to October 27, 2008,

---

[1] Pursuant to N.Y.C.P.L.R. 320 and 3211, nothing herein shall be deemed a waiver by AT&T, Inc. of its right to object to the Court's assertion of personal jurisdiction over it in this lawsuit, or an admission by AT&T, Inc. that it is a proper party to this lawsuit or that it consents to the Court's jurisdiction.

the current deadline for Defendants to file a response to the Complaint, Defendants are compelled to seek the Court's assistance.

3.     This is the first request for an extension which has been made on behalf of Defendants.

### Basis For The Requested Relief

4.     Plaintiff's Class Action Complaint seeks monetary damages allegedly arising out of harm allegedly caused by "Defendants' deceptive, improper or unlawful conduct in its design, marketing, manufacturing, distribution, and sale of Apple's iPhone 3g series of mobile phones." This is not an action brought pursuant to CPLR § 3213.

5.     Defendants were served with the complaint on October 6, 2008. Defendants' response to the Complaint is currently due on or before October 27, 2008.

6.     I left a message for Joshua Farkas at Stein Farkas & Schwartz, Plaintiff's counsel, on October 7, 2008 regarding Defendants' request for an extension of time to respond to the Complaint. Ms. Parseghian also called Mr. Farkas the week of October 13, 2008 and left a message asking him to return her call regarding a request for an extension of time to respond to the Complaint. On October 17, 2008, Shua Felbstein, another attorney at Stein Farkas & Schwartz LLP, returned Ms. Parseghian's call. Mr. Felbstein said that Plaintiff's counsel were agreeable to an extension of time for Defendants to respond to the Complaint. Mr. Felbstein, however, said that he would call Ms. Parseghian back after conferring with his colleagues on the issue she raised in that conversation about AT&T, Inc. not being the proper defendant entity in this lawsuit and substituting AT&T, Inc. with AT&T Mobility LLC as the defendant.

7.     Because Ms. Parseghian did not hear back from Mr. Felbstein, on October 21, 2008, Ms. Parseghian and I called Mr. Farkas. We reached his voicemail and his recorded

message stated that the office was closed for a holiday. We thus left a message for Mr. Farkas stating that in light of the timing, we would be filing an application for an extension of time to respond to the Complaint. We further advised that we would be stating in our papers that Plaintiff's counsel had been agreeable to an extension but, because of the holidays, the parties were unable to finalize the agreement.

8.    As of the date of this Affirmation, neither Ms. Parseghian nor I have heard back from Plaintiff's counsel.

9.    The additional time to respond to the Complaint is required so that Defendants can fully assess the allegations Plaintiff has raised and devise a strategy in response thereto.

10.    Defendants are requesting a thirty-seven (37) day extension of time so that the response to the Complaint would be due shortly after the Thanksgiving holiday.

11.    Defendants respectfully request that this Court grant its request for a 37-day adjournment of its time to respond to the Complaint. Additionally, Defendants respectfully request that, until such time as the instant application is heard and decided, Plaintiff be ordered not to seek entry of default against Defendants.

12.    There has been no prior application for the relief sought herein.

Jamie A. Levitt

OFFICE COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

AVI KOSCHITZKI, on Behalf of Himself and
all Others Similarly Situated,

        Plaintiff,

    v.

APPLE INC., and AT&T INC.,

        Defendants.

Index No. 08-017995

Hon. Angela G. Iannacci

**STIPULATION**

2008 OCT 27 PM 3: 06

---

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

counsel for all parties, that the last day for Defendants Apple Inc. and AT&T Inc.[1] to answer or

move with respect to the complaint is extended from Monday, October 27, 2008 to Monday,

November 24, 2008.

      IT IS FURTHER STIPULATED AND AGREED that the hearing scheduled for

Wednesday, November 5, 2008, at 9:30 AM, regarding the order to show cause for an extension

of Defendants' answering time is no longer necessary.

      IT IS FURTHER STIPULATED AND AGREED that no provision of this

Stipulation and Order shall be construed as a waiver of, and Defendants expressly reserve, any

and all defenses.

