UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AVI KOSCHITZKI, on Behalf of Himself and all Others Similarly Situated

                      Plaintiff,

-against-

APPLE INC. and AT&T MOBILITY LLC,

                      Defendants.

**Civil Action No. 08 Civ. 4451 (JBW) (VVP)**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO STRIKE

sf-2608032

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, respectfully moves the Court for an order striking the prayer for relief in Plaintiff's Amended Class Action Complaint ("Amended Complaint") demanding minimum and punitive damages under section 349 of the New York General Business Law ("GBL"). Such damages are not available here as a matter of law.

## STATEMENT OF RELEVANT FACTS

Plaintiff purports to bring this lawsuit as a class action on behalf of all New York State residents who purchased an Apple iPhone 3G. (Amended Complaint ("AC") at ¶ 40.) Plaintiff alleges that he and other iPhone 3G buyers have experienced problems with the 3G bandwidth. (*Id*. at ¶ 2.) He also claims that the housing of the iPhone cracks. (*Id*. at ¶ 3.) Plaintiff claims, *inter alia*, that Apple violated section 349 of the GBL and demands an award of "statutory, compensatory and punitive damages" for that alleged violation. (*Id*. at 21.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to have stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *See e.g., Questrom v. Federated Dep't Stores, Inc.*, 41 F. Supp. 2d 294 (S.D.N.Y. 1999), *aff'd*, 242 F.3d 367 (2d Cir. 2001) (granting defendant's motion to strike portions of plaintiff's prayer for relief).

## ARGUMENT

**PLAINTIFF'S SECTION 349 DEMAND FOR MINIMUM AND PUNITIVE DAMAGES CANNOT LIE IN A PUTATIVE CLASS ACTION.**

Section 349 of the GBL declares unlawful any "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . . in this state." N.Y. GEN. BUS. LAW § 349(a).

Section 349 permits a plaintiff to recover actual damages or $50, whichever is greater. N.Y. GEN. BUS. LAW § 349(h). In addition, for willful or knowing violations, the court in its discretion may "increase the award of damages to an amount not to exceed three times the actual damages up to $1,000." *Id*.

An award of minimum or treble damages for a section 349 violation are not available, however, to class action plaintiffs. Section 901(b) of New York's Civil Practice Law and Rules expressly bars class actions under statutes that impose a penalty or a minimum measure of relief. N.Y. C.P.L.R. 901(b) ("an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action"). In the GBL context, courts have held that this means that a class action alleging violations of section 349 may lie for recovery of actual damages and injunctive relief, but not punitive or minimum damages. *See Alicea v. Circuit City Stores, Inc.*, No. 07 CIV. 6123DC, 2008 WL 170388, * 1 (S.D.N.Y. Jan. 22, 2008) (a plaintiff bringing a class claim under GBL § 349 is precluded from seeking treble damages); *Ridge Meadows Homeowners' Ass'n v. Tara Dev. Co.,* 665 N.Y.S.2d 361, 361 (N.Y. App. Div. 4th Dep't 1997) ("plaintiffs are barred by CPLR 901(b) from maintaining a class action for the minimum and treble damages imposed by section 349(h) of the General Business Law"). A class member who wishes to pursue his or her statutory right to treble damages under the statute must opt out of the class and bring an individual action. *Super Glue Corp. v. Avis Rent A Car System, Inc.*, 517 N.Y.S.2d 764, 767 (N.Y. App. Div. 2d Dept' 1987).

Here, Plaintiff's lawsuit is a putative class action that alleges, *inter alia*, that Apple violated section 349 of the General Business Law. Plaintiff seeks an order "awarding statutory, compensatory, and punitive damages" for Apple's alleged GBL violation. (AC at 21.) However,

minimum and treble damages simply are unavailable here as a matter of law. Plaintiff's demand for such damages should be stricken.

## **CONCLUSION**

For the reasons set forth above, Apple respectfully requests that the Court strike Plaintiff's demand for punitive damages pursuant to section 349 of the GBL.

Dated: New York, New York
November 24, 2008

MORRISON & FOERSTER LLP

/s/ Jamie A. Levitt
Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104-0012
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
JLevitt@mofo.com

*Attorneys for Defendant*
APPLE INC.