UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AVI KOSCHITZKI, On Behalf Of Himself
and all Others Similarly Situated,

               Plaintiff,

    v.

APPLE, INC. and AT&T MOBILITY INC.

               Defendants.

Civil Action No. 08 Civ. 4451 (JBW) (VVP)

---

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT APPLE INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION
COMPLAINT</u>**

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. iii

I. INTRODUCTION ................................................................................. 1

II. RELEVANT BACKGROUND ............................................................. 3

III. LEGAL STANDARD ........................................................................... 4

IV. ARGUMENT ........................................................................................ 5

    A. The New York Commercial Code's Notice Provisions Require Dismissal of Plaintiffs' Express and Implied Warranty Claims. ............................................ 5

        1. The Notice Provisions of the New York Commercial Code Required Plaintiff to Notify Apple of the Alleged Defects and Provide Apple with an Opportunity to Cure. ................................. 5

        2. Apple's Limited Warranty Permitted Plaintiff to Seek Repair or Replacement of His iPhone or a Refund the Purchase Price Under Warranty. ............................ 7

    B. Plaintiff Never Alleges That He Saw or Relied Upon Apple's Statements That Allegedly Created Express Warranties. ......................................................... 9

    C. Plaintiff's Implied Warranty Allegations Cannot Satisfy the "Particular Purpose" Requirements. ............................. 10

    D. Plaintiff's Claim for Negligent Misrepresentation Fails as a Matter of Law. ................................................................ 12

        1. To State a Claim for Negligent Misrepresentation, New York Law Requires a Special Relationship. .................... 12

        2. New York's Economic Loss Doctrine Bars Negligent Misrepresentation. ................................................. 13

E.     Intentional and Negligent Misrepresentation Claims
       Must Meet the Specificity Requirements of Federal
       Rule of Civil Procedure 9(b). ............................................................ 15

F.     Plaintiff Never Alleges He Actually Saw Apple's
       Advertisements and Therefore Cannot Establish the
       Necessary Causation for New York's General
       Business Law § 349. ...................................................................... 16

G.     Quasi-contractual Remedies, Such as Unjust
       Enrichment and Restitution, Are Not Available Due
       to Plaintiff's Contractual Remedies Pursuant to
       Apple's Express Written Warranty. ................................................. 17

       1.     Unjust Enrichment Is Unavailable as a Matter of
              Law. ........................................................................................ 17

       2.     Restitution is Quasi-contractual and Therefore
              Similarly Unavailable as a Matter of Law. .............................. 19

H.     Plaintiff May Not Maintain a Claim for Breach of
       Contract Against Apple. .................................................................. 20

       1.     Breach of Contract Cannot Be Sufficiently Alleged
              Without Either Attaching the Contract or Pleading
              Its Terms in Their Entirety and Plaintiff Does
              Neither. ................................................................................... 20

       2.     Apple Is Not A Party to the Alleged Contract. ........................ 20

V.     CONCLUSION ........................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*,
  404 F.3d 566 (2d Cir. 2005) ............................................................... 15

*Andres v. LeRoy Adventures*,
  607 N.Y.S.2d 261 (N.Y. App. Div. 1st Dep't 1994) .......................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................. 5

*Bologna v. Allstate Ins. Co.*,
  138 F. Supp. 2d 310 (E.D.N.Y. 2001) ................................................. 9

*Brady v. Lynes*,
  No. 05 Civ. 6540 (DAB), 2008 U.S. Dist. LEXIS 43512 (S.D.N.Y. May
  31, 2008) ............................................................................................... 9

*Busino v. Meachem*,
  704 N.Y.S.2d 690 (N.Y. App. Div. 3d Dep't 2000) ......................... 12

*Chrysler Capital Corp. v. Hilltop Egg Farms Inc.*,
  514 N.Y.S.2d 1002 (N.Y. App. Div. 3d Dep't 1987) ....................... 20

*City of New York v. Coastal Oil New York, Inc.*,
  No. 96 CIV. 8667 (RPP), 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998) ................ 19

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
  70 N.Y. 2d 382 (1987) .................................................................. 18, 19

*Copeland v. Weyerhaeuser Co.*,
  509 N.Y.S.2d 227 (N.Y. App. Div. 4th Dep't 1986) .......................... 7

*Cox v. NAP Constr. Co., Inc.*,
  10 N.Y.3d 592 (2008), *rev'd sub nom. Araujo v. Tiano's Constr. Corp.*,
  834 N.Y.S.2d 660 (N.Y. App. Div. 1st Dep't 2007) ........................ 18

*Daley v. McNeil Consumer Prods. Co.*,
  164 F. Supp. 2d 367 (S.D.N.Y. 2001) ................................................. 9

*Dallas Aerospace, Inc. v. CIS Air Corp.*,
   352 F.3d 775 (2d Cir. 2003) .................................................................. 13

*EBC I, Inc. v. Goldman Sachs & Co.*,
   5 N.Y.3d 11 (2005) ................................................................................ 18

*Fagan v. AmerisourceBergen Corp.*,
   356 F. Supp. 2d 198 (E.D.N.Y. 2004) .................................................. 9

*Field v. Trump*,
   850 F.2d 938 (2d Cir. N.Y. 1988) ........................................................ 7

*Fleet Bank v. Pine Knoll Corp.*,
   736 N.Y.S.2d 737 (N.Y. App. Div. 3d Dep't 2002) ........................... 13

