UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
:
AVI KOSCHITZKI, on Behalf of Himself and
all Others Similarly Situated,
: Civil Action No. 1:08-cv-04451-JBW-VVP
Plaintiff,
: **DECLARATION OF TJ TERRY IN**
vs. **SUPPORT OF DEFENDANT AT&T**
**MOBILITY LLC'S MOTION TO**
APPLE INC. and AT&T MOBILITY LLC, **COMPEL ARBITRATION AND**
: **DISMISS ACTION**
Defendant.
:
------------------------------------- X

I, TJ Terry, declare as follows:

1. The following facts are of my own personal knowledge, and if called as a witness I could and would testify competently as to their truth.

2. I am employed by Apple Inc. ("Apple") as Senior Manager, Store Operations. I have held this position since July 2008. My previous position, which I held from June 2006 through July 2008, was Manager of Daily Operations and Store Support, Apple Retail. I am familiar with Apple's routine policies and procedures in its retail stores in the United States. I also am familiar with the policies and procedures by which Apple retains records of iPhone 3G sales and customers' acceptance of the service terms of AT&T Mobility ("AT&T"), and how those records may be retrieved.

3. Any customer who purchases an iPhone 3G from an Apple retail store must confirm that he or she accepts the terms of AT&T service as a condition of completing the transaction.

4. To indicate that a customer accepts AT&T's Wireless Service Agreement, including its Terms of Service, a customer must mark a box labeled "AT&T Terms and

sf-2610451

Conditions" and write his or her signature on an EZ Pay handheld device. True and correct copies of the screens on which a customer indicates his or her acceptance of AT&T's service agreement and the screen on which a customer must sign his or her name, as it would have appeared to a customer purchasing an iPhone 3G in August 2008, are attached as Exhibits 1 and 2.

5. It is Apple's policy that, using computers in Apple retail stores, Apple store employees offer to show customers a copy of AT&T's Wireless Service Agreement, including its Terms of Service, and a copy of Apple's Terms and Conditions, and can print out copies for the customer upon request. A true and correct copy of AT&T's Wireless Service Agreement, as it would be printed for such a customer in August 2008, is attached as Exhibit 3.

6. Apple retail store personnel will not activate the iPhone 3G and will not charge a customer for the iPhone 3G until, among other things, the customer has marked the boxes indicating his or her acceptance of AT&T's Wireless Service Agreement and Apple's Terms and Conditions.

7. I have personally reviewed Apple's records regarding plaintiff Avi Koschitzki's purchase of an iPhone 3G at an Apple retail store on August 31, 2008. According to those records, Mr. Koschitzki marked the boxes and executed his signature indicating that he had agreed to AT&T's Wireless Service Agreement (attached above as Exhibit 1) and Apple's Terms and Conditions as described above.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Dublin, California on November 24, 2008.

TJ Terry

sf-2610451