## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| AVI KOSCHITZKI, on Behalf of Himself and all Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:08-CV-04451-JBW-VVP |
| v. | ) ) | |
| APPLE INC. and AT&T MOBILITY LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AT&T MOBILITY LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**</u>

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 3

ARGUMENT ....................................................................................................................... 4

I.      Plaintiff Fails To Allege Any Facts In Support Of His Contract-Based
        Claims. ...................................................................................................................... 4

        A.      Plaintiff's Breach Of Contract Claim Should Be Dismissed. ................... 4

        B.      Plaintiff's Warranty Claims Should Be Dismissed. ................................... 6

                1.      Plaintiff Does Not Plead Any Facts To Support His Breach Of
                        Express Warranty Claim Against ATTM. ...................................... 6
                2.      The Complaint Fails To Plead The Necessary Facts To
                        Support A Claim For Breach Of The Implied Warranty Of
                        Fitness Of Purpose. ....................................................................... 7
                3.      Plaintiff Cannot Maintain Any Warranty Claim Against
                        ATTM Based On Its Provision Of Telecommunications
                        Services. ......................................................................................... 9

II.     Plaintiff's Equitable Claims Fail As A Matter of Law. ..................................... 10

        A.      Plaintiff's Claim for Unjust Enrichment Is Barred Because It
                Duplicates His Breach of Contract Claim. ............................................... 10

        B.      Under New York Law, Plaintiff Cannot Bring An Independent Cause
                Of Action For Restitution. ....................................................................... 11

III.    Plaintiff's Fraud-Based Claims Should Be Dismissed. ..................................... 12

        A.      Plaintiff's Fraud-Based Common Law and Statutory Claims Fail
                Because They Are Based On Non-Actionable Statements. ..................... 13

                1.      Common law claims. .................................................................... 14
                2.      Statutory Section 349 Claims. .................................................... 15

        B.      Plaintiff's Common Law Fraud-Based Claims Fail To Satisfy The
                Heightened Pleading Requirement of Fed. R. Civ. P. 9(b). .................... 15

C.      Plaintiff Fails To Plead Facts Establishing Reliance For His Common
        Law Fraud-Based Claims..................................................................................18

D.      Plaintiff Fails To Plead Facts Establishing Causation For His
        Statutory and Common Law Fraud-Based Claims. ..............................................18

E.      Plaintiff's Negligent Representation Claim Suffers From Additional
        Flaws. ................................................................................................................20

        1.      Plaintiff's Negligent Misrepresentation Claim Is Barred By the
                Economic Loss Doctrine............................................................................20
        2.      No Special Relationship Exists Between ATTM and Plaintiff..................21

CONCLUSION......................................................................................................................23

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Abbatiello v. Monsanto Co.*,
522 F. Supp. 2d 524 (S.D.N.Y. 2007) .................................................................. 17

*Ainger v. Michigan General Corp.*,
476 F. Supp. 1209 (S.D.N.Y. 1979) ....................................................................... 6

*American Protein Corp. v. AB Volvo*,
844 F.2d 56 (2d Cir. 1988) ................................................................................... 22

*Americorp Financial, Inc. v. St. Joseph's Hospital Health Center*,
180 F. Supp. 2d 387 (N.D.N.Y. 2001) .................................................................... 5

*Apace Communications, Ltd. v. Burke*,
522 F. Supp. 2d 512 (W.D.N.Y. 2007) .................................................................. 16

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ................................................................................... 4, 7, 8

*Carmania Corp., N.V. v. Hambrecht Terrell International*,
705 F. Supp. 936 (S.D.N.Y. 1989) ........................................................................ 21

*Champion Home Builders Co. v. ADT Security Services, Inc.*,
179 F. Supp. 2d 16 (N.D.N.Y. 2002) ...................................................................... 9

*Chen v. United States*,
854 F.2d 622 (2d Cir. 1998) ................................................................................. 15

*City of New York v. Coastal Oil New York, Inc.*,
No. 96-8667 (RPP), 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998) ........................... 12

*Computech International, Inc. v. Compaq Computer Corp.*,
No. 02-2628 (RWS), 2002 U.S. Dist. LEXIS 20307 (S.D.N.Y. Oct. 24, 2002) .................. 22

*Cortec Industries, Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) ..................................................................................... 6

*Dallas Aerospace, Inc. v. CIS Air Corp.*,
352 F.3d 775 (2d Cir. 2003) ................................................................................. 22

*East River Steamship Corp. v. Transamerica Delaval, Inc.*,
476 U.S. 858 (1986) ............................................................................................. 21

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
387 F. Supp. 2d 265 (S.D.N.Y. 2004) .................................................................. 14

*Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York*,
375 F.3d 168 (2d Cir. 2004) .............................................................. 13, 18, 19, 20

*Furniture Consultants, Inc. v. Datatel Minicomputer Co.*,
No. 85-8518 (RLC), 1986 WL 7792 (S.D.N.Y. July 10, 1986) ........................... 10

*Grupo Sistemas Integrales de Telecomunicacion S.A. de C.V. v.
AT&T Communications, Inc.*, No. 92-7862 (KMW), 1996 WL 312535
(S.D.N.Y. June 10, 1996) ..................................................................................... 9

*Howell v. American Airlines, Inc.*,
No. 05-3628 (SLT), 2006 WL 3681144 (E.D.N.Y. Dec. 11, 2006) ....................... 5

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
227 F.3d 8 (2d Cir. 2000) ................................................................. 13, 18, 19, 20

*Interallianz Bank AG v. Nycal Corp.*,
No. 93-5024 (RPP), 1994 U.S. Dist. LEXIS 5954 (S.D.N.Y. May 4, 1994) ....... 17

*Ixe Banco, S.A. v. MBNA America Bank, N.A.*,
No. 07-0432 (LAP), 2008 U.S. Dist. LEXIS 19806
(S.D.N.Y Mar. 7, 2008) ...................................................................................... 20

*Le Paw v. Bat Industries P.L.C.*,
No. 96-4373, 1997 U.S. Dist. LEXIS 5328 (E.D.N.Y. Mar. 6, 1997)...... 15, 16, 17

*Liberty Mutual Insurance Co. v. First Brighton Transportation Management, Inc.*,
No. 07-715, 2008 U.S. Dist. LEXIS 31791 (E.D.N.Y. Apr. 16, 2008) ................ 15

*Maltz v. Union Carbide Chemicals & Plastics Co., Inc.*,
992 F. Supp. 286 (S.D.N.Y. 1998) ................................................................... 9, 10

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
244 F.R.D. 204 (S.D.N.Y. 2007) ................................................................... 20, 21

*Mastrangelo v. Howmedica*,
903 F. Supp. 439 (E.D.N.Y. 1995) ...................................................................... 8

*Mills v. Polar Molecular Corp.*,
12 F.3d 1170 (2d Cir. 1993) ............................................................................... 16

*Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*,
165 F. Supp. 2d 514 (S.D.N.Y. 2001) ................................................................. 14

iv

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ............................................................................. 4

*Pelman v. McDonald's Corp.*,
237 F. Supp. 2d 512 (S.D.N.Y. 2003) ................................................ 15

*Phillips v. American International Group, Inc.*,
498 F. Supp. 2d 690 (S.D.N.Y. 2007) ............................................... 22

*Promuto v. Waste Management, Inc.*,
44 F. Supp. 2d 628 (S.D.N.Y. 1999) .................................................. 6

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) ........................................................ 11, 16

*State of New York v. SCA Services, Inc.*,
761 F. Supp. 14 (S.D.N.Y. 1991) ....................................................... 12

*Tuosto v. Philip Morris USA Inc*,
No. 05-9384 (PKL), 2007 U.S. Dist. LEXIS 61669 (S.D.N.Y. Aug. 21, 2007) .................. 18


**State Cases**

*Aegis Productions, Inc. v. Arriflex Corp. of America*,
268 N.Y.S.2d 185 (App. Div. 1st Dep't 1966) .................................... 9

*Bettan v. Geico General Insurance Co.*,
745 N.Y.S.2d 545 (App. Div. 2d Dep't 2002) .................................... 10

*CBS, Inc. v. Ziff-Davis Publishing Co.*,
553 N.E.2d 997 (N.Y. 1990) ............................................................... 6

*Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.*,
516 N.E.2d 190 (N.Y. 1987) ............................................................. 11

*Elliott v. Qwest Communications Corp.*,
808 N.Y.S.2d 443 (App. Div. 3d Dep't 2006) .................................... 12

*Fresh Direct, LLC v. Blue Martini Software, Inc.*,
776 N.Y.S.2d 301 (App. Div. 2d Dep't 2004) .................................... 22

*Gale v. International Business Machines Corp.*,
781 N.Y.S.2d 45 (App. Div. 2d Dep't 2004) ...................................... 19

*Kimmell v. Schaefer*,
675 N.E. 2d 450 (N.Y. 1996) ......................................................... 21, 22

*Lacoff v. Buena Vista Publishing, Inc.*,
705 N.Y.S.2d 183 (Sup. Ct. 2000)....................................................................... 15

*Martin v. Chuck Hafner's Farmers Market, Inc.*,
No. 03-2113, 2005 WL 1509550 (N.Y. Sup. Ct. June 27, 2005) ............................ 8

*Milau Associates v. North Avenue Development Corp.*,
391 N.Y.S.2d 628 (App. Div. 2d Dep't 1977)........................................................ 9

*New York City Economic Development Corp. v. T.C. Foods Import and*
*Export Co.*, No. 5856/00, 2006 WL 1132350 (N.Y. Sup. Ct. Apr. 17, 2006) ....................... 12

*Saratoga Spa & Bath, Inc. v. Beeche Systems Corp.*,
656 N.Y.S.2d 787 (App. Div. 3d Dep't 1997)........................................................ 7

*Scaringe v. Holstein*,
477 N.Y.S.2d 903 (App. Div. 3d Dep't 1984)................................................. 14, 15

*Serbalik v. General Motors Corp.*,
667 N.Y.S.2d 503 (App. Div. 3d Dep't 1998)...................................................... 14

*Sheth v. New York Life Insurance Co.*,
709 N.Y.S.2d 74 (App. Div. 1st Dep't 2000) ................................................. 14, 15

*Sterling National Bank v. The Park Avenue Bank NA*,
No. 601398/03, 2006 N.Y. Misc. LEXIS 2888 (Sup. Ct. June 26, 2006) ............... 23

*Sutherland v. Remax 2000*,
No. 22405/2007, 2008 NY Slip Op 51701U (Sup. Ct. Aug. 7, 2008)..................... 19

*Town of Poughkeepsie v. Espie*,
840 N.Y.S.2d 600 (App. Div. 2d Dep't 2007)........................................................ 9

*Walter H. Poppe General Contracting, Inc. v. Town of Ramapo*,
721 N.Y.S.2d 248 (App. Div. 2d Dep't 2001)................................................. 10, 11

*Weiss v. Polymer Plastics Corp.*,
802 N.Y.S.2d 174 (App. Div. 2d Dep't 2005)................................................. 18, 21

## State Statutes

N.Y. GBL § 349......................................................................................... passim

N.Y. U.C.C. § 2-315 ......................................................................................... 8

N.Y.U.C.C. § 2-316(2).......................................................................................... 9

## Federal Rules and Regulations

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 4

Fed. R. Civ. P. 12(f) ........................................................................................................ 1

Fed. R. Civ. P. 8 ............................................................................................................. 5

Fed. R. Civ. P. 9(b) ................................................................................................. passim

AT&T Mobility LLC ("ATTM") respectfully submits this memorandum of law in support of its motion to dismiss plaintiff's Amended Class Action Complaint (the "Complaint") with respect to all claims asserted in the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## INTRODUCTION

The Complaint purports to bring a putative class action asserting eight claims regarding an iPhone that plaintiff allegedly purchased from Apple Inc. ("Apple"), with wireless service provided by ATTM. The Complaint is riddled with generalized allegations and improper group pleading against "defendants"; it fails to make clear whether each allegation is pleaded against ATTM, Apple or both companies.

Plaintiff's grievances arise in part from his alleged dissatisfaction with the 3G wireless service provided by ATTM. Yet plaintiff ignores the fact that he has a written agreement with ATTM, which governs his wireless service. Notwithstanding this agreement, plaintiff attempts to manufacture an assortment of claims sounding in warranty, fraud, and equity. All of his claims suffer from legal deficiencies.

*First*, plaintiff fails to plead facts required to establish that he has any plausible contract-based cause of action against ATTM (Counts 1, 2 and 8). A contract exists between plaintiff and ATTM, its Wireless Service Agreement ("Service Agreement"). The ATTM Service Agreement specifically discloses the types of service limitations about which plaintiff complains,

---

[1] Defendant Apple Inc. has separately moved under Fed. R. Civ. P. 12(f) to strike the prayer for relief in plaintiff's Amended Complaint demanding minimum and punitive damages pursuant to the New York Deceptive Practices Act, GBL § 349. ATTM hereby adopts and incorporates by reference Apple's motion to strike and supporting memorandum of law, and respectfully moves to strike this prayer for relief as to ATTM as well. Apple has also contemporaneously filed a motion to dismiss the complaint against it under Rule 12(b)(6), the relevant portions of which ATTM incorporates herein by reference.

and specifically disclaims liability for those service limitations. Moreover, plaintiff has failed to allege the existence of any warranty in the Service Agreement or otherwise to support his warranty claims.

