UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AVI KOSCHITZKI, on Behalf of Himself and all Others Similarly Situated,

                Plaintiff,

              *v.*

APPLE INC. and AT&T MOBILITY LLC,

                Defendants.

Case No. 1:08-cv-04451-JBW-VVP

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RICHARD A. NAGAREDA IN SUPPORT OF AT&T MOBILITY LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS**

CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
(212) 895-4200

MAYER BROWN LLP
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3000

*Counsel for Defendant AT&T Mobility LLC*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................................... ii
BACKGROUND ........................................................................................................................ 3
DISCUSSION ............................................................................................................................. 4
I.     PROFESSOR NAGAREDA'S DECLARATION IS NOT PREMATURE ...................... 4
II.    PROFESSOR NAGAREDA'S DECLARATION IS SUFFICIENTLY RELIABLE TO BE CONSIDERED BY THE COURT IN DECIDING ATTM'S MOTION TO COMPEL ARBITRATION ............................................................................ 6
III.   PROFESSOR NAGAREDA'S DECLARATION DOES NOT CONTAIN IMPERMISSIBLE LEGAL OPINIONS ........................................................................... 9
CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Home Assur. Co. v. Masters' Ships Mgmt. S.A.*,
    2005 WL 159592 (S.D.N.Y. Jan. 25, 2005) ................................................................7

*Am. Hotel Int'l Group, Inc. v. CGU Ins. Co.*,
    2002 WL 1974052 (S.D.N.Y. Aug. 27, 2002) .............................................................5

*Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) ................................................5

*Barban v. Rheem Textile Sys., Inc.*, 147 F. App'x 222 (2d Cir. 2005) ...............................8

*Bensadoun v. Jobe-Riat*, 316 F.3d 171 (2d Cir. 2003) ......................................................4

*Chevron U.S.A. Inc. v. Consol. Edison Co.*,
    872 F.2d 534 (2d Cir. 1989)..........................................................................................5

*Chitayat v. Vanderbilt Assocs.*, 2007 WL 2890248 (E.D.N.Y. Sep 27, 2007) ..................7

*Colon v. Abbott Labs.*, 397 F. Supp. 2d 405 (S.D.N.Y. 2005).............................................9

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)....................................1, 6, 7, 9

*David L. Threlkeld & Co. v. Metallgesellshaft Ltd.*, 923 F.2d 245 (2d Cir. 1991)...........4

*Deputy v. Lehman Bros., Inc.*, 345 F.3d 494 (7th Cir. 2003)..............................................5

*Emig v. Electrolux Home Products, Inc.*,
    2008 WL 4200988 (S.D.N.Y. Sept. 11, 2008).............................................................9

*Francis v. AT&T Mobility LLC*, 2008 WL 5212171 (E.D. Mich. Dec. 12, 2008).....2, 9, 10

*Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620 (6th Cir. 2000) .............................7

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) ...........11

*Huddleston v. Herman & MacLean*, 640 F.2d 534 (5th Cir. Unit A 1981) ....................11

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ........................................................7

*Larson v. AT&T Mobility LLC*, No. 07-CV-5325 (JLL-ES) (D. N.J.)................................2

*Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255 (S.D. Cal. Aug. 11, 2008)....................2

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290 (2d Cir. 2008) ........................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ..........................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ...................................6

*Moss v. Rent-A-Center, Inc.*,
  2007 WL 2362207 (E.D.N.Y. Aug. 15, 2007) ..........................................................................5

*New York v. Solvent Chem. Co.*, 2006 WL 2640647 (W.D.N.Y. Sept. 14, 2006) ..........................7

*Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120 (2d Cir. 2006) ...................6

*Pereira v. Cogan*, 281 B.R. 194 (S.D.N.Y. 2002) .........................................................................11

*Silberman v. Innovation Luggage, Inc.*,
  2002 WL 31175226 (S.D.N.Y. Sept. 30, 2002) .........................................................................5

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) .............................................................11

*United States v. Scop*, 846 F.2d 135 (2d Cir. 1988) ................................................................11, 12

*Walters v. AT&T Mobility LLC*, No. 08-CV-2484-JLH (E.D. Ark.) ...............................................2

**Rules**

Fed. R. Evid. 702 ......................................................................................................................1, 6, 7