      This stipulation may be signed in counterparts and faxed signatures will be

deemed original signatures.

---

[1]    Pursuant to N.Y.C.P.L.R. 320 and 3211, nothing herein shall be deemed a waiver by
AT&T, Inc. of its right to object to the Court's assertion of personal jurisdiction over it in this
lawsuit, or an admission by AT&T, Inc. that it is a proper party to this lawsuit or that it consents
to the Court's jurisdiction.

Dated: New York, New York
     October 24, 2008


MORRISON & FOERSTER LLP

By: _____
   Jamie A. Levitt, Esq.
   1290 Avenue of the Americas
   New York, New York 10104
   (212) 468-8000


Attorneys for Defendant Apple Inc.


CROWELL & MORING LLP


By: _____
   Steven D. Greenblatt, Esq.
   153 East 53rd Street
   31st Floor
   New York, New York 10022
   212-223-4000


Attorneys for Defendant AT&T Inc.


STEIN FARKAS & SCHWARTZ LLP

By: _____
   Joshua Farkas, Esq.
   1639 East 13th Street
   Brooklyn, New York 11229
   (718) 645-5600

Attorneys for Plaintiffs

Dated: New York, New York
October 24, 2008


MORRISON & FOERSTER LLP                    STEIN FARKAS & SCHWARTZ LLP


By:_____          By:_____
   Jamie A. Levitt, Esq.                Joshua Farkas, Esq.
   1290 Avenue of the Americas          1639 East 13th Street
   New York, New York 10104             Brooklyn, New York 11229
   (212) 468-8000                       (718) 645-5600


   Attorneys for Defendant Apple Inc.    Attorneys for Plaintiffs


CROWELL & MORING LLP


By:_____
   Steven D. Greenblatt, Esq.
   153 East 53rd Street
   31st Floor
   New York, New York 10022
   212-223-4000


   Attorneys for Defendant AT&T Inc.

Dated: New York, New York
October 24, 2008

MORRISON & FOERSTER LLP

STEIN FARKAS & SCHWARTZ LLP

By:_____
    Jamie A. Levitt, Esq.
    1290 Avenue of the Americas
    New York, New York 10104
    (212) 468-8000

By:_____
    Joshua Farkas, Esq.
    1639 East 13th Street
    Brooklyn, New York 11229
    (718) 645-5600

    Attorneys for Defendant Apple Inc.

    Attorneys for Plaintiffs

CROWELL & MORING LLP

By: _Steven D. Greenblatt/JEP_
    Steven D. Greenblatt, Esq.
    153 East 53rd Street
    31st Floor
    New York, New York 10022
    212-223-4000

By:_____
    Lynn B. Parseghian, Esq.
    1001 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    202-624-2500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------- x

AVI KOSCHITZKI, on Behalf of Himself and
all Others similarly situated,

               Plaintiff,

        -against-

APPLE INC. and AT&T INC.,

            Defendant.

------------------------------------------------------------- x

Index No. 08-017995

**CLASS ACTION**

**DEFENDANT APPLE INC.'S
NOTICE OF FILING OF
NOTICE OF REMOVAL**

TO PLAINTIFF, HIS COUNSEL OF RECORD, AND THE CLERK OF THE STATE OF NEW

YORK, COUNTY OF NASSAU:

      PLEASE TAKE NOTICE that the undersigned has filed a Notice of Removal of this

action in the United States District Court for the Eastern District of New York. A true and

correct copy of said Notice of Removal (without exhibits) is attached hereto as Exhibit A and is

served and filed herewith. Accordingly, pursuant to 28 U.S.C. § 1446(d), this action is removed

to the United States District Court for the Eastern District of New York, and this Court shall

proceed no further with this action unless and until the case is remanded.

Dated: New York, New York
November 4, 2008

MORRISON & FOERSTER LLP

By: _[signature]_

Jamie A. Levitt (jlevitt@mofo.com)
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000

Attorneys for Defendant
Apple Inc.

2