*Fresh Direct, LLC v. Blue Martini Software, Inc.*,
   776 N.Y.S.2d 301 (N.Y. App. Div. 2d Dep't 2004) ........................... 12

*Gale v. IBM*,
   781 N.Y.S.2d 45 (N.Y. App. Div. 2d Dep't 2004) ............................. 17

*Gambello v. Time Warner Communs., Inc.*,
   186 F. Supp. 2d 209 (E.D.N.Y. 2002) .................................................. 15

*Harsco Corp. v. Segui*,
   91 F.3d 337 (2d Cir. 1996) .................................................................. 20

*Held v. Kaufman*,
   91 N.Y.2d 425 (N.Y. 1998) .................................................................. 15

*Hole v. General Motors Corp.*,
   442 N.Y.S.2d 638 (N.Y. App. Div. 3d Dep't 1981) ............................. 8

*Hubbard v. Gen'l Motors Corp.*,
   No. 95 Civ. 4362 (AGS), 1996 U.S. Dist. LEXIS 6974 (S.D.N.Y. May 22,
   1996) .................................................................................................. 5, 6

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
   227 F.3d 8 (2d Cir. 2000), *aff'd*, 2008 U.S. Dist. LEXIS 90510 (N.D.N.Y.
   Nov. 6, 2008) ...................................................................................... 14

*In re Gartenberg*,
   636 F.2d 16 (2d Cir. 1980) .................................................................. 19

*Iqbal v. Hasty*,
490 F.3d 143 (2d Cir. 2007) ................................................................ 5

*J.C. Constr. Mgmt. Corp. v. Nassau-Suffolk Lumber & Supply Corp.*,
789 N.Y.S.2d 903 (N.Y. App. Div. 2d Dep't 2005) .......................... 9, 10

*Jesmer v. Retail Magic, Inc.*,
863 N.Y.S.2d 737 (N.Y. App. Div. 2d Dep't 2008) ............................ 21

*JP Morgan Chase Bank v. Winnick*,
350 F. Supp. 2d 393 (S.D.N.Y. 2004) ................................................ 13

*Kaur v. Guida*,
2008 N.Y. Slip Op. 51952U (N.Y. Dist. Ct. Sept. 29, 2008) .............. 19

*Kimmell v. Schaefer*,
89 N.Y.2d 257 (1996) ........................................................................ 12

*L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau
County, Inc.*,
558 F. Supp. 2d 378 (E.D.N.Y. 2008) ................................................ 18

*Leonard v. Tollycraft Corp.*,
No. 88-CV-5809, 1989 WL 1128247 (S.D.N.Y. Oct. 19, 1989) ............ 8

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
No. 07 Civ. 978 (SAS), 2007 U.S. Dist. LEXIS 49641 (S.D.N.Y. July 9,
2007) ............................................................................................ 13, 14

*Mastrangelo v. Howmedica*,
903 F. Supp. 439 (E.D.N.Y. 1995) .................................................... 11

*Murin v. Ford Motor Co.*,
756 N.Y.S.2d 596 (N.Y. App. Div. 2d Dep't 2003) ........................... 10

*Neitzke v. Williams*,
490 U.S. 319 (1989) ............................................................................ 4

*Neri v. R.J. Reynolds Tobacco Co.*,
No. 98-CV-371 ................................................................................... 5

*Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*,
    597 N.Y.S.2d 884 (N.Y. Sup. Ct. 1993), *aff'd*, 607 N.Y.S.2d 808 (N.Y.
    App. Div. 4th Dep't 1994) ................................................................ 14

*Pronti v. DML of Elmira, Inc.*,
    478 N.Y.S.2d 156 (N.Y. App. Div. 3d Dep't 1984) ............................. 8

*Regina Co. v. Gatley Furniture Co.*,
    157 N.Y.S. 746 (N.Y. App. Div. 1916) .............................................. 8

*Schneidman v. Whitaker Co.*,
    758 N.Y.S.2d 142 (N.Y. App. Div. 2d Dep't 2003) ........................... 10

*Sperry v. Crompton Corp.*,
    8 N.Y. 3d 204 (2007) ....................................................................... 19

*Strojmaterialintorg v. Russian Am. Commercial Corp.*,
    815 F. Supp. 103 (E.D.N.Y. 1993) .................................................... 18

*Town of Hooksett School Dist. v. W.R. Grace & Co.*,
    617 F. Supp. 126 (D.N.H. 1984) ........................................................ 6

*Uchitel v. F. R. Tripler & Co.*,
    434 N.Y.S.2d 77 (N.Y. App. Term. 1980) .......................................... 7

*United States Leasing Corp. v. Comerald Assoc., Inc.*,
    421 N.Y.S.2d 1003 (N.Y. Civ. Ct. 1979) .......................................... 11

**STATUTES**

New York Commercial Code § 2-315 .......................................... 10, 11

New York Commercial Code § 2-607 ............................................. 5, 6

New York General Business Law § 349 ...................................... 2, 4, 16

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ...................................... 1, 2, 15, 16

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1, 4, 5

N.Y. Jur. 2d Contracts § 594 ............................................................................. 18

Defendant Apple Inc. ("Apple"), through its undersigned counsel, respectfully moves the Court for an order pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure dismissing with prejudice the Amended Class Action Complaint ("Complaint") filed by Plaintiff Avi Koschitzki ("Plaintiff"). Each of Plaintiff's causes of action is fatally and incurably flawed in multiple respects, and thus must be dismissed.