*Second*, the two causes of action sounding in equity, unjust enrichment and restitution (Counts 3 and 7), fail for two principal reasons: (1) they are duplicative of contract-based claims; and (2) restitution is not recognized as a cause of action under New York law in circumstances such as this.

*Third*, the fraud-based claims (Counts 4, 5 and 6) are likewise fatally deficient on several grounds. Plaintiffs' common-law fraud claims do not satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b). The Complaint fails to plead the requisite specific facts establishing the causation and damages elements of all of his fraud claims, including his statutory claim for deceptive business practices under Section 349 of the New York General Business Law. Further, the claim for negligent misrepresentation is barred as a matter of law by the economic loss rule, which requires dismissal of negligence-based claims where, as here, the negligence claim is duplicative of a breach of contract claim and because ATTM and plaintiff do not share a special relationship.

Because of these deficiencies, plaintiff's Complaint should be dismissed in its entirety.[2]

---

[2] Concurrently with this motion to dismiss, ATTM has filed a motion to compel arbitration. ATTM respectfully submits that this Court should decide the motion to compel arbitration before reaching this motion because the arbitration motion raises the threshold question of whether plaintiff may pursue his claims against ATTM in this forum. If the Court ultimately determines that plaintiff may pursue his claims in this forum, then this motion should be heard along with defendant Apple's motion to dismiss. Counsel for ATTM offered to stipulate to a request that the due date for plaintiff's response to this motion be deferred until after this Court's resolution of the arbitration motion. Plaintiff's counsel declined the invitation.

## BACKGROUND

ATTM is a provider of "wireless [telecommunications] services, including local wireless communications, long-distance, and roaming services with various postpaid and prepaid service plans." Compl. ¶ 9. In the summer of 2008, ATTM and Apple began selling Apple iPhone 3G mobile phones, which function on ATTM's 3G network, as well as on ATTM's 2G EDGE network. *Id.* ¶¶ 14, 19.

At some unidentified point during the summer of 2008, plaintiff Avi Koschitzki purchased an iPhone and signed a monthly service agreement with ATTM. *Id.* ¶ 31. He maintains that "[i]n the summer of 2008, [he] noticed that he was consistently being bumped off of the 3G network to the slower EDGE network." *Id.* He further maintains that his service has deteriorated over time, and that his iPhone "has ceased to operate as advertised and as specified by Defendants." *Id.* ¶ 33.[3] He alleges that the network problems he experienced are widespread, and that both Apple and ATTM are aware of these issues. *Id.* ¶¶ 35-39.

Plaintiff's complaint is predicated on the theory that Apple and ATTM deceived consumers, either intentionally or unintentionally, when they advertised the iPhone 3G as "[t]wice as fast" as prior iPhone models. Compl. ¶¶ 15, 49. Plaintiff maintains that, contrary to these representations, "the 3G iPhones demand too much power from the 3G bandwidths and the AT&T infrastructure is insufficient to handle this overwhelming 3G signal based on the high volume of 3G iPhones it and Apple have sold." *Id.* ¶¶ 2, 15. He further alleges that "AT&T has

---

[3] Plaintiff also makes certain allegations that iPhones' housing experiences premature "wear-and-tear" and that hairline cracks form in the casing. *E.g.*, Compl. ¶ 1. Plaintiff appears to be asserting that claim only against Apple, *e.g.*, *id.* ¶¶ 26-30, and accordingly ATTM does not address these allegations.

knowingly misrepresented the performance of its 3G network." *Id.* ¶ 20. He seeks certification

of a putative class of New York residents who have purchased 3G iPhones.

Based on these allegations, plaintiff asserts eight causes of action: (1) breach of express

warranty; (2) breach of implied warranty; (3) unjust enrichment; (4) negligent misrepresentation;

(5) intentional misrepresentation; (6) statutory deceptive business practices; (7) restitution; and

(8) breach of contract. Each of these claims fails to state a claim on which relief can be granted,

which compels dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6). [4]

## ARGUMENT

### I. Plaintiff Fails To Allege Any Facts In Support Of His Contract-Based Claims.

Plaintiff asserts three contract-based claims: breach of contract, breach of express

warranty and breach of implied warranty. Plaintiff does not plead sufficient facts to state a

plausible claim for either breach of contract or breach of warranty as to ATTM. These claims

should accordingly be dismissed. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974

(2007) (in order to withstand a motion to dismiss, a complaint must plead "enough facts to state a

claim to relief that is plausible on its face").

#### A. Plaintiff's Breach Of Contract Claim Should Be Dismissed.

In Count 8, plaintiff vaguely asserts that "[d]efendants communicated their contractual

obligations (and all terms and conditions of the same) to Plaintiff . . . through various sources."

Compl. ¶ 96. Plaintiff's contractual relationship with ATTM is governed by a Wireless Service

---

[4] The issue presented by this motion is whether the named plaintiff himself states any claim upon which relief may be granted. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (named plaintiff must have own claim against defendant in order to seek relief for a putative class). For purposes of this motion, ATTM assumes that New York law applies to plaintiff's individual claims, which are the subject of this motion to dismiss.

Agreement which incorporates ATTM's standard Terms of Service. *Id.* In alleging that ATTM breached a contract, plaintiff asserts that ATTM engaged in "wrongful activities," but does not identify how ATTM breached any provision of the Service Agreement (or any other supposed contract between ATTM and plaintiff). *See, e.g.*, *id.* ¶ 97. Such vague allegations fail to satisfy even the liberal pleading requirements of Rule 8. *See Howell v. Am. Airlines, Inc.*, No. 05-3628 (SLT), 2006 WL 3681144, at *4 (E.D.N.Y. Dec. 11, 2006) (dismissing complaint for breach of contract where the complaint did "not even identify the agreement at issue, much less indicate which terms in that agreement were allegedly breached."); *Americorp Fin., Inc. v. St. Joseph's Hosp. Health Ctr.*, 180 F. Supp. 2d 387, 391-92 (N.D.N.Y. 2001) (dismissing complaint where plaintiff failed to allege facts that would constitute a breach of contract). Indeed, to the extent plaintiff alleges a breach of contract based on ATTM's alleged failure to provide uninterrupted 3G service to his iPhone, the Service Agreement is directly to the contrary. The Service Agreement specifically states:

> Service may be interrupted, delayed, or otherwise limited for a variety of reasons, including environmental conditions, unavailability of radio frequency channels, system capacity, priority access by National Security and Emergency Preparedness personnel in the event of a disaster or emergency, coordination with other systems, equipment modifications and repairs, and problems with the facilities of interconnecting carriers. . . . There are gaps in service within the service areas shown on coverage maps, which, by their nature, are only approximations of actual coverage. WE DO NOT GUARANTEE YOU UNINTERRUPTED SERVICE OR COVERAGE.