Plaintiff Avi Koschitzki has moved to strike the declaration of Professor Richard A. Nagareda, which defendant AT&T Mobility LLC ("ATTM") submitted in support of its motion to compel arbitration. Koschitzki argues that Professor Nagareda's declaration should be stricken for three reasons. First, he contends that expert testimony such as Professor Nagareda's is "inappropriate" "at the current stage of this litigation"—*i.e.*, at the motion-to-compel-arbitration stage. Opp. to ATTM's Mot. to Compel Arbitration ("Opp. to Mot. to Compel Arb.") 12–13 (Dkt. No. 38). Second, Koschitzki asserts that the testimony is inadmissible under Federal Rule of Evidence 702 because (he claims) Professor Nagareda "expresses opinion based solely" upon "subjective belief" and, in Koschitzki's view, the testimony does not comply with the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Mot. to Strike Dec. of Richard Nagareda ("Mot. to Strike") 4 (Dkt. No. 40-2). Third, Koschitzki contends that Professor Nagareda's testimony consists of impermissible "legal opinion." *Id*. at 5.

Each of Koschitzki's objections is baseless. To begin with, it is well settled that evidence of all kinds—including expert testimony—may be submitted in support of and in opposition to a motion to compel arbitration. Thus, Koschitzki's assumption that it was premature for ATTM to submit Professor Nagareda's declaration is meritless.

Moreover, Professor Nagareda's conclusions in fact are not, as Koschitzki alleges, based on mere "subjective belief." To the contrary, his testimony rests upon basic economic principles and undisputed facts regarding small claims courts, fee-shifting rules, and statutory-damages provisions. And beyond that plainly mistaken allegation, Koschitzki has not called any aspect of the reliability of Professor Nagareda's testimony into question. Merely citing *Daubert*, without more, does not entitle a party challenging the admissibility of expert testimony to a full-blown evidentiary hearing or to have all expert testimony simply excluded.

Finally, Koschitzki is mistaken in contending that Professor Nagareda's declaration is an impermissible legal opinion. The declaration does not center on legal conclusions. Quite the contrary: Professor Nagareda is testifying as a fact witness about his role in reviewing a draft version of ATTM's arbitration provision, and as an expert on the market for legal services for small-dollar consumer claims. His testimony is relevant to—and refutes—Koschitzki's assertions (unsupported by evidence) that, under ATTM's dispute-resolution system, "few if any iPhone users would undertake the effort to bring a claim." Opp. to Mot. to Compel Arb. 16. In any event, there is little chance that the Court could be led astray by Professor Nagareda's testimony. The rule against expert legal opinions is designed to protect juries from being bamboozled into ignoring a judge's instructions. When, as here, the Court itself sits as the trier of fact, there is no reason to worry that the testimony would be given undue weight.

Indeed, the only two courts to have ruled on similar motions to strike Professor Nagareda's declarations in other cases have denied the motions outright. *See* Order, *Francis v. AT&T Mobility LLC*, 2008 WL 5212171, at *1 (E.D. Mich. Dec. 12, 2008); Order, *Laster v. T-Mobile USA, Inc.*, 2008 WL 5216255, at *2 n.1 (S.D. Cal. Aug. 11, 2008), *appeal pending*, No. 08-56394 (9th Cir.).[1] This Court should reach the same conclusion..

---

[1] Although Koschitzki cites other cases in which ATTM has submitted declarations by Professor Nagareda—and even goes so far as to attach a pending motion to strike one such declaration—he fails to mention either *Francis* or *Laster*. *See*, *e.g.*, Mot. to Strike 5 (citing *Larson v. AT&T Mobility LLC*, No. 07-CV-5325 (JLL-ES) (D. N.J.) (decision on plaintiff's motion to strike still pending)); Opp. to Mot. to Compel Arb. 13 (citing *Walters v. AT&T Mobility LLC*, No. 08-CV-2484-JLH (E.D. Ark.) (plaintiff voluntarily dismissed lawsuit without contesting Professor Nagareda's declaration)).

## BACKGROUND

Avi Koschitzki is an ATTM customer who resides in New York.[2] On at least two occasions, Koschitzki agreed to ATTM's terms of service, which require both parties to pursue all disputes in individual arbitration or small claims court. Under ATTM's arbitration provision, customers arbitrate for free and are entitled to statutory attorneys' fees to the same extent as they would be in court. In addition, the ATTM provision offers customers the prospect of receiving much greater relief than a court could award. Specifically, if the arbitrator were to award a customer more than ATTM's last written settlement offer, the customer would receive $5,000 (if that figure exceeds the arbitrator's award), plus double attorneys' fees.