## I. INTRODUCTION

The iPhone 3G is manufactured by Apple. Plaintiff bought an iPhone 3G and also contracted with AT&T for cellular phone service. The factual gravamen of Plaintiff's Amended Complaint is that his iPhone 3G was advertised to be "twice as fast" as was advertised and has cosmetic, "hairline" cracks in the plastic back plate. Accordingly, Plaintiff alleges a scattershot of eight legal theories under New York law, none of which withstand scrutiny under Rules 12(b)(6) and 9(b).

Two critical omissions are fatal to the Amended Complaint. First, a fundamental condition precedent to warranty claims is not pled: notice and an opportunity to cure. The New York Commercial Code imposes a notice requirement to permit Apple an opportunity to cure before Plaintiff may file an action for breach of express or implied warranties. The reason for this rule is simple: Apple could have resolved Plaintiff's warranty claims by repairing or replacing his iPhone. The express terms of Apple's One (1) Year Limited Warranty, as well as New York law, so provide. Plaintiff fails to allege that he gave the required notice. In a related and

virtually identical action, the United States District Court for the Northern District of Alabama held on November 4, 2008, that failure to plead compliance with the parallel notice provision of the Alabama Commercial Code required dismissal with prejudice of the plaintiffs' express and implied warranty claims. The existence of Apple's written warranty is similarly fatal to the quasi-contractual remedies of unjust enrichment and restitution.

Second, Plaintiff's Amended Complaint omits any allegation that he personally saw or relied upon Apple's allegedly misleading advertisements. These omissions defeat Plaintiff's claims for breach of express warranty and violation of New York General Business Law § 349, because reliance is required for breach of an express warranty and causation is required for a violation of § 349.

Plaintiff's affirmative allegations are similarly deficient. Intentional and negligent misrepresentation must be pled with particularity under the heightened pleading standards of Rule 9(b). Plaintiff's cursory allegations do not meet that standard. Plaintiff fails to pleads the specific facts required to elevate advertising statements to the status of express warranties. Such specific facts must be pled so that the defendant can determine the defenses (such as puffery) that are applicable. For the foregoing reasons and those set forth in detail below, Plaintiff's Amended Complaint must be dismissed.

## II.     RELEVANT BACKGROUND

Apple's iPhone combines three products into one handheld device — a mobile phone, an iPod music player, and an Internet communications device with e-mail, web browsing, searching, and maps.  AT&T is the cellular network carrier for the iPhone 3G.  Apple and AT&T both sell Apple's iPhone through their respective retail stores.  (Plaintiff's Amended Class Action Complaint ("AC") ¶¶ 8, 17.)  Every iPhone 3G is covered by Apple's One (1) Year Limited Warranty, which comes in the box.

The original iPhone went on sale in the United States on June 29, 2007.  The original iPhone model relied upon AT&T's "second generation" (2.75G) network and a data protocol known as EDGE.  A year later, on July 11, 2008, Apple launched a new version of the iPhone – the iPhone 3G – to replace the original iPhone.  (AC ¶ 14.)  As the name implies, the iPhone 3G differs from the original iPhone with respect to the iPhone 3G's additional 3G network capabilities.  The 3G, or "third generation," network is a technological advancement over the previous iPhone's EDGE protocol.  The iPhone 3G is simultaneously supported by both the 3G network and the "second generation" EDGE network, which serves as a back-up network in the event a 3G network connection cannot be made with the user's iPhone.

Plaintiff Avi Koschitzki alleges he purchased an iPhone 3G in Summer 2008 when he also signed a Service Plan with AT&T.  (AC ¶ 31.)  Plaintiff purports to bring suit on behalf of a class of New York State iPhone 3G purchasers.  (AC ¶ 40.)

Plaintiff's Amended Complaint is predicated on the theory that, although Apple advertised the iPhone 3G as "twice as fast" as the original iPhone, Plaintiff "was consistently . . . bumped off the 3G network to the slower EDGE network" and that he has experienced other performance issues. (AC ¶¶ 15, 23, 32.) Plaintiff further alleges that iPhone 3G purchasers reported "the formation of hairline cracks in the iPhone's housing." (AC ¶ 28.) Plaintiff does not allege that he notified Apple or AT&T of the alleged problems he experienced, or otherwise attempted to obtain a repair, replacement, or refund under warranty. Instead, Plaintiff alleges that Defendants, "upon information and belief," "knew or should have known" that the 3G network would not "function properly" and that "the housing was too weak to hold up to normal or regular use." (AC ¶¶ 25, 29.)

Based on this alleged conduct, Plaintiff asserts eight separate causes of action: (1) breach of express warranty; (2) breach of implied warranty of fitness of purpose; (3) unjust enrichment; (4) negligent misrepresentation; (5) intentional misrepresentation; (6) violation of Section 349 of the New York General Business Law; (7) restitution; and (8) breach of contract. (AC ¶¶ 48-98.) As set forth below, each of Plaintiff's causes of action should be dismissed for failure to state a claim upon which relief can be granted.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *See Neitzke v. Williams*, 490 U.S. 319, 326

(1989).  Further, Rule 12(b)(6) authorizes dismissal where a plaintiff cannot show

"any set of facts consistent with the allegations in the complaint."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).  A pleader is obligated to

"amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claim plausible."  *Iqbal v. Hasty*, 490 F.3d 143,

157-58 (2d Cir. 2007).