Wireless Service Agreement at 6-7, attached hereto as an exhibit.[5]

---

[5] Because the Complaint asserts a claim for breach of contract and makes reference to "contractual obligations (and all terms and conditions of same)" that defendants allegedly "communicated . . . to Plaintiff . . . .",  this Court may take the terms of the agreement into consideration when deciding this motion to dismiss without converting it into one for summary

(continued…)

**B.     Plaintiff's Warranty Claims Should Be Dismissed.**

      **1.     Plaintiff Does Not Plead Any Facts To Support His Breach Of Express Warranty Claim Against ATTM.**

It is impossible to tell from the face of plaintiff's Complaint whether he intends to allege a breach of express warranty claim against ATTM.  To the extent that he is attempting to do so, plaintiff's claim for breach of express warranty fails (1) to identify any warranty between plaintiff and ATTM, (2) to allege that he relied on that warranty, or (3) to allege that ATTM breached any warranty.  *See Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 642 (S.D.N.Y. 1999) (To prevail on a breach of express warranty claim, a party must establish the existence of a contract containing a bargained-for express warranty with respect to a material fact, reliance on that warranty, a breach of that warranty, and damages suffered as a result of the breach.); *see also Ainger v. Mich. Gen. Corp.*, 476 F. Supp. 1209, 1220-21 (S.D.N.Y. 1979); *CBS, Inc. v. Ziff-Davis Publ'g Co.*, 553 N.E.2d 997, 1001 (N.Y. 1990).

Instead, plaintiff makes vague allegations that Apple and ATTM "represented, in writing and otherwise" that the 3G network capability of the iPhone was "twice as fast" and that these "representations, promises and assurances became part of the basis of the bargain between *Apple and Plaintiff. . .* and thereby constituted an express warranty."  Compl. ¶ 49 (emphasis added). The Complaint contains no similar allegations that ATTM offered plaintiff any express warranty. Plaintiff further alleges that *Apple* breached the warranty because his iPhone is inherently defective and that plaintiff suffered damages as a result.  Compl. ¶ 51-52.  Plaintiff makes no

_____

(continued)

judgment.  *See, e.g., Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (documents "plaintiffs had either in its [sic] possession or had knowledge of and upon which they relied in bringing suit" can be considered in evaluating motion to dismiss).

allegations that ATTM breached any express warranty or that plaintiff suffered damage as a result. Absent any assertion of such *prima facie* facts, plaintiff does not state a plausible claim for breach of express warranty as to ATTM. *See Twombly*, 127 S. Ct. at 1974. Accordingly, this claim should be dismissed as to ATTM.

> **2.** **The Complaint Fails To Plead The Necessary Facts To Support A Claim For Breach Of The Implied Warranty Of Fitness Of Purpose.**

Plaintiff's Count 2 claim for breach of implied warranty of fitness of purpose appears to be alleged solely against Apple. To the extent that it is asserted against ATTM, it fails because plaintiff states no facts establishing that ATTM knew of the particular purpose for which he was purchasing the iPhone or ATTM's service plan or that plaintiff justifiable relied on ATTM's skill or judgment to select the iPhone or ATTM's service plan. *See Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 656 N.Y.S.2d 787, 790 (App. Div. 3d Dep't 1997) (To state a claim for breach of an implied warranty of fitness of purpose, a plaintiff must establish that "the seller had reason to know, at the time of contracting, the buyer's particular purpose for which the goods are required and that the buyer was justifiably relying upon the seller's skill and judgment to select and furnish suitable goods, and that the buyer did in fact rely on that skill."). Indeed, plaintiff does not once refer to ATTM in this cause of action. *See* Compl. ¶¶ 53-59. Rather, this claim appears to be directed entirely at alleged flaws in the iPhones' casing. *See id.* ¶ 54 ("Plaintiff . . . sought to purchase iPhones with all the features and qualities that Apple claimed were maintained by the iPhones, including the iPhones, casing."). Plaintiff alleges that, at the time of sale "*Apple* knew or had reason to know the particular purpose for which the goods were required or would be used" and that "*Apple* knew that Plaintiff . . . [was] relying on Apple's industry reputation, skill, expertise and judgment." *Id.* ¶ 56 (emphasis added). The Complaint contains no similar statements regarding ATTM's knowledge of plaintiff's purpose, or plaintiff's

reliance on ATTM's skill or expertise. *See id.* ¶¶ 55-59. Plaintiff has failed to state facts establishing a plausible claim against ATTM, and this claim should be dismissed as to ATTM. *Twombly*, 127 S. Ct. at 1974.

This claim fails for the additional reason that plaintiff has failed to articulate any particular purpose for which he allegedly purchased the iPhone, which is a necessary prerequisite to maintain a claim for breach of the implied warranty of fitness for a particular purpose. *See* N.Y. U.C.C. § 2-315. "A 'particular purpose' differs from the ordinary purpose . . . in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." Comment 2, N.Y. U.C.C. § 2-315; *Mastrangelo v. Howmedica*, 903 F. Supp. 439, 443 n.1 (E.D.N.Y. 1995) ("At a minimum, a claim [for breach of the implied warranty for fitness for a particular purpose] must allege that the buyer purchased the accused goods for a 'particular purpose' as opposed to their 'ordinary purpose.'") (citation omitted). Plaintiff makes the bare allegation that "iPhones were not fit for the particular purpose for which they were sought, purchased and required in that it did not have the features, quality or durability represented by Apple." Compl. ¶ 58. This does not state any particular purpose. *See, e.g., Mastrangelo*, 903 F. Supp. at 443 (noting that plaintiff failed to state a claim for breach of implied warranty of fitness for a particular purpose where plaintiff failed to identify non-ordinary use); *Martin v. Chuck Hafner's Farmers Market, Inc.*, No. 03-2113, 2005 WL 1509550, at *4 (N.Y. Sup. Ct. June 27, 2005) (claim failed where product "was to be used for its ordinary purpose as opposed to a particular purpose.").

**3.** **Plaintiff Cannot Maintain Any Warranty Claim Against ATTM Based On Its Provision Of Telecommunications Services.**

To the extent that plaintiff attempts to assert any warranty-based claim against ATTM arising from the provision of telecommunications services to him, such a claim fails as a matter of law. The law is clear that a purchaser of services cannot maintain any claim for breach of express or implied warranties against a seller of services, both under the New York UCC and New York common law. *See Champion Home Builders Co. v. ADT Sec. Servs., Inc.*, 179 F. Supp. 2d 16, 27 n.8 (N.D.N.Y. 2002) ("New York does not recognize a cause of action for breach of warranty for services."); *Milau Assocs. v. North Ave. Dev. Corp.*, 391 N.Y.S.2d 628, 629 (App. Div. 2d Dep't 1977) ("Nor is any warranty with respect to services implied by the common law."). Rather, a purchaser of services who is dissatisfied with the services provided to him may bring an action for negligence or – if the relationship is governed by a contract as it is here – an action for breach of contract. *Town of Poughkeepsie v. Espie*, 840 N.Y.S.2d 600, 604 (App. Div. 2d Dep't 2007) (quoting *Aegis Prods., Inc. v. Arriflex Corp. of Am.*, 268 N.Y.S.2d 185, 187 (App. Div. 1st Dep't 1966)). Accordingly, plaintiff here can maintain no claim against ATTM for breach of any warranty, express or implied, based on alleged deficiencies in telecommunications services.