Koschitzki filed this putative class-action lawsuit against Apple Inc. ("Apple") in October 2008. Shortly after Apple removed the case to this Court and Koschitzki amended his complaint to add ATTM as a defendant, ATTM moved to compel arbitration. In addition to opposing the arbitration motion, Koschitzki seeks to strike the declaration of Professor Richard A. Nagareda in support of the motion. Opp. to Mot. to Compel Arb. 12–14; Mot. to Strike 2–6. Professor Nagareda, a law professor at Vanderbilt University, is an expert in the field of aggregate dispute resolution generally and class action litigation in particular. Nagareda Dec. ¶¶ 1–4. In his declaration, he explains that he reviewed a draft version of ATTM's arbitration provision and that he "ha[s] never seen an arbitration provision that has gone as far as this one to ensure that consumers and attorneys have adequate incentives to bring claims." *Id.* ¶¶ 10–11. He indicates that, in analyzing such a provision, he makes a "prediction of the market for legal representation of consumers in the absence of the opportunity to aggregate claims." *Id.* ¶ 7. In making that prediction, he considers "not only the costs and expenses associated with the bringing of claims (*e.g.*,

---

[2] A full statement of facts is set forth at pages 1–2 of ATTM's motion to compel arbitration.

filing fees, the costs of the arbitration proceeding, and litigation expenses) but also the potential financial upside for both consumer and attorney and the applicable regime for attorneys' fees (*e.g.*, whether fee shifting is available and whether the fee would be calculated by the lodestar method)." *Id.* Applying this analysis to ATTM's arbitration provision, Professor Nagareda concludes that the provision "reduces dramatically the cost barriers to the bringing of individual consumer claims, is likely to facilitate the development of a market for fair settlements of such claims, and provides financial incentives for consumers (and their attorneys, if any) to pursue arbitration in the event that they are dissatisfied with whatever offer ATTM has made to settle their dispute." *Id.* ¶ 11.

**DISCUSSION**

**I.     Professor Nagareda's Declaration Is Not Premature.**

Koschitzki asserts that Professor Nagareda's declaration must be struck because expert testimony "at the current stage of this litigation is inappropriate." Opp. to Mot. to Compel Arb. 12–13. That contention is wholly without merit. The Second Circuit has squarely held that "[i]n the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), the court applies a standard similar to that applicable for a motion for summary judgment."[3] *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (internal citation omitted). Indeed, Koschitzki himself acknowledges in his brief that courts resolve "motion[s] to compel arbitra-

---

[3]     Although a motion to compel arbitration is similar in some ways to a motion for summary judgment (including the parties' right to submit evidence), the Second Circuit has cautioned that the two are not completely analogous. Unlike a motion for summary judgment, in ruling upon a motion to compel arbitration, the court should not "resolve[] all ambiguities in favor of the nonmoving party" because "federal policy strongly favors arbitration." *David L. Threlkeld & Co. v. Metallgesellshaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991). In addition, a motion to compel arbitration cannot be denied simply because "issues of fact exist[] as to whether the asserted claims [are] arbitrable." *Id.* The motion should be denied only if those "issues of fact" are actually resolved against the proponent of arbitration.

tion" by applying "'a standard similar to that of a motion for summary judgment.'" Opp. to Mot. to Compel Arb. 3 (quoting *Moss v. Rent-A-Center, Inc.*, 2007 WL 2362207, at *3 (E.D.N.Y. Aug. 15, 2007)). In ruling on a motion for summary judgment, the district court may rely on "any material that would be admissible or usable at trial." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008) (internal quotation marks omitted) (citing *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir. 1994)). Courts routinely permit experts to testify in support of or in opposition to motions to compel arbitration. *See*, *e.g.*, *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 505–08 (7th Cir. 2003) (analyzing affidavit of defendant's expert in considering enforceability of defendant's motion to compel arbitration); *Chevron U.S.A. Inc. v. Consol. Edison Co.*, 872 F.2d 534, 536 (2d Cir. 1989) (same). Accordingly, ATTM's submission of Professor Nagareda's declaration is not premature.