## IV.    ARGUMENT

### A.    The New York Commercial Code's Notice Provisions Require Dismissal of Plaintiffs' Express and Implied Warranty Claims.

#### 1.    The Notice Provisions of the New York Commercial Code Required Plaintiff to Notify Apple of the Alleged Defects and Provide Apple with an Opportunity to Cure.

New York Commercial Code § 2-607 contains a clear mandate for warranty

claims:  "[T]he buyer must within a reasonable time after he discovers or should have

discovered any breach ***notify the seller of breach or be barred from any remedy*** . . ."

N.Y. U.C.C. § 2-607(3)(a) (emphasis added).  "Section 2-607(3) of the New York

Uniform Commercial Code provides that to maintain a claim for breach of warranty,

a buyer must notify the seller of the breach within a reasonable time after he

discovered or should have discovered the breach.  Otherwise, the buyer will be barred

from remedy."  *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-CV-371 (FJS/GJD),

2000 U.S. Dist. LEXIS 22223, at *66 (N.D.N.Y. Sept. 28, 2000); *Hubbard v. Gen'l*

*Motors Corp.*, No. 95 Civ. 4362 (AGS), 1996 U.S. Dist. LEXIS 6974, at *13

(S.D.N.Y. May 22, 1996) ("[N]otice is a requirement under New York law for a

breach of warranty claim . . . ." ).  Notice must be "sufficient to let the seller know of

the nature of the defect."  *Id.* (quoting *Hyde v. Gen'l Motors Corp.*, No. 21306/80,

1981 WL 11468, at *2 (N.Y. Sup. Oct. 16, 1981).  Although the "sufficiency and

timeliness of notice of a breach of warranty [i]s a question of fact to be determined by

the jury," where the complaint contains *no* allegation of notice of the alleged defect,

dismissal of express and implied warranty claims is proper under Section 2-607.  *See,*

*e.g., Hubbard*, 1996 US DIST LEXIS 6974, at *14 (dismissing breach of express and

implied warranty claims under 2-607 where no allegation of notice).

Dismissal is also consistent with the policy considerations underlying Section

2-607.  "Three policy considerations underlie the requirement of notice before filing a

breach of warranty action": (1) notice will "enable the seller to make adjustments or

replacements or to . . . cure" the defect; (2) notice will "afford the seller an

opportunity to arm himself for negotiation and litigation"; and (3) notice, like the

statute of limitations, allows the seller to "close his books on goods sold in the past

and to pass on to other things."  *Town of Hooksett School Dist. v. W.R. Grace & Co.*,

617 F. Supp. 126, 131-32 (D.N.H. 1984) (quoting J. White & R. Summers, *Uniform*

*Commercial Code* § 11-9, p. 344 (2d ed. 1972)).  By failing to give notice, Plaintiff

deprived Apple of each of these rights.  In particular, Apple was not given the

opportunity to repair or replace the iPhone as provided for by statute and in its

express warranty, and thereby to resolve Plaintiff's claims.

### 2.  Apple's Limited Warranty Permitted Plaintiff to Seek Repair or Replacement of His iPhone or a Refund the Purchase Price Under Warranty.

Apple warrants the iPhone 3G against defects for one year under its One (1) Year Limited Warranty.[1]  Apple's warranty expressly provides for repair or replacement of the iPhone 3G, or refund of the purchase price, when a purchaser presents a valid warranty claim:  "If a hardware defect arises and a valid claim is received within the Warranty Period, at its option and to the extent permitted by law, Apple will either (1) repair the hardware defect at no charge... (2) exchange the product . . ., or (3) refund the purchase price of the product."  (Ex. A, at 1.)[2]  Failure to make a valid claim within the warranty period for an alleged defect is fatal to a breach of warranty claim.  *See Uchitel v. F. R. Tripler & Co.*, 434 N.Y.S.2d 77, 81 (N.Y. App. Term. 1980) ("[W]here a buyer unreasonably refuses to permit a seller to exercise his right to cure, no breach of warranty action premised on the defect sought

---

[1] A true and correct copy of Apple's One (1) Year Limited Warranty is attached as Exhibit A to the Declaration of Jamie Levitt ("Levitt Declaration"), filed concurrently herewith.  Documents not attached to the pleadings may be properly considered on a motion to dismiss where they are integral to a plaintiff's claims.  *See Field v. Trump*, 850 F.2d 938, 949 (2d Cir. N.Y. 1988).  Plaintiff alleges Apple breached express and implied warranties but does not attach Apple's One (1) Year Limited Warranty.  Failure to do so is yet another ground for dismissal of the express warranty claim.  *See Copeland v. Weyerhaeuser Co.*, 509 N.Y.S.2d 227 (N.Y. App. Div. 4th Dep't 1986) (A "proposed cause of action for breach of express warranty is insufficient because of failure to set forth the terms of the warranty.").

[2] Although Plaintiff does not allege the precise date on which he purchased his iPhone 3G, it is undisputedly under warranty.  The iPhone 3G was introduced on July 11, 2008, making the earliest date of expiration of the warranty period July 2009.

to be cured may be maintained."); *Regina Co. v. Gatley Furniture Co.*, 157 N.Y.S. 746, 749 (N.Y. App. Div. 1916) ("[T]he buyer takes this additional right to the survival of a warranty, expressed or implied, upon the condition that he shall give notice of a breach of the warranty within a reasonable time. Such notice is, therefore, a condition precedent, and this he is obliged to plead.").