Plaintiff's claim for breach of warranty is further foreclosed by the Wireless Service Agreement. "It is well-settled that under New York law parties to a contract may exclude or modify implied warranties so long as the warranty disclaimer is conspicuous and specific." *Maltz v. Union Carbide Chems. & Plastics Co.*, 992 F. Supp. 286, 304 (S.D.N.Y. 1998); *see also* N.Y. U.C.C. § 2-316(2); *Grupo Sistemas Integrales de Telecomunicacion S.A. de C.V. v. AT&T Commc'ns, Inc.*, No. 92-7862 (KMW), 1996 WL 312535, at *6 (S.D.N.Y. June 10, 1996); *Furniture Consultants, Inc. v. Datatel Minicomputer Co.*, No. 85-8518 (RLC), 1986 WL 7792, at

*5 (S.D.N.Y. July 10, 1986). ATTM's Service Agreement clearly states that "AT&T MAKES

NO WARRANTY, EXPRESS OR IMPLIED, OF MERCHANTABILITY OR FITNESS FOR A

PARTICULAR PURPOSE, SUITABILITY, OR PERFORMANCE REGARDING ANY

SERVICE OR GOODS." Service Agreement at 7. This is a valid and enforceable disclaimer of

implied warranties under New York law. *Maltz*, 992 F. Supp. at 304 (granting motion to dismiss

implied warranty claim based on clear disclaimer in written warranty). Because this disclaimer

bars a claim against ATTM for breach of any warranty as a matter of law, *see id.*, plaintiff's

warranty claims should be dismissed.

**II.     Plaintiff's Equitable Claims Fail As A Matter of Law.**

      **A.     Plaintiff's Claim for Unjust Enrichment Is Barred Because It**
             **Duplicates His Breach of Contract Claim.**

In addition to his claim for breach of contract, plaintiff also asserts in Count 3 a quasi-

contract claim for unjust enrichment, in connection with ATTM's provision of service to his 3G

iPhone. New York law is clear, however, that a plaintiff cannot maintain actions for both breach

of contract and unjust enrichment where "both causes of action seek damages for events arising

from the same subject matter that is governed by an enforceable contract." *Bettan v. Geico Gen.*

*Ins. Co.*, 745 N.Y.S.2d 545, 546 (App. Div. 2d Dep't 2002) (dismissing claim for unjust

enrichment where is was "duplicative of the first cause of action, alleging breach of contract");

*see also, e.g.*, *Walter H. Poppe Gen. Contracting, Inc. v. Town of Ramapo,* 721 N.Y.S.2d 248,

249 (App. Div. 2d Dep't 2001) (dismissing claims for unjust enrichment and fraud where

"damages sought are merely for breach of contract, and no wrong independent of the contract

claim has been demonstrated") (internal quotation marks omitted). In applying this rule, New

York courts have recognized that there is no need to create a quasi-contractual relationship to

ensure an equitable result where a written contract exists and covers the matter in dispute.

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190 (N.Y. 1987).

This rule applies with full force here, as plaintiff asserts the same alleged wrong in his claim for breach of contract and his claim for unjust enrichment. Specifically, in the count for unjust enrichment, plaintiff makes boilerplate allegations that defendants have been unjustly enriched at plaintiff's expense based on their "improper conduct" related to the provision of 3G network service to his iPhone. Compl. ¶¶ 60-62. In the count for breach of contract, plaintiff similarly asserts that ATTM contracted to provide 3G network services to his iPhone and that ATTM engaged in "improper and wrongful activities" related to the provision of those services. Plaintiff's failure to plead any alleged conduct independent of ATTM's alleged breach of its obligation to provide 3G service in accordance with its contractual obligations dooms his claim for unjust enrichment. *See, e.g.*, *Walter H. Poppe Gen. Contracting,* 721 N.Y.S.2d at 249.[6]

## B. Under New York Law, Plaintiff Cannot Bring An Independent Cause Of Action For Restitution.

Plaintiff's Count 7 claim for restitution based on defendant's alleged "deceptive and unlawful business practices," is fatally flawed because New York does not recognize an independent cause of action for restitution in circumstances such as this. *See New York City*

---

[6] Even assuming that plaintiff's claim for unjust enrichment was not barred by his contract claim, it would still fail. All claims that sound in fraud are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *See, e.g., Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("By its terms, Rule 9(b) applies to 'all averments of fraud.' This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action.") (citation omitted). Here, plaintiff's claim for unjust enrichment sounds in fraud, as it is predicated on alleged misrepresentations ATTM made in relation to its provision of 3G network service to iPhones. *See, e.g.,* Compl. ¶¶ 60-62. Accordingly, plaintiff must plead the averments of fraud that underlie his claim with the particularity required by Rule 9(b). Plaintiff's claim for unjust enrichment falls well short of this standard and should therefore be dismissed.

*Econ. Dev. Corp. v. T.C. Foods Imp. and Exp. Co.*, No. 5856/00, 2006 WL 1132350, at *3 (N.Y. Sup. Ct. Apr. 17, 2006). Rather, "[r]estitution is the remedy for unjust enrichment, and is not a separate basis for liability." *Id.*; *see also Elliott v. Qwest Commc'ns Corp.*, 808 N.Y.S.2d 443, 444-45 (App. Div. 3d Dep't 2006) ("A cause of action for unjust enrichment accrues upon the occurrence of the wrongful act giving rise to a duty of restitution.") (citation and internal quotation marks omitted); *State of New York v. SCA Servs., Inc.,* 761 F. Supp. 14, 16 (S.D.N.Y. 1991) (there is no basis to "appl[y] restitution as an independent cause of action as opposed to a type of remedy" for an unjust enrichment claim.). This count should accordingly be dismissed.

Plaintiff's claim for restitution would be equally barred even in the absence of a claim for unjust enrichment. As explained above, a contract exists governing the subject matter in dispute, ATTM's Service Agreement. Accordingly, plaintiff cannot assert both a claim for breach of contract and an independent claim for restitution. *City of New York v. Coastal Oil New York, Inc.*, No. 96-8667 (RPP), 1998 WL 82927, at *7 (S.D.N.Y. Feb. 25, 1998) (dismissing plaintiff's claim for restitution where, because such "claim arises out of the same subject matter [as a governing written contract], a claim for restitution is precluded as a matter of law").