The two decisions on which Koschitzki relies (*see* Opp. to Mot. to Compel Arb. 13) are inapposite because neither involved a motion to compel arbitration. In *American Hotel International Group, Inc. v. CGU Insurance Co.*, 2002 WL 1974052 (S.D.N.Y. Aug. 27, 2002), the court criticized the parties for proposing to submit expert witnesses in an attempt to supplement a fully briefed motion to dismiss for failure to state a claim. *Id*. at *3 n.2. And in *Silberman v. Innovation Luggage, Inc.*, 2002 WL 31175226 (S.D.N.Y. Sept. 30, 2002), a party had failed to comply with an order to submit an expert report for an expert expected to testify at trial. *Id.* at *1–3.

Moreover, although Koschitzki objects in passing that he has not taken discovery on matters raised in Professor Nagareda's declaration (Opp. to Mot. to Compel Arb. 12–13), he failed to request it from ATTM. In any event, such discovery would be inappropriate because of the expense and delay it would occasion. As the Supreme Court has explained, the FAA "call[s] for an

expeditious and summary hearing, with only *restricted inquiry* into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (emphasis added). Otherwise, the expense of litigating the enforceability of the arbitration agreement threatens to eliminate the "simplicity, informality, and expedition" that is the point of agreeing to arbitrate. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). In addition, any such discovery would be unnecessary because arbitration must be compelled whether Professor Nagareda's declaration is admitted or not. As we explained in our motion to compel arbitration, New York law is clear that agreements to arbitrate on an individual basis—even ones that are much less pro-consumer than ATTM's arbitration provision—are fully enforceable. Mot. to Compel Arb. 6–8 (collecting cases).

## II. Professor Nagareda's Declaration Is Sufficiently Reliable To Be Considered By The Court In Deciding ATTM's Motion To Compel Arbitration.

Koschitzki contends that Professor Nagareda's declaration is inadmissible under Federal Rule of Evidence 702 and "*Daubert* and its progeny" because Professor Nagareda's opinions are "unequivocally based upon * * * subjective belief" and therefore are unreliable. Mot. to Strike 4 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)). Koschitzki also complains that "there has been no opportunity for Plaintiff or this Court to determine the reliability of the expert and the evidence or statements he seeks to introduce." Opp. to Mot. to Compel Arb. 13.

The fact that Koschitzki has invoked *Daubert*, however, does not trigger the need for a full-blown *Daubert* hearing. To the contrary, the Court enjoys "great latitude" in resolving Koschitzki's challenge to Professor Nagareda's declaration. *Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 133 (2d Cir. 2006). As the Supreme Court has explained, "[t]he trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate

reliability, as it enjoys when it decides *whether* that expert's relevant testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (emphasis in original). Indeed, this Court has "discretion[] * * * to avoid unnecessary 'reliability' proceedings in ordinary cases"—such as this one—"where the reliability of an expert's methods is properly taken for granted." *Id.*

Koschitzki's Rule 702 challenge to Professor Nagareda's declaration should be rejected summarily. To begin with, the purpose for the rule in *Daubert* and its progeny is "to protect juries from being bamboozled by technical evidence of dubious merit." *New York v. Solvent Chem. Co.*, 2006 WL 2640647, at *1 (W.D.N.Y. Sept. 14, 2006) (internal quotation marks omitted). That concern has little bearing here. It is the Court, not a jury, that will resolve Koschitzki's unconscionability challenge, and so "there is no concern with protecting a jury" from Professor Nagareda's proffered testimony. *Am. Home Assur. Co. v. Masters' Ships Mgmt. S.A.*, 2005 WL 159592, at *1 (S.D.N.Y. Jan. 25, 2005). When, as here, there is no jury "to protect * * * from dubious expert evidence," the court has even "greater flexibility in satisfying its gatekeeping function vis á vis expert testimony." *Chitayat v. Vanderbilt Assocs.*, 2007 WL 2890248, at *2 (E.D.N.Y. Sept. 27, 2007); *accord Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 635 (6th Cir. 2000).