In a related case involving allegations regarding the iPhone 3G that are essentially identical to those in the present case, the United States District Court for the Northern District of Alabama dismissed express and implied warranty claims with prejudice for failure to plead compliance with the parallel provision of the Alabama Commercial Code.[3]  The Court held that "[p]laintiffs did not afford Apple statutorily guaranteed opportunities" to cure the alleged defects and that "[t]he purposes of the notice requirement would be ill-served in this instance if plaintiffs are excused." (Ex. B, at 4.)  The same result obtains under the verbatim New York Commercial Code section.  *See, e.g., Leonard v. Tollycraft Corp.*, No. 88-CV-5809, 1989 WL 1128247, at *6-7 (S.D.N.Y. Oct. 19, 1989); *Pronti v. DML of Elmira, Inc.*, 478 N.Y.S.2d 156 (N.Y. App. Div. 3d Dep't 1984); *Hole v. General Motors Corp.*, 442 N.Y.S.2d 638, 640 (N.Y. App. Div. 3d Dep't 1981) (affirming summary judgment because plaintiff never presented defendants with an "opportunity to comply with the

_____

[3] True and correct copies of the Amended Complaint and Senior District Court Judge William Acker's Memorandum Opinion in *Smith, et. al. v. Apple Inc.* are attached to the Levitt Declaration as Exhibit B.

express warranty, [and plaintiff] cannot now be heard to claim its breach").

Plaintiff's express and implied warranty claims should be dismissed in light of

Plaintiff's failure to give Apple the legally-mandated notice and opportunity to repair

or replace his iPhone 3G under warranty.

### B. Plaintiff Never Alleges That He Saw or Relied Upon Apple's Statements That Allegedly Created Express Warranties.

Plaintiff alleges that Apple represented in writing that the "iPhone 3G would

be twice as fast as prior model," which allegedly "constituted an express warranty."

(AC ¶ 49.)[4]  But conspicuously missing is any allegation that Plaintiff himself saw

and relied upon Apple's representation prior to purchasing his iPhone 3G.  "A cause

of action to recover damages for breach of an express warranty requires proof of

reliance."  *J.C. Constr. Mgmt. Corp. v. Nassau-Suffolk Lumber & Supply Corp.*,

789 N.Y.S.2d 903, 903 (N.Y. App. Div. 2d Dep't 2005) (citing *Gale v. IBM*,

---

[4] Plaintiff also alleges that iPhone 3G users experience hairline cracks in the housing and that Apple "made express warranties concerning the quality" of the iPhone 3G. (AC ¶ 27.)  Those allegations are too vague to put Apple on notice of any of the alleged statements that rise to the level of express warranties.  *See Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 216 (E.D.N.Y. 2004) (dismissing plaintiff's breach of express warranty claims for failure "to set forth any such specific factual references to any oral or written warranty made by any of the defendants"); *see also Brady v. Lynes*, No. 05 Civ. 6540 (DAB), 2008 U.S. Dist. LEXIS 43512 (S.D.N.Y. May 31, 2008).  The precise statements alleged to be express warranties could be advertising puffery, which are not actionable statements under New York law.  *See Daley v. McNeil Consumer Prods. Co.*, 164 F. Supp. 2d 367, 376 (S.D.N.Y. 2001) ("In order for an express warranty to exist, there must be an affirmation of fact or promise by the seller, the natural tendency of which is to induce the buyer to purchase… . Such an affirmation of fact must be distinguished from puffery, which is not actionable."); *see also, e.g., Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 323 (E.D.N.Y. 2001).

---

781 N.Y.S.2d 45 (N.Y. App. Div. 2d Dep't 2004); *Strishak & Assocs. v. Hewlett Packard. Co.*, 752 N.Y.S.2d 400 (N.Y. App. Div. 2d Dep't 2002)). Because reliance is a necessary element of a breach of express warranty claim, Plaintiff's express warranty cause of action must be dismissed. *See, e.g., J.C. Constr. Mgmt. Corp.*, 789 N.Y.S.2d at 903 (plaintiff failed to establish "that he relied on the oral and written express warranties of the defendant in purchasing the specific brand of wood for use in building his outdoor deck"); *Schneidman v. Whitaker Co.*, 758 N.Y.S.2d 142, 143 (N.Y. App. Div. 2d Dep't 2003) (upholding dismissal of breach of express warranty claim because plaintiff failed to "come forward with any evidence that the defendant made any specific statement of fact or promise which induced her to obtain the chair lift or that she relied upon any such affirmation of fact or promise"); *Murin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (N.Y. App. Div. 2d Dep't 2003) (dismissing claim for breach of express warranty where plaintiff failed to allege he was aware of advertisements prior to purchase).

> **C.     Plaintiff's Implied Warranty Allegations Cannot Satisfy the "Particular Purpose" Requirements.**

An implied warranty of fitness for a particular purpose requires that the goods be for a specific, particular purpose other than their ordinary use. N.Y. U.C.C. § 2-315. "A 'particular purpose' differs from the ordinary purpose . . . in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of

merchantability and go to uses which are customarily made of the goods in question."