## III. Plaintiff's Fraud-Based Claims Should Be Dismissed.

Plaintiff asserts three fraud-based claims in his complaint – negligent misrepresentation (Count 4), intentional misrepresentation (Count 5) and violation of Section 349 of the New York General Business Law and "other similar state statutes" (Count 6) ("Section 349"). The common thread running through all of these claims is plaintiff's contention that Apple and ATTM made misrepresentations and omissions regarding 3G service for iPhones. Indeed, plaintiff's Complaint is replete with qualitative assertions regarding the 3G service for iPhones on ATTM's network. When examined for specific allegations as to defendant ATTM, the Complaint only identifies two specific instances of alleged "misrepresentations" regarding

ATTM's service that arguably form the predicate for fraud-based claims: (1) statements made by Brad Mays in a July 23, 2008 blog post regarding the "great" performance of the network and the "fast network connectivity" users were experiencing on the 3G network, Compl. ¶ 20, and (2) statements made by Mark Siegel in an August 20, 2008 article published on ABCNews.com that the "iPhone 3G is working great on our 3G network" and that "[c]ustomer response has been tremendous," *id.* ¶ 24. These are non-actionable statements of puffery that cannot give rise to any fraud claim.

Other assorted allegations in the Complaint related to alleged fraudulent statements (including generalized allegations that the defendants represented the iPhone 3G as "twice as fast") are not pled with the specificity required by Rule 9(b), and thus cannot support claims for negligent and intentional misrepresentation. Further, plaintiff Koschitzki fails to establish that he saw or relied on any particular statement ATTM made, and thus has not adequately pled causation and damages with respect to any of his fraud-based claims. In addition, plaintiff's claim for negligent misrepresentation fails both because it is barred by the economic loss doctrine and because no special relationship exists between ATTM and plaintiff.

## A. Plaintiff's Fraud-Based Common Law and Statutory Claims Fail Because They Are Based On Non-Actionable Statements.

Under New York law, in order to maintain a claim for intentional or negligent misrepresentation, a plaintiff must identify a specific false statement of fact on which he reasonably relied. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 186-87 (2d Cir. 2004); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000). New York courts uniformly hold that statements of opinion regarding a product or service cannot form the basis for a claim of intentional or negligent misrepresentation, as no reasonable person would rely on such statements in making a decision

to purchase a product or service. *See, e.g.*, *Sheth v. New York Life Ins. Co.,* 709 N.Y.S.2d 74, 75 (App. Div. 1st Dep't 2000) (barring negligent misrepresentation claims where statements were mere puffery); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 276 (S.D.N.Y. 2004) (dismissing fraud claims because "[i]t is well established in New York that a seller's mere general commendations of the product sought to be sold . . . do not amount to actionable misrepresentations.") (internal quotations omitted).

### 1. Common law claims.

The specific statements that plaintiff's Complaint directly attributes to ATTM – that the network is "great", "fast", and "working great" and that customer response has been "tremendous" (Compl. ¶¶ 20, 24) – cannot support a claim of intentional or negligent misrepresentation because they are not statements of fact. For example, in *Serbalik v. General Motors Corp.*, 667 N.Y.S.2d 503, 504 (App. Div. 3d Dep't 1998), the court found that qualitative statements made by a seller to a car buyer that the car "would provide 'great traction, nice performance, nice riding, of course, and luxurious'; 'would have excellent service and . . . would perform excellently'; and was 'of high quality' and 'practically maintenance free' were non-actionable statements, particularly where they "were not made in response to any particular question or concern expressed by plaintiff." (citation omitted) Similarly, in *Scaringe v. Holstein*, 477 N.Y.S.2d 903, 904 (App. Div. 3d Dep't 1984) a defendant's advertisement stating that a car was in "excellent condition" was non-actionable and could not serve as a reasonable inducement to a buyer to purchase the vehicle. *Id.*

Just as statement that a car is in "excellent condition" or would "perform excellently" is a qualitative statement, so too is an allegation that a network's performance is "great" or "fast." None of these statements sets forth concrete representations as to performance. *Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*, 165 F. Supp. 2d 514, 530 (S.D.N.Y. 2001).

Accordingly, plaintiff could not have reasonably relied on these statements in deciding to purchase an iPhone with ATTM service. *See, e.g.*, *Sheth*, 709 N.Y.S.2d at 75; *Scaringe*, 477 N.Y.S.2d at 904.

### 2. Statutory Section 349 Claims.

Plaintiff's claim under Section 349 is equally deficient in this regard, as the statements discussed above are likewise not actionable as misleading statements under Section 349. *See, e.g.*, *Lacoff v. Buena Vista Publ'g, Inc.*, 705 N.Y.S.2d 183, 191 (Sup. Ct. 2000) (dismissing claims under sections 349 where language at issue is not actionable because it is opinion); *cf. Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 527-28 (S.D.N.Y. 2003) (even if certain allegedly misleading statements had been raised in the complaint, they "likely would not have been actionable" under section 349 because they appeared to consist of puffery).

### B. Plaintiff's Common Law Fraud-Based Claims Fail To Satisfy The Heightened Pleading Requirement of Fed. R. Civ. P. 9(b).

The heightened pleading requirements of Rule 9(b) regarding averments of fraud apply to plaintiff's claims for intentional and negligent misrepresentation.[7] *Liberty Mut. Ins. Co. v. First Brighton Transp. Mgmt., Inc.*, No. 07-715, 2008 U.S. Dist. LEXIS 31791, at *7 n.1 (E.D.N.Y. Apr. 16, 2008) ("A claim for intentional misrepresentation is the equivalent of a fraud cause of action under New York Law."); *Chen v. United States*, 854 F.2d 622, 628 (2d Cir. 1988) (an action for intentional misrepresentation is called fraud in New York); *Le Paw v. Bat Indus. P.L.C.*, No. 96-4373, 1997 U.S. Dist. LEXIS 5328, at *9-10 (E.D.N.Y. Mar. 6, 1997) (dismissing plaintiffs' fraud and negligent misrepresentation claims for failure to comply with Rule 9(b)).

---

[7] Further, as explained above in footnote 6, these standards also apply to his claim for unjust enrichment.

Plaintiffs' Complaint paints with a broad brush in alleging fraud by "defendants," and makes

scant allegations of deception by ATTM. Federal Rule 9(b) demands more. In order to satisfy

Rule 9(b)'s strictures, a complaint must (1) specify the alleged fraudulent statements; (2) identify

the speaker; (3) specify where and when the statements were made; and (4) explain why the

statements were fraudulent in nature. *Id.*

> [S]weeping, undifferentiated allegations clearly do not satisfy Rule
> 9(b). Rule 9(b) does not allow a complaint to merely lump
> multiple defendants together but requires plaintiffs to differentiate
> their allegations when suing more than one defendant . . . and
> inform each defendant separately of the allegations surrounding his
> alleged participation in the fraud. Therefore, in a case involving
> multiple defendants, . . . the complaint should inform each
> defendant of the nature of the his alleged participation in the fraud.