More importantly, Koschitzki has not offered any serious reason to suspect that Professor Nagareda's testimony is so unreliable that it must be excluded. Koschitzki contends that Professor Nagareda's conclusion that "the terms of the arbitration provision would encourage consumers to file individual arbitration claims" is just Professor Nagareda's own "personal supposition," unsupported by "objective information." Mot. to Strike 4–5. But basic principles of economics support Professor Nagareda's conclusion that increasing a consumer's right of recovery in small-

damages cases to $5,000 increases his or her incentive to pursue a small claim, and that doubling an attorney's fee increases his or her incentive to accept a representation. That subsidies encourage the subsidized behavior is a well-established principle, not an article of faith. Moreover, Professor Nagareda does provide "objective information" in support of his conclusions. For example, he compares ATTM's fee-shifting procedure to the types of fee-shifting available in court (Nagareda Dec. ¶ 13), and the premium payable to customers in arbitration to "the median of the various states' jurisdictional limits for small claims court" (*id.*) and to statutory-damages provisions, the very purpose of which is to make litigation worth the candle (*id.* ¶ 14). Additional "objective information" is not required.

Koschitzki also asserts that Professor Nagareda's description of ATTM's arbitration provision as "favor[ing] consumers" is similarly subjective and unsupported by objective evidence. Mot. to Strike 3–5. But Professor Nagareda does not use that phrase in his declaration. Rather, based on his experience, he testifies that he has "never seen an arbitration provision that has gone as far * * * to ensure that consumers and attorneys have adequate incentives to bring claims" (Nagareda Dec. ¶ 11) and explains that various features of the provision operate to ensure that consumers may feasibly vindicate individual claims (*id.* ¶¶ 12–15).

Moreover, the cases on which Koschitzki relies in arguing to the contrary are either irrelevant or affirmatively undercut his argument. For instance, *Barban v. Rheem Textile Systems, Inc.*, 147 F. App'x 222 (2d Cir. 2005), provides a useful example of what ***actually*** constitutes "unreliable" expert opinion that should be excluded: proposed testimony to a jury that "demonstrate[s] bias, [a] lack[ of] concrete knowledge regarding many of the assumptions underlying [the expert's] conclusions," and the failure to "perform[] the types of studies that could * * * buttress[ the expert's] insufficient knowledge base." *Id*. at 223. None of these flaws exists in Pro-

fessor Nagareda's testimony. Nor does *Emig v. Electrolux Home Products, Inc.*, 2008 WL 4200988 (S.D.N.Y. Sept. 11, 2008), help Koschitzki. There, the district court **admitted** expert testimony by an engineer about whether the manufacturer's instructions for installing the freezer door handle on a refrigerator were misleading, concluding that it was unnecessary to consider the *Daubert* factors for assessing reliability in that context. *Id.* at *6–9. Indeed, the court admitted the testimony notwithstanding that the expert "could have done more test[ing] * * * and could have provided more support and detail for the conclusions he reached." *Id.* at *9. Finally, *Colon v. Abbott Laboratories*, 397 F. Supp. 2d 405 (S.D.N.Y. 2005), is inapt, as it addressed the reliability of a scientific expert's deduction of causation from a variety of complex epidemiological and immunological studies. The risk that bogus science might mislead a jury is not present here.

In sum, given Professor Nagareda's unchallenged qualifications and the unassailable logic underlying his analysis, his testimony is sufficiently reliable for the Court to consider in ruling on ATTM's motion to compel arbitration.

### III. Professor Nagareda's Declaration Does Not Contain Impermissible Legal Opinions.

Finally, Koschitzki's assertion that Professor Nagareda's declaration constitutes an impermissible "legal opinion" (Mot. to Strike 5) is wrong. Koschitzki has misunderstood the nature and purpose of Professor Nagareda's testimony. Professor Nagareda is not offering testimony in order to answer the ultimate legal question facing this Court—whether ATTM's arbitration provision is unconscionable under New York law. To the contrary, he is testifying as a fact witness and as an expert on the market for legal services for consumer claims.

For this reason, a federal district court in Michigan has rejected the identical challenge to Professor Nagareda's similar declaration in another case in which ATTM moved to compel arbitration. In *Francis v. AT&T Mobility LLC*, 2008 WL 5212171 (E.D. Mich. Dec. 12, 2008), the plaintiff moved to strike Professor Nagareda's declaration and deposition testimony, contending

that Professor Nagareda improperly offered legal conclusions regarding ATTM's arbitration provision. *Id*. at \*1. The court noted as a threshold matter that its discretion in resolving the issue was "at its zenith" because it, rather than a jury, would be resolving arbitrability. *Id*. The court then found that Professor Nagareda's conclusion that ATTM's arbitration provision "'provides financial incentives for consumers (and their attorneys, if any) to pursue arbitration'"[4] was a permissible ***factual opinion***, not an impermissible legal one: The "appropriate weight to be given to this factual opinion, if any," the court stated, "will be decided by the court." *Id.* The court therefore denied the motion to strike the declaration.