Comment 2, N.Y. U.C.C. § 2-315; *Mastrangelo v. Howmedica*, 903 F. Supp. 439, 443

n.1 (E.D.N.Y. 1995) ("Mastrangelo purports to state a claim under Section 2-315 for

breach of the implied warranty for fitness for a particular purpose. At a minimum, a

claim of this nature must allege that the buyer purchased the accused goods for a

'particular purpose' as opposed to their 'ordinary purpose.'").

Plaintiff fails to specify any particular purpose for which he purchased his

iPhone 3G, much less one beyond its ordinary use. Plaintiff's sole allegation in this

regard is that Apple's "iPhones were not fit for the particular purpose for which they

were sought, purchased and required in that it did not have the features, quality or

durability represented by Apple." (AC ¶ 58.)[5] This is not an allegation of any

particular purpose other than the ordinary use of a cellphone. *See, e.g., Mastrangelo*,

903 F. Supp. at 443 (granting summary judgment on all claims and noting that

plaintiff failed to state a claim for breach of implied warranty of fitness for a

particular purpose where plaintiff failed to identify non-ordinary use); *United States*

*Leasing Corp. v. Comerald Assoc., Inc.*, 421 N.Y.S.2d 1003, 1005 (N.Y. Civ. Ct.

1979) (holding that defendant lessee could not assert breach of implied warranty for a

---

[5] The Amended Complaint also alleges Plaintiff relied upon Apple to manufacture
and furnish a suitable "digital camera." (AC ¶ 56.) Apple assumes for the purposes
of this motion that the reference is vestigial from reuse of a previous pleading from
another case regarding digital cameras and that Plaintiff does not actually allege the
iPhone 3G's particular purpose is to serve as a digital camera.

particular purpose where no evidence showed that a copier was used for anything other than ordinary office purposes).

### D. Plaintiff's Claim for Negligent Misrepresentation Fails as a Matter of Law.

#### 1. To State a Claim for Negligent Misrepresentation, New York Law Requires a Special Relationship.

"[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996). "The existence of a special relationship" outside the context of professionals is generally governed by the weighing of three factors: "whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *Id.* at 264; *Fresh Direct, LLC v. Blue Martini Software, Inc.*, 776 N.Y.S.2d 301, 302-03 (N.Y. App. Div. 2d Dep't 2004).

New York courts have routinely held that a special relationship requires a closer degree of trust than an ordinary business relationship. *See Busino v. Meachem*, 704 N.Y.S.2d 690, 693 (N.Y. App. Div. 3d Dep't 2000). A simple arm's length business relationship is not enough. *Andres v. LeRoy Adventures*, 607 N.Y.S.2d 261 (N.Y. App. Div. 1st Dep't 1994). "A special relationship may be brought about by

'either privity of contract between the parties or a relationship so close as to approach that of privity.'" *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 400-01 (S.D.N.Y. 2004) (quotation omitted). But even where a contractual relationship exists, negligent misrepresentation requires the violation of a legal duty *independent* of the duties created by the contract. *See Fleet Bank v. Pine Knoll Corp.*, 736 N.Y.S.2d 737, 741 (N.Y. App. Div. 3d Dep't 2002). As a result, as a matter of law, the conventional consumer relationship between Plaintiff and Apple does not qualify as a "special relationship." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003) ("[T]he law of negligent misrepresentation requires a closer degree of trust between the parties than that of the ordinary buyer and seller in order to find reliance on such statements justified."); *see also, e.g., Tuosto v. Philip Morris USA Inc.*, 05 Civ. 9384 (PKL), 2007 U.S. Dist. LEXIS 61669, at *45 (S.D.N.Y. Aug. 21, 2007). Therefore, Plaintiff's negligent misrepresentation claim must be dismissed.

      **2.**      **New York's Economic Loss Doctrine Bars Negligent Misrepresentation.**

A "second, distinct barrier" to the negligent misrepresentation claim is that Plaintiff seeks to recover for purely economic loss. *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, No. 07 Civ. 978 (SAS), 2007 U.S. Dist. LEXIS 49641 at *35 (S.D.N.Y. July 9, 2007). Plaintiff may not do so where he has a remedy in contract.

"New York courts have attempted to keep 'contract law from drown [ing] in a sea of tort' by erecting various 'dikes,' which serve to bar actions in tort when an action in contract is available. One such dike is the economic loss rule." *Id.* at 34 (internal quotations omitted). "Viewing the purpose of the law of contract to be 'the [facilitation] of voluntary economic exchange,' New York courts restrict plaintiffs who have suffered economic loss, but not personal or property injury, to an action for the benefits of their bargains. Thus, '[i]f the damages suffered are of the type remedial in contract, a plaintiff may not recover in tort.'" *Id.* at *34-35 (quotation omitted). The majority of cases enunciating the economic loss rule have arisen in the context of product defect claims, "where the economic losses are essentially contractual in nature, and therefore the risk may be allocated by the parties, as reflected in the purchase price, UCC warranties or insurance...." *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 18 (2d Cir. 2000), *aff'd*, 2008 U.S. Dist. LEXIS 90510 (N.D.N.Y. Nov. 6, 2008) (citing *5th Ave. Chocolatiere, Ltd. v. 540 Acquisition Co.*, 712 N.Y.S.2d 8, 11 (N.Y. App. Div. 2000)); *Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*, 597 N.Y.S.2d 884, 887 (N.Y. Sup. Ct. 1993), *aff'd*, 607 N.Y.S.2d 808 (N.Y. App. Div. 4th Dep't 1994) ("There must be more than economic damages. There is no claim in tort solely for economic loss.")