*Apace Communications, Ltd. v. Burke*, 522 F. Supp. 2d 512, 517 (W.D.N.Y. 2007) (citations and

internal quotation marks omitted). Plaintiff's specific allegations with respect to ATTM's

allegedly fraudulent conduct do not meet these requirements.

As explained above, plaintiff's claims based on statements ATTM made regarding the

"great" or "fast" performance of the 3G network are not actionable statements of fact. Plaintiff

does not plead with particularity any other statement that ATTM allegedly made which could

form the basis for a fraud claim. While the Complaint alleges that ATTM and Apple represented

that the 3G network is "twice as fast," *e.g.,* ¶ 49, these generalized allegations do not satisfy the

requirements of Rule 9(b). With respect to these statements, plaintiff does not "identify the

speaker, [] state where and when the statements were made, and [] explain why the statements

were fraudulent," all of which are necessary to comport with Rule 9(b). *Rombach*, 355 F.3d at

170 (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (internal

quotation marks omitted)).

To the extent plaintiff's fraud claims are predicated on alleged non-disclosure, the Complaint fares no better, as plaintiff fails to allege that ATTM owed him any duty to speak. Plaintiff contends that defendants omitted "material facts regarding the quality of the iPhones" and "material facts regarding the quality of the iPhones' housing." Compl. ¶¶ 65, 67. He also generally alleges that the defendants' "advertising and other promotional materials" contain omissions, *id.* ¶ 6, in addition to implying that ATTM withheld certain information when publicly commenting on network performance, *id.* ¶¶ 20, 24. These allegations are deficient in the first instance because such vague assertions regarding advertising – failing to attribute specific advertising to any particular defendant – are insufficient to satisfy the requirements of Rule 9(b). *See Le Paw*, 1997 U.S. Dist. LEXIS 5328, at *9-10.

Further, fraud by omission can occur only when a defendant has a duty to make a disclosure. *See Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524 (S.D.N.Y. 2007) ("[A] concealment of facts supports a cause of action for fraud only if the non-disclosing party has a duty to disclose.") (citation and internal quotation marks omitted). Plaintiff has not established the existence of any relationship, such as a fiduciary relationship, that would give rise to a duty to disclose. Even assuming such a relationship existed, plaintiff's claim cannot proceed due to his failure to plead with specificity "the omitted facts that [defendant] had a duty to disclose or plead how those omissions made statements made by others to [plaintiff] misleading." *Interallianz Bank AG v. Nycal Corp.*, No. 93-5024(RPP), 1994 U.S. Dist. LEXIS 5954, at *12 (S.D.N.Y. May 4, 1994). Any claim for fraud by omission cannot proceed in the bare-bones manner in which plaintiff has pled it.

**C.** **Plaintiff Fails To Plead Facts Establishing Reliance For His Common Law Fraud-Based Claims.**

In order to succeed on a claim for either intentional or negligent misrepresentation, a plaintiff must establish reasonable reliance on a misrepresentation. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 186-87 (2d Cir. 2004) (damage must be caused by reliance on a fraudulent representation); *Hydro Investors, Inc. v. Trafalgar Power Inc*., 227 F.3d 8, 20 (2d Cir. 2000) (plaintiff must have relied on negligent misrepresentation to his detriment). Even assuming that ATTM made any actionable statement of fact and that those statements were pled with the requisite specificity, plaintiff still fails to allege that he heard and relied on the statements prior to purchasing his iPhone and associated ATTM service. *See Tuosto v. Philip Morris USA Inc*, No. 05-9384 (PKL), 2007 U.S. Dist. LEXIS 61669, at *27 (S.D.N.Y. Aug. 21, 2007) (plaintiff failed to state facts showing reasonable reliance on alleged false advertisement where complaint did not allege that plaintiff saw the advertisement, but only that the advertisement was widely circulated and intended to mislead). Plaintiff fails to specify whether the date on which he purchased his iPhone and ATTM service was before or after these statements were made. Compl. ¶ 31. Boilerplate allegations of reliance by "Plaintiff and members of the class" made elsewhere in the Complaint do not suffice. *Id.* ¶ 35; *Tuosto*, 2007 U.S. Dist. LEXIS 61669, at *27.

**D.** **Plaintiff Fails To Plead Facts Establishing Causation For His Statutory and Common Law Fraud-Based Claims.**

To establish a cause of action under Section 349, a plaintiff must show that: (i) an act or practice was consumer oriented; (ii) an act or practice was misleading in a material respect; and (iii) the plaintiff was injured as a result of the deceptive practice. *Weiss v. Polymer Plastics Corp.,* 802 N.Y.S.2d 174 (App. Div. 2d Dep't 2005). While a Section 349 claim does not require a showing of reliance and is not subject to the heightened pleading requirements of Rule

9(b), "the plaintiff must show that the defendant's material deceptive act caused the injury." *Gale v. Int'l Bus. Machines Corp.*, 781 N.Y.S.2d 45, 47 (App. Div. 2d Dep't 2004). As noted above, under New York law, claims for negligent misrepresentation and intentional misrepresentation contain similar causation requirements. *Hydro Investors, Inc.*, 227 F.3d at 20; *Eternity Global Master Fund Ltd.*, 375 F.3d at 188.

In *Gale*, the plaintiff attempted to bring a Section 349 claim against IBM based on advertisements which stated that a hard drive the plaintiff has purchased was "highly reliable." *Gale*, 781 N.Y.S.2d at 46. The court dismissed the Section 349 claim for failure to plead causation with sufficient specificity, finding that

> [a]lthough the plaintiff cites particular misleading statements by IBM regarding the reliability of the IBM Deskstar 75GXP, he nowhere states in his complaint that he saw any of these statements before he purchased or came into possession of his hard drive. If the plaintiff did not see any of these statements, they could not have been the cause of his injury.

*Id. at 47*; *see also Sutherland v. Remax* 2000, No. 22405/2007, 2008 NY Slip Op 51701U, at *5 (Sup. Ct. Aug. 7, 2008) (dismissing Section 349 complaint because the plaintiff failed to allege sufficient facts to demonstrate that it had sustained damages; "There are no allegations that Sutherland observed or was influenced by any advertisements by Wells Fargo.").