Koschitzki in fact concedes that Professor Nagareda does not actually testify "that he believes the arbitration provision purportedly at issue is or is not unconscionable." Mot. to Strike 5. But Koschitzki nonetheless maintains that "by stating that (1) he believes the terms and conditions are favorable to consumers"—which as noted above, misrepresents Professor Nagareda's declaration—"and (2) \* \* \* the language of the arbitration provision will encourage individual arbitration claims, Nagareda is openly asking this Court to draw legal conclusions regarding substantive unconscionability of the arbitration clause." *Id.* On one level, Koschitzki is correct: Professor Nagareda's testimony pertains to substantive unconscionability. But Koschitzki is mistaken in presuming that parties cannot submit expert testimony as to ***facts*** that bear on substantive unconscionability. It is no less permissible to submit expert evidence that is relevant to substantive unconscionability as it is to submit expert evidence that provides factual opinions bearing on any other legal question.

To be sure, Professor Nagareda occasionally refers to legal concepts, such as statutory-damages provisions, fee-shifting rules, and so forth. But as the Ninth Circuit has explained, "a

---

[4] This statement also appears in ¶ 11 of Professor Nagareda's declaration in this case.

witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotation marks omitted). For example, a lawyer may testify as to the "customary" interpretation of "boilerplate language" in a prospectus in order to support the conclusion that a company believed that "including such language * * * negate[d] any misleading effects" of other statements in the prospectus. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir. Unit A 1981), *aff'd in part*, *rev'd in part on other grounds*, 549 U.S. 375 (1983). The same logic applies here: Professor Nagareda's references to legal concepts merely provide context for his opinions about the incentives that ATTM's arbitration provision creates. And that testimony explains why the arbitration provision does not operate as an exculpatory clause, thereby refuting Koschitzki's theory of substantive unconscionability.

Finally, the three decisions on which Koschitzki relies (Mot. to Strike 5–6) are inapposite. In *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), the court actually rejected the challenge to the admission of an expert witness's arguably legal opinion, holding that the testimony was of a "general background nature" and therefore did "not usurp the jury's function of applying the law to the facts of the case." *Id*. at 1294–95. Similarly, in *Pereira v. Cogan*, 281 B.R. 194 (S.D.N.Y. 2002), the court admitted an expert opinion as to good corporate practice based on industry custom, because an expert may testify as to "factual conclusions * * * embodying legal conclusions that encroach upon the court's duty to instruct upon the law." *Id*. at 198. *See also Hangarter*, 373 F.3d at 1017. Although the expert testimony in *United States v. Scop*, 846 F.2d 135 (2d Cir. 1988), was excluded, it was because the witness repeatedly quoted the securities laws in labeling defendants "active participants" in a "manipulative and fraudulent scheme" (*id.* at 138), thus risking jury confusion (*id.* at 139–42). The court

went on to explain, however, that "[h]ad [the expert] merely testified that [the conduct] alleged here can create artificial price levels to lure outside investors, no sustainable objection could have been made." *Id.* at 140. The same is true here: Professor Nagareda's testimony involves factual statements and predictions, not legal conclusions. And, of course, there is no risk of jury confusion, because, as in *Francis*, this Court will itself resolve ATTM's motion to compel arbitration. Accordingly, Professor Nagareda's declaration does not present an improper legal opinion.

## CONCLUSION

The Court should deny Koschitzki's motion to strike Professor Nagareda's Declaration.

Dated: January 26, 2009

Respectfully submitted,

/s Steven D. Greenblatt
Steven D. Greenblatt (SG – 5105)
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
(212) 895-4200

Kathleen Taylor Sooy (*pro hac vice*)
Lynn E. Parseghian (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500

Archis A. Parasharami (*pro hac vice*)
Kevin S. Ranlett (*pro hac vice*)
MAYER BROWN LLP
1909 K St., NW
Washington, DC 20006
(202) 263-3000

*Counsel for Defendant AT&T Mobility LLC*

*Of counsel:*
Evan M. Tager
MAYER BROWN LLP
1909 K St., NW
Washington, DC 20006
(202) 263-3000