"When the damage claimed is to the product itself, it 'is most naturally understood as a warranty claim.'" *Fanok v. Carver Boat Corp.*, CV-07-1921 (BMG)

(CLP), 2008 U.S. Dist. LEXIS 76572, at *20 (E.D.N.Y. Sept. 15, 2008) (quotation

omitted).  Plaintiff pleads an express warranty claim against Apple.  (AC ¶¶ 48-52.)

Therefore, Plaintiff's negligent misrepresentation claim is barred by the economic

loss doctrine.

> **E.  Intentional and Negligent Misrepresentation Claims Must Meet the Specificity Requirements of Federal Rule of Civil Procedure 9(b).**

Intentional misrepresentation is an action sounding in fraud.  *See Held v.*

*Kaufman*, 91 N.Y.2d 425, 431 (N.Y. 1998).[6]  Accordingly, pursuant to Federal Rule

of Civil Procedure 9(b), the Second Circuit imposes a heightened level of pleading on

intentional misrepresentation claims.  *See Liberty Mut. Ins. Co. v. First Brighton*

*Transp. Mgmt.*, CV-07-715 (CPS) (SMG), 2008 U.S. Dist. LEXIS 31791, at *6-7

(E.D.N.Y. April 16, 2008).  To meet the Rule 9(b) standard, the Second Circuit

requires that the complaint (1) specify the alleged fraudulent statements; (2) identify

the speaker; (3) specify where and when the statements were made; and (4) explain

why the statements were fraudulent in nature.  *Id.*  Rule 9(b) heightened pleading

standard also applies to negligent misrepresentation claims.  *See Aetna Cas. & Sur.*

*Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 578-79, 583 (2d Cir. 2005).

---

[6] Under New York law, the elements of intentional misrepresentation are: 1) the defendant made a material false representation; 2) the defendant intended to defraud the plaintiff thereby; 3) the plaintiff reasonably relied upon the representation; and 4) the plaintiff suffered damages as a result of such reliance.  *See Gambello v. Time Warner Communs., Inc.*, 186 F. Supp. 2d 209, 227-28 (E.D.N.Y. 2002).

Plaintiff's Amended Complaint falls far short of meeting the specificity requirements of Rule 9(b). Plaintiff's allegations regarding the alleged misrepresentations consist of the following: "Starting in or about summer of 2008," Defendants "misrepresented" "the quality and compatibility of the 3G network protocol or standard including in the iPhones" and that "iPhones were durable and created with quality," and Defendants "omitted material facts regarding the quality of the iPhones" and "the quality of the iPhones' housing." (AC ¶¶ 64-67, 73.) Plaintiff's vague and general allegations fail to satisfy the who, what, when, where, and why required by Rule 9(b). *See, e.g., First Brighton*, 2008 U.S. Dist. LEXIS 31791, at *7 (dismissing complaint where plaintiff's allegations conclusory and failed to distinguish between defendants); *Liberty Mut. Ins. Co. v. WAWA Tours, Inc.*, CV-07-0880 (CPS), 2007 U.S. Dist. LEXIS 69104 (E.D.N.Y. Sept. 18, 2007) (dismissing claim for intentional misrepresentation where conclusory allegations without specific allegations of fact); *Tuosto*, 2007 U.S. Dist. LEXIS 61669, at *45 (dismissing negligent misrepresentation claim under 9(b)). Accordingly, Plaintiff's intentional misrepresentation claim should be dismissed.

### F.    Plaintiff Never Alleges He Actually Saw Apple's Advertisements and Therefore Cannot Establish the Necessary Causation for New York's General Business Law § 349.

Plaintiff's allegations fail to establish the most basic element of a cause of action pursuant to New York's General Business Law § 349 ("GBL"): causation. Although "reliance is not an element of a claim under General Business Law § 349,"

"the plaintiff must show that the defendant's material deceptive act caused the injury." *Gale v. IBM*, 781 N.Y.S.2d 45, 47 (N.Y. App. Div. 2d Dep't 2004) (citations omitted).

New York courts have dismissed GBL claims on analogous facts. In *Gale*, 781 N.Y.S.2d at 47, the court dismissed the GBL cause of action against IBM for alleged misrepresentations with respect to its hard disk drives, because plaintiff "nowhere states in his complaint that he saw any of these statements before he purchased or came into possession of his hard drive. If the plaintiff did not see any of these statements, they could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiff's injury." Plaintiff Sen's Amended Complaint contains the same conspicuous omission. Although the Amended Complaint states Apple made representations regarding the iPhone's speed, *inter alia*, "twice as fast" (AC ¶ 15), the Amended Complaint never alleges that Plaintiff himself actually saw that representation or any other specific representation prior to purchasing the product. (AC ¶¶ 85-90.) As the *Gale* court made clear, such glaring omissions in the pleadings warrant dismissal of Plaintiff's GBL claim.

### G. Quasi-contractual Remedies, Such as Unjust Enrichment and Restitution, Are Not Available Due to Plaintiff's Contractual Remedies Pursuant to Apple's Express Written Warranty.

#### 1. Unjust Enrichment Is Unavailable as a Matter of Law.

"The nature of an unjust enrichment claim in New York law is that of a quasi-contractual claim; an obligation that the law creates in the absence of any agreement."