Plaintiff's Complaint here suffers from a similar flaw. While he vaguely asserts that he "took into account the way Defendants represented the speed and performance of the 3G network and the iPhones," the only specific misrepresentations that he directly attributes to ATTM are statements made in a July 23, 2008 blog posting and a August 20, 2008 internet news article regarding network performance. Compl. ¶¶ 20, 24. Plaintiff never states whether he saw the blog or news article prior to the time he purchased his iPhone and signed up for ATTM service. *See Gale*, 781 N.Y.S.2d at 47; *Sutherland*, 2008 NY Slip Op 51701U, at *5. He fails to specify

the date on which he purchased his iPhone or entered into the Wireless Service Agreement. Compl. ¶ 31 ("In the summer of 2008, Plaintiff purchased an iPhone and signed a Service Plan with AT&T."). Thus, it is impossible to tell from the face of his Complaint whether the statements predated his purchase of an iPhone and ATTM network services and could have caused any alleged injury. These pleadings are therefore insufficient as to his Section 349 claim. Further, because causation is also a necessary element of claims for intentional and negligent misrepresentation, these allegations are also insufficient. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 186-87 (2d Cir. 2004) (damage must be caused by reliance on a fraudulent representation); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (plaintiff must have relied on negligent misrepresentation to his detriment).

      **E.**      **Plaintiff's Negligent Representation Claim Suffers From Additional Flaws.**

                **1.**      **Plaintiff's Negligent Misrepresentation Claim Is Barred By the Economic Loss Doctrine.**

Plaintiff asserts a claim for negligent misrepresentation in Count 4. New York law is clear, however, that a plaintiff may not assert negligence-based tort claims where that tort claim is duplicative of a breach of contract claim. *See, e.g.*, *Ixe Banco, S.A. v. MBNA America Bank, N.A.*, No. 07-0432(LAP), 2008 U.S. Dist. LEXIS 19806, at *34-35 (S.D.N.Y Mar. 7, 2008) (dismissing negligent misrepresentation claim as duplicative of breach of contract claim). This rule, known as the economic loss doctrine, limits a plaintiff in those circumstances where there is no personal injury or property damage (*i.e.*, damage to property other than the product at issue), to an action in contract seeking recovery of contract damages. *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 220 (S.D.N.Y. 2007) (dismissing claim for negligent misrepresentation in light of contract governing the parties' relationship); *see also*

*Carmania Corp., N.V. v. Hambrecht Terrell International*, 705 F. Supp. 936, 938 (S.D.N.Y. 1989) ("If the damages suffered are of the type remediable in contract, a plaintiff may not recover in tort."); *Weiss*, 802 N.Y.S.2d at 176 ("[Plaintiffs'] tort claims were therefore properly characterized as being for 'economic loss' due to product failure, and were dismissed by the Supreme Court accordingly.").  The purpose of this doctrine is to keep "contract law 'from drown[ing] in a sea of tort.'"  *Carmania Corp.*, 705 F. Supp. at 938 (quoting *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 866 (1986)).

The economic loss doctrine applies in this case to bar plaintiff's claim for negligent misrepresentation.  Plaintiff asserts no claim for personal injury or property damage that would preclude the application of the doctrine.  *Carmania Corp.*, 705 F. Supp. at 938.  Rather, the essence of his claim is that he purchased an iPhone and paid for service under the Service Agreement, that he was dissatisfied with the "quality and compatibility of the 3G network protocol or standard included on the iPhone[]," and that he lost money as a result.  Compl. ¶¶ 5, 66.  Economic damages such as these are precisely the type that are available in a breach of contract action (if properly stated), and the economic loss doctrine therefore forecloses plaintiff's claim for negligent misrepresentation.  *See Manhattan Motorcars*, 244 F.R.D. at 220.  Indeed, application of the economic loss doctrine here fully comports with the purpose of the rule, as plaintiff has attempted to morph what is essentially a contract claim (albeit a misguided one) into a far-reaching tort case.  *Carmania Corp.*, 705 F. Supp. at 938.

### 2. No Special Relationship Exists Between ATTM and Plaintiff.

Plaintiff's negligent misrepresentation claim likewise fails because he has not established that he and ATTM have any special relationship giving rise to any duty to disclose information, which is necessary to state such a claim.  *Kimmell v. Schaefer*, 675 N.E.2d 450 (N.Y. 1996) (special relationship between the parties is a necessary element of a claim for negligent

misrepresentation); *Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02-2628 (RWS), 2002 U.S. Dist. LEXIS 20307, at *13 (S.D.N.Y. Oct. 24, 2002) (dismissing negligent misrepresentation claim arising from defendant's offer of special discounted pricing on computer equipment to plaintiff where plaintiff did not plead a special relationship).  "The existence of a special relationship" outside the context of professionals is generally governed by the weighing of three factors:  "whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose."  *Kimmell*, 675 N.E.2d at 454; *Fresh Direct, LLC v. Blue Martini Software, Inc.*, 776 N.Y.S.2d 301, 302-03 (App. Div. 2d Dep't 2004).

In the context of a commercial transaction such as this, where the parties occupy an ordinary buyer-seller relationship, courts are reluctant to infer a special relationship.  *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003) ("[T]he law of negligent misrepresentation requires a closer degree of trust between the parties than that of the ordinary buyer and seller in order to find reliance on such statements justified."); *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 63 (2d Cir. 1988) (special relationship exists "when the parties' relationship suggests a closer degree of trust and reliance than that of the ordinary buyer and seller") (citation and internal quotation marks omitted); *Phillips v. Am. Int'l Group, Inc.*, 498 F. Supp. 2d 690, 698 (S.D.N.Y. 2007) (dismissing claim for negligent misrepresentation arising from sale of annuities to plaintiff because "defendant's superior knowledge of the actuarial assumptions and the variables affecting [an insurance policy], acquired as a result of its experience in selling insurance," does not constitute the unique or specialized expertise

necessary to establish a special relationship).  Plaintiff pleads no facts establishing that he and ATTM have anything other than a typical buyer-seller relationship.

Nor is plaintiff's bare allegation that he relied on any representation made by ATTM sufficient to establish either a special relationship or a claim for negligent misrepresentation.  *See Sterling Nat'l Bank v. The Park Ave. Bank NA*, No. 601398/03, 2006 N.Y. Misc. LEXIS 2888, at *17 (Sup. Ct. June 26, 2006).  Rather, the law is clear that "the mere allegation that [plaintiff] relied on advice received from defendants does not state a claim for negligent misrepresentation."  *Id.*

## CONCLUSION

For all of the foregoing reasons, ATTM respectfully requests that this Court dismiss the Amended Class Action Complaint as to ATTM.

Dated:  November 24, 2008

Respectfully submitted,

**CROWELL & MORING LLP**


By: _/s/ Steven D. Greenblatt_ _____
        Steven D. Greenblatt (SG-5105)

153 East 53rd Street, 31st Floor
New York, New York 10022-4611
(212) 223-4000 (telephone)
(212) 223-4134 (facsimile)

<u>Of Counsel</u>:

Kathleen Taylor Sooy
Lynn E. Parseghian
Jennifer G. Knight
Patricia Freshwater
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500 (telephone)
(202) 628-5116 (facsimile)

Evan M. Tager
Archis A. Parasharami
Kevin S. Ranlett
**MAYER BROWN LLP**
1909 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)

_Attorneys for AT&T Mobility LLC_