*L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau County,*

*Inc.*, 558 F. Supp. 2d 378, 409 (E.D.N.Y. 2008) (citing *Beth Israel Medical Center v.*

*Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 586 (2d Cir. 2006)). "[A]

quasi-contractual obligation is one imposed by law where there has been no

agreement or expression of assent, by word or act, on the part of either party

involved. The law creates it, regardless of the intention of the parties, to assure a just

and equitable result." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.,* 70 N.Y. 2d 382,

388-89 (1987). As a result, the quasi-contractual remedy of unjust enrichment is

precluded by a written agreement such as an express warranty. *See Cox v. NAP*

*Constr. Co., Inc.,* 10 N.Y.3d 592, 607 (2008), *rev'd sub nom. Araujo v. Tiano's*

*Constr. Corp.*, 834 N.Y.S.2d 660 (N.Y. App. Div. 1st Dep't 2007) (holding a party

may not recover in "*quantum meruit* or unjust enrichment" where the parties have

entered into a contract that governs the subject matter.); *see also*

*Strojmaterialintorg v. Russian Am. Commercial Corp.*, 815 F. Supp. 103, 106

(E.D.N.Y. 1993) (citing *Metropolitan Elec. Mfg. v. Herbert Const.*, 583 N.Y.S.2d

497, 498 (2d Dep't 1992)); N.Y. Jur. 2d Contracts § 594 ("[W]here a valid and

enforceable contract exists governing a particular subject matter, it precludes

recovery in quasi-contract for events arising out the same subject matter."). Because

Plaintiff asserts claims for breach of express warranty and breach of contract, he is

precluded as a matter of law from asserting a claim for unjust enrichment. *See, e.g.,*

*EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y.3d 11, 23 (2005) (dismissing unjust

enrichment claim in light of express contract); *Clark-Fitzpatrick,* 70 N.Y. 2d at 388-89 (holding existence of a valid and enforceable written construction contract precluded recovery in quasi contract).

> **2.** **Restitution is Quasi-contractual and Therefore Similarly Unavailable as a Matter of Law.**

Restitution sounds in equity. *See In re Gartenberg*, 636 F.2d 16, 17 (2d Cir. 1980) ("'A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function.'") (citation omitted); *see also Kaur v. Guida,* 2008 N.Y. Slip Op. 51952U, 5 (N.Y. Dist. Ct. Sept. 29, 2008) (finding cause of action for restitution based on unjust enrichment). Thus, a claim for restitution involves the same equitable inquiry as a claim for unjust enrichment. *See Sperry v. Crompton Corp.*, 8 N.Y. 3d 204, 215, (2007) ("'[t]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered.'") (citation omitted). Therefore, as with unjust enrichment, New York law precludes a claim for the equitable remedy of restitution where an express contract exists. *City of New York v. Coastal Oil New York, Inc.*, No. 96 CIV. 8667 (RPP), 1998 WL 82927, at *7 (S.D.N.Y. Feb. 25, 1998) (dismissing plaintiff's claim for restitution where, because such "claim arises out of the same subject matter, a claim for restitution is precluded as a matter of law").

Plaintiff's restitution claim is duplicative of his unjust enrichment claim, and should be dismissed.

### H. Plaintiff May Not Maintain a Claim for Breach of Contract Against Apple.

#### 1. Breach of Contract Cannot Be Sufficiently Alleged Without Either Attaching the Contract or Pleading Its Terms in Their Entirety and Plaintiff Does Neither.

Plaintiff alleges breach of contract but the entirety of his allegations regarding the terms of the contract consist of the following: "Defendants communicated their contractual obligations" to Plaintiff "through various sources, including AT&T's Service Plan." (AC ¶ 96.) Those allegations are insufficient to satisfy even the minimal requirements to state a claim for breach of contract. Under New York law, a complaint for breach of contract must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). To sufficiently allege the existence of an agreement, the complaint must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Chrysler Capital Corp. v. Hilltop Egg Farms Inc.*, 514 N.Y.S.2d 1002, 1003 (N.Y. App. Div. 3d Dep't 1987). Plaintiff's complaint satisfies none of these requirements.

#### 2. Apple Is Not A Party to the Alleged Contract.

Even assuming Plaintiff could amend to properly allege breach of the AT&T Service Agreement by alleging its terms or attaching the contract, Apple is not a party

to that contract nor did it sell Plaintiff his iPhone 3G.  (AC ¶ 8.)  Therefore, the lack

of privity between Plaintiff and Apple defeats any breach of contract claim against

Apple.  *See Jesmer v. Retail Magic, Inc.*, 863 N.Y.S.2d 737, at \*2 (N.Y. App. Div. 2d

Dep't 2008) (affirming trial court's holding that, "in the absence of privity, the end

user has no cause of action against the manufacturer sounding in breach of contract or

breach of implied warranty.").

## V.      CONCLUSION

For the foregoing reasons, Plaintiff's Amended Class Action Complaint fails

to state a claim upon which relief can be granted.  Accordingly, Apple respectfully

requests that this Court order that the action be dismissed.

Dated: New York, New York
       November 24, 2008

MORRISON & FOERSTER LLP

/s/ Jamie A. Levitt
Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104-0012
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900
JLevitt@mofo.com

*Attorneys for Defendant*
APPLE INC.