UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AVI KOSCHITZKI, On Behalf Of Himself
and all Others Similarly Situated,

                Plaintiff,

   v.

APPLE INC. and AT&T MOBILITY LLC,

                Defendants.

Civil Action No. 08 Civ. 4451 (JBW) (VVP)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

sf-2640940

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFF'S AFFIDAVIT IS PROCEDURALLY IMPROPER ON A MOTION TO DISMISS AND ALSO IS INSUFFICIENT TO CURE HIS FAILURE TO NOTIFY APPLE AND TENDER HIS IPHONE 3G TO APPLE UNDER WARRANTY. | 2 |
| | A. Plaintiff Concedes That New York Law Required Notice to Apple of the Alleged iPhone 3G Issues to Maintain an Express Warranty Claim. | 2 |
| | 1. Plaintiff's Affidavit Cannot Cure the Deficiencies in His Complaint. | 2 |
| | 2. Even Assuming the Affidavit Could be Considered, the Allegations Do Not Satisfy the Actual Notice Requirement. | 3 |
| | B. Constructive Notice Is Insufficient to Satisfy § 2-607. | 3 |
| III. | PLAINTIFF CANNOT IDENTIFY A PARTICULAR PURPOSE BEYOND ORDINARY USE, WHICH DEFEATS HIS IMPLIED WARRANTY CLAIM. | 5 |
| IV. | PLAINTIFF MUST IDENTIFY THE CONTRACT PURPORTEDLY BREACHED OR PLEAD ITS TERMS TO MAINTAIN A BREACH OF CONTRACT CLAIM. | 6 |
| V. | PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM MUST BE DISMISSED BECAUSE HE DOES NOT PLEAD A "SPECIAL RELATIONSHIP" AND SEEKS RECOVERY ONLY FOR ECONOMIC LOSS. | 7 |
| VI. | PLAINTIFF'S INTENTIONAL MISREPRESENTATION CLAIM FAILS TO MEET RULE 9'S SPECIFICITY REQUIREMENTS. | 8 |
| VII. | PLAINTIFF'S FAILURE TO ALLEGE THAT HE SAW THE ALLEGED MISREPRESENTATIONS DEFEATS HIS CAUSE OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW § 349. | 9 |
| VIII. | UNJUST ENRICHMENT AND RESTITUTION ARE NOT PROPERLY PLED, BECAUSE APPLE'S WRITTEN WARRANTY GOVERNS THE IPHONE 3G. | 9 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bell v. Manhattan Motorcars, Inc.*,
　No. 06 CV 4972 (GBD), 2008 U.S. Dist. LEXIS 58648 (S.D.N.Y. Aug. 4, 2008) .................3

*Berkshire Fashions v. F.W. Woolworth Co.*,
　682 N.Y.S.2d 172 (App. Div. 1st Dep't 1998) ........................................................................7

*Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*,
　514 N.Y.S.2d 1002 (App. Div. 3d Dep't 1987)........................................................................6

*City of New York v. Coastal Oil New York, Inc.*,
　No. 96 CIV 8667 (RPP), 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998) ....................................10

*Cornwall Bridge Pottery, Inc. v. Sheffield Pottery, Inc.*,
　No. 3:07cv1154 (WWE), 2008 U.S. Dist. LEXIS 26336 (D.Conn. April 2, 2008) .................8

*DeAngelis v. Timberpeg East, Inc.*,
　858 N.Y.S.2d 410 (App. Div. 3d Dep't 2008).........................................................................9

*Erie R.R. Co. v. Tompkins*,
　304 U.S. 64 (1938)..................................................................................................................2

*Fonte v. Bd. of Managers of Cont'l Towers Condo.*,
　848 F.2d 24 (2d Cir. 1988).......................................................................................................2

*Fresh Direct, LLC v. Blue Martini Software, Inc.*,
　776 N.Y.S.2d 301 (App. Div. 2d Dep't 2004).....................................................................2, 7

*FTC v. Verity Int'l, Ltd.*,
　443 F.3d 48 (2d Cir. 2006)....................................................................................................10

*Gale v. IBM*,
　781 N.Y.S.2d 45 (Sup. Ct. N.Y. County 2004) ......................................................................9

*Great-West Life & Annuity Ins. Co. v. Knudson*,
　534 U.S. 204 (2002)..............................................................................................................10

*Hubbard v. Gen'l Motors Corp.*,
　No. 95 Civ. 4362 (AGS), 1996 U.S. Dist. LEXIS 6974 (S.D.N.Y. May 22, 1996) ..........3, 4, 6

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
　227 F.3d 8 (2d Cir. 2000).........................................................................................................8

*J&R Slaw, Inc. v. All Sys. Precase*,
　07CV5022 (ADS) (AKT) 2008 U.S. Dist. LEXIS 53747 (E.D.N.Y. July 11, 2008)................6

*Jernow v. Wendy's Int'l*,
 No. 07 Civ. 3971 (LTS) (THK), 2007 U.S. Dist. LEXIS 85104
 (S.D.N.Y. Nov. 15, 2007) ................................................................................................. 9

*JP Morgan Chase Bank v. Winnick*,
 350 F. Supp. 2d 393 (S.D.N.Y. 2004) ................................................................................ 7

*Koenig Iron Works, Inc. v. Sterling Factories, Inc.*,
 No. 89 Civ. 4257 (THK), 1999 U.S. Dist. LEXIS 3973 (S.D.N.Y. Mar. 30, 1999) ............. 4

*Losquadro v. FGH Realty Credit Corp.*,
 959 F. Supp. 152 (E.D.N.Y. 1997) .................................................................................... 8

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
 No. 07 Civ. 978 (SAS), 2007 U.S. Dist. LEXIS 49641 (S.D.N.Y. July 9, 2007) ........... 7, 8

*Martin v. Chuck Hafner's Farmers Mkt.*,
 801 N.Y.S.2d 778 (Sup. Ct. N.Y. County 2005) ............................................................... 5

*Mastrangelo v. Howmedica*,
 903 F. Supp. 439 (E.D.N.Y. 1995) .................................................................................... 5

*Neri v. R.J. Reynolds Tobacco Co.*,
 No. 98-CV-371 (FJS/GJD), 2000 U.S. Dist. LEXIS 22223 (N.D.N.Y. Sept. 28, 2000) ..... 2

*Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*,
 597 N.Y.S.2d 884 (N.Y. Sup. Ct. 1993),
 *aff'd*, 607 N.Y.S.2d 808 (App. Div. 4th Dep't 1994) ........................................................ 8

*Oechsner v. Connell Ltd. P'ship*,
 101 Fed. Appx. 849 (2d Cir. 2004) .................................................................................... 8

*Payday Advance Plus, Inc. v. Findwhat.com, Inc.*,
 478 F. Supp. 2d 496 (S.D.N.Y. 2007) ................................................................................ 8

*Simmons v. Washing Equip. Techs.*,
 857 N.Y.S.2d 412 (App. Div. 4th Dep't 2008) .................................................................. 5

*Strojmaterialintorg v. Russian Am. Commercial Corp.*,
 815 F. Supp. 103 (E.D.N.Y. 1993) .................................................................................... 9

*Tompkins v. R.J. Reynolds Tobacco Co.*,
 92 F. Supp. 2d 70 (N.D.N.Y 2000) .................................................................................... 3

STATUTES

Fed. R. Civ. Pro.
    9(b) ............................................................................................................................8
    12(b)(6) .....................................................................................................................2

N.Y. Gen. Bus. Law
    § 349 .........................................................................................................................9

N.Y.U.C.C.
    § 2-607 .....................................................................................................................3
    § 2-607(3)(a) ............................................................................................................2

C.P.L.R.
    § 3211(a)(7) .............................................................................................................2

# I. INTRODUCTION

Plaintiff effectively concedes that his complaint does not meet the requirements of Rule 12 and must be dismissed by his futile effort to shore up its weaknesses in a separate "affidavit" submitted with his opposition brief. An affidavit is not a complaint, nor does it substitute for one. As a matter of law, an affidavit cannot be submitted to cure the deficiencies in a complaint in opposition to a motion to dismiss. Most fundamentally, however, if plaintiff were able to meet the requirements of Rule 12, he would have amended his complaint to so. He did not and cannot.

The fatal flaw in plaintiff's complaint is his failure to provide Apple with the pre-litigation notice required for a warranty claim. Plaintiff cannot cure this flaw in an amended complaint or otherwise, because he did not give pre-litigation notice; no pleading or argument can change that fact. Accordingly, his warranty claim is barred.

Plaintiff's remaining claims are simply efforts to avoid the notice requirement by dressing up his warranty claim in other clothing. But plaintiff cannot end-run the warranty that governs issues of product defect between buyer and seller. Thus, plaintiff purports to plead a breach of contract claim—but the contract that governs plaintiff's claims is the warranty, and the warranty requires notice. Similarly, plaintiff's negligent misrepresentation claim is precluded by the existence of the express warranty. Where, as here, a contractual remedy applies (plaintiff's rights under the warranty) and there is only economic loss, a negligent misrepresentation cause of action is barred. Finally, plaintiff cannot rely on equitable claims for unjust enrichment and restitution to avoid the consequences of his failure to give notice. Equitable remedies are intended to afford relief to a plaintiff where no contract applies. The law is clear that equitable remedies are not available to enable a party that has failed to honor his contractual obligations to circumvent the contract.

For these reasons and those set forth below, Apple's motion should be granted and plaintiff's complaint should be dismissed.

## II. PLAINTIFF'S AFFIDAVIT IS PROCEDURALLY IMPROPER ON A MOTION TO DISMISS AND ALSO IS INSUFFICIENT TO CURE HIS FAILURE TO NOTIFY APPLE AND TENDER HIS IPHONE 3G TO APPLE UNDER WARRANTY.

### A. Plaintiff Concedes That New York Law Required Notice to Apple of the Alleged iPhone 3G Issues to Maintain an Express Warranty Claim.

Plaintiff concedes that a buyer is required to notify the seller of an alleged breach to maintain a claim for breach of warranty. (Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss and Strike ("Opp.") at 19); see N.Y.U.C.C. § 2-607(3)(a); *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-CV-371 (FJS/GJD), 2000 U.S. Dist. LEXIS 22223, at *66 (N.D.N.Y. Sept. 28, 2000). Similarly, there is no dispute that the requisite notice is not pled in the Amended Complaint. Consequently, plaintiff's warranty claims must be dismissed.

Plaintiff's attempts to revive his express warranty claim are unavailing. Plaintiff attempts to create actual notice by submitting a vague affidavit to supplement his deficient pleadings. Such an affidavit is improper and may not be considered on a motion to dismiss. In any event, the affidavit does not contain the factual allegations necessary to plead notice. Second, plaintiff contends that consumer complaints and this lawsuit constituted constructive notice. Both New York courts and courts in other jurisdictions, however, have concluded that constructive notice is not sufficient; actual pre-lawsuit notice is required.

#### 1. Plaintiff's Affidavit Cannot Cure the Deficiencies in His Complaint.

Plaintiff's affidavit is entirely improper on a motion to dismiss and may not be considered. *See, e.g., Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) (when faced with extraneous materials from the plaintiff, a district court may "exclude the additional material and decide the motion on the complaint alone"). Indeed, the fact that "plaintiff filed an affidavit demonstrates the insufficiency of his pleadings.[1] Plaintiff did not and cannot cite a case in which a federal court denied a Rule 12(b)(6) motion based on a factual affidavit supplementing the complaint. Plaintiff's affidavit must be disregarded.

---

[1] Plaintiff relies on a New York state case in which the court explicitly relied on a New York procedural rule, C.P.L.R. § 3211(a)(7). *Fresh Direct, LLC v. Blue Martini Software, Inc.*, 776 N.Y.S.2d 301 (App. Div. 2d Dep't 2004). The instant case is in *federal court* and *federal* procedural rules apply. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

### 2. Even Assuming the Affidavit Could be Considered, the Allegations Do Not Satisfy the Actual Notice Requirement.

Even if plaintiff's affidavit could be considered, the affidavit is insufficient to satisfy § 2-607's actual notice requirements for at least two reasons. Notice must precede the filing of the complaint; plaintiff's affidavit is tellingly silent on this point. (Affidavit in Opposition ("Koschitzki Aff.").) Moreover, plaintiff's affidavit is hopelessly vague; it never demonstrates that plaintiff gave Apple the requisite notice of the nature of the claimed defect and an opportunity to cure. Plaintiff declares that he "notified" Apple of problems with his iPhone 3G by talking to an unnamed retail employee in the Las Vegas Apple Store. Notably, plaintiff does not provide any details of his discussion, including the date he allegedly complained, to whom he complained, or, most importantly, what (if any) problems with his iPhone he allegedly complained about.

Plaintiff's ambiguity regarding the date of his alleged "notice" to Apple is fatal. Notification occurring *after* the filing of the Amended Complaint is legally insufficient. (Levitt Decl., Ex. B, *Smith* Opinion at 2.) Had plaintiff been able to allege the requisite pre-litigation notice, he would have done so–if not in his Amended Complaint, then certainly in his affidavit. His failure to do so requires that his express warranty claim be dismissed. *See, e.g., Hubbard v. Gen'l Motors Corp.*, No. 95 Civ. 4362 (AGS), 1996 U.S. Dist. LEXIS 6974, at *14 (S.D.N.Y. May 22, 1996).[2]

### B. Constructive Notice Is Insufficient to Satisfy § 2-607.

Plaintiff also seeks to rely on allegations in his Amended Complaint regarding customer complaints posted on websites, and the filing of this lawsuit, as "constructive notice." Plaintiff's

---

[2] Moreover, plaintiff's supplemental affidavit does not allege that he actually saw a single iPhone 3G advertisement. Plaintiff tacitly concedes that he does not allege he actually saw the representations at issue, only stating, equivocally, that he "*either* directly or *indirectly* relied upon" unidentified representations. (AC ¶ 6 (emphasis added).) There is no such thing as "indirect" reliance. *See, e.g., Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 93 (N.D.N.Y 2000) (granting summary judgment against plaintiff on express warranty claim where he did not establish that he saw or knew of the statements allegedly constituting the express warranty and thus could not have relied upon them). Unidentified statements that plaintiff apparently did not see or rely upon cannot possibly be, as he suggests, the "basis of his bargain" with Apple. Plaintiff cites inapposite contract cases where the representation at issue was a *written statement contained within the parties' contract. See, e.g., Bell v. Manhattan Motorcars, Inc.*, No. 06 CV 4972 (GBD), 2008 U.S. Dist. LEXIS 58648 (S.D.N.Y. Aug. 4, 2008) (car dealership's written promise to sell plaintiff a special Porsche in exchange for $1,000 was an express warranty). That is not this case.

effort is without merit, however, because constructive notice is insufficient to satisfy § 2-607 as a matter of law. *See, e.g., Hubbard*, 1996 U.S. Dist. LEXIS 6974, at *13 (applying New York law). Further, in a related iPhone 3G case, the court *rejected* plaintiffs' argument that general awareness through lawsuits, consumer complaints, and software upgrades[3] constituted sufficient notice. "[A] general awareness on Apple's part of alleged defects in its iPhone does not extinguish the purposes of the notice requirement, nor does it substitute for that requirement . . . ." (Levitt Decl., Ex. B, *Smith* Opinion at 4).[4]

As the *Smith* court held in rejecting an identical constructive notice argument to that advanced by plaintiff here: "Had Apple received notice from plaintiffs that the particular iPhones bought by them were defective, Apple could have taken a direct route towards fixing the alleged defects or could have reached a settlement with plaintiffs at a time before litigation expenses were incurred. Plaintiffs did not afford Apple statutorily guaranteed opportunities." (Levitt Decl., Ex. B, *Smith* Opinion at 4); *Koenig*, 1999 U.S. Dist. LEXIS 3973, at *18-19 n.10 (noting the purpose of 2-607's notification requirement" is "to enable a seller to cure its breach or make repairs.").[5] Plaintiff Koschitzki likewise deprived Apple of this statutory entitlement.

---

[3] Software upgrades cannot address iPhone 3G hardware issues. Apple's One-Year Limited Warranty covers iPhone 3G hardware defects not resulting from user abuse, including hardware defects affecting connectivity with the 3G network as well as cracked plastic backplates. Plaintiff nonetheless argues that the software upgrades and patches issued by Apple (standard in the industry) are tantamount to a repair attempt. Software upgrades do not, and cannot, address hardware defects, such as a cracked backplate. Moreover, Apple's software upgrades were general product improvements issued to *all* users of the iPhone 3G, not repair attempts specific to plaintiff's individual iPhone 3G and to his iPhone 3G's specific alleged problems.

[4] The only New York case plaintiff cites in support of his constructive notice argument, *Koenig Iron Works, Inc. v. Sterling Factories, Inc.*, No. 89 Civ. 4257 (THK), 1999 U.S. Dist. LEXIS 3973, at *18-19 (S.D.N.Y. Mar. 30, 1999), is distinguishable. In *Koenig*, plaintiff gave *actual* notice and the opportunity to cure when, upon receiving delivery of the balcony rail system at issue, it "promptly notified" the defendant-seller that there was a problem with the product and asked the defendant to "conduct its own inspection of the railings." *Id.* at *4.

5 Plaintiff attempts to distinguish the *Smith* case, arguing that the *Smith* plaintiffs admitted to not having notified Apple. (Opp. at 21.) That is simply incorrect and is also a distinction without a difference. Like plaintiff Koschitzki, the *Smith* plaintiffs did not plead actual notice and instead argued constructive notice was sufficient notice under the Alabama analog to § 2-607. On that basis, Judge Acker dismissed the express and implied warranty claims without leave to amend. The same result is appropriate here.

## III. PLAINTIFF CANNOT IDENTIFY A PARTICULAR PURPOSE BEYOND ORDINARY USE, WHICH DEFEATS HIS IMPLIED WARRANTY CLAIM.[6]

"At a minimum, [a claim for breach of the implied warranty of fitness for a particular purpose] must allege that the buyer purchased the accused goods for a 'particular purpose' as opposed to their 'ordinary purpose.'" *Mastrangelo v. Howmedica*, 903 F. Supp. 439, 443 (E.D.N.Y. 1995) (citing N.Y.U.C.C. § 2-315 cmt. 2 (McKinney 1993)) (granting summary judgment on implied warranty claim where plaintiff failed to identify non-ordinary use). Plaintiff's opposition actually *invokes* the term "ordinary use" to describe his implied warranty allegations. (Opp. at 16 (alleging "the iPhone is not fit for its *ordinary use* because . . . of its inability to access the 3G network") (emphasis added).) Plaintiff relies on a single allegation purportedly identifying a particular purpose: that AT&T (*not* Apple) was aware of iPhone 3G buyers' "particular demands— including personal and business uses" and developed "the 3G network to accommodate them." (Opp. at 17.) But "personal and business use" is the epitome of an iPhone 3G's ordinary use by every purchaser.

Moreover, New York law requires the seller to have actual knowledge of the buyer's particular purpose prior to purchase. *See Martin v. Chuck Hafner's Farmers Mkt.*, 801 N.Y.S.2d 778 (Sup. Ct. N.Y. County 2005) (citing U.C.C. § 2-315 cmt. 2). Plaintiff does not allege that he disclosed to Apple his desire to use his iPhone 3G for a particular purpose.[7] Without such an allegation, plaintiff's claim for breach of the implied warranty of fitness for a particular purpose cannot survive a motion to dismiss.[8]

---

[6] Plaintiff alleges no cause of action for breach of the implied warranty of merchantability in his Amended Complaint. As a result, Apple declines to address plaintiff's argument.

[7] The case cited by plaintiff, *Simmons v. Washing Equip. Techs.*, 857 N.Y.S.2d 412, 414 (App. Div. 4th Dep't 2008), is inapposite. In that case, the court found that a warranty of fitness for a particular purpose was implied where the water reclaim unit merchant held itself out as an expert in the field of car wash construction, was aware that the plaintiff intended to use the unit in the operation of the car wash, and where the plaintiff justifiably relied on the merchant's alleged expertise in making his purchase. The same is not true here. In this case, plaintiff alleges only that he purchased a consumer electronic product for general "personal and business uses" (Opp. at 17); he alleges no particular purpose nor does he allege that Apple had any specific knowledge whatsoever of any desire on his part to use the product for a particular use.

[8] As discussed *supra*, notice is required to maintain a claim for breach of warranty, including an implied warranty. Because plaintiff does not plead notice, his implied warranty claim is equally

(Footnote continues on next page.)

## IV. PLAINTIFF MUST IDENTIFY THE CONTRACT PURPORTEDLY BREACHED OR PLEAD ITS TERMS TO MAINTAIN A BREACH OF CONTRACT CLAIM.

To adequately plead breach of contract under New York law, a complaint must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*, 514 N.Y.S.2d 1002, 1003 (App. Div. 3d Dep't 1987). Plaintiff's Amended Complaint fails to identify any specific contract with Apple. (AC ¶¶ 94-98.) That fact alone ends the inquiry and justifies dismissal. Plaintiff protests that he need not "quote the contractual provisions verbatim." (Opp. at 9 (citing *Howell v. Am. Airlines, Inc.*, No. 05-CV-3628 (SLT), 2006 U.S. Dist. LEXIS 89229, at *10 (E.D.N.Y. Dec. 11, 2006)).) That selective quote, however, ignores the *Howell* court's more fundamental holding that, "[i]n order to adequately allege the existence of an agreement, a plaintiff must plead the provisions of the contract upon which the claim is based." *Id.* at *9 (dismissing breach of contract claim where terms insufficiently alleged) (internal quotations omitted).[9] Plaintiff simply has not done so.

Plaintiff's effort to cure this omission in his opposition brief and affidavit is unavailing. As set forth above, pleading deficiencies cannot be cured by an affidavit or an argument in an opposition brief. *See* Section I.A, *supra*.

Even more fundamentally, the two contracts[10] identified in plaintiff's affidavit cannot be the basis for a breach of contract claim against Apple. The contracts are AT&T's Terms of Service and Apple's One-Year Limited Warranty. Apple is not a party to AT&T's Terms of Service. Further,

---

(Footnote continued from previous page.)

infirm on that ground. *See Hubbard*, 1996 U.S. Dist. LEXIS 6974, at *13-14; *see also* Levitt Decl., Ex. B, *Smith* Opinion, at 3.

[9] The other case cited by plaintiff is distinguishable on its facts. *J&R Slaw, Inc. v. All Sys. Precase*, No. 07CV5022 (ADS) (AKT), 2008 U.S. Dist. LEXIS 53747, at *9 (E.D.N.Y. July 11, 2008). There, the issue was the viability of a claim for breach of an executory construction contract. The court denied the defendant's motion to dismiss the claim, finding that even though the contract itself was not appended to the complaint, the plaintiff had alleged the existence of a specific contract, each party's duties, and the agreed-upon price. *Id.* Plaintiff here does not identify the contract he believes was breached nor does he allege the specifics of that alleged contract.

[10] The opposition also refers to unidentified other "separate executory contracts," without any further discussion of these contracts or their terms. (Opp. at 2.) Reference to unidentified contracts with unstated terms obviously does not meet the requirements of Rule 12.

plaintiff cannot state a claim for breach of Apple's Limited Warranty because he does not and cannot allege that he complied with its terms, including notice. *See* Section I, *supra*. Moreover, while plaintiff purports to rely on Apple's Limited Warranty, he simultaneously disputes its terms. (Opp. at 10; Koschitzki Aff. ¶ 7.) Plaintiff cannot have it both ways. He cannot deny the terms of Apple's warranty but at the same time seek to rely on it as the basis of his contract claim – what, then are the terms of the "contract" he relies on? Plaintiff cannot allege "breach" of a contract with unknown terms.

## V. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM MUST BE DISMISSED BECAUSE HE DOES NOT PLEAD A "SPECIAL RELATIONSHIP" AND SEEKS RECOVERY ONLY FOR ECONOMIC LOSS.

The conventional consumer relationship between a buyer and a seller—the relationship between plaintiff and Apple—does not constitute the "special relationship" required to sustain a negligent misrepresentation claim. *See JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 401 (S.D.N.Y. 2004). The purpose of New York's "special purpose" rule is clear: to prevent litigants from transforming contract claims into tort claims. *Id.* Neither of the cases plaintiff cites supports his contention that a traditional buyer/seller relationship is sufficient to convert his warranty claims into tort claims. *See Fresh Direct*, 776 N.Y.S. 2d. at 303 (finding special relationship sufficiently pled where defendant was involved in "assessing the plaintiff's software needs for several months" and parties entered into a negotiated contract); *Berkshire Fashions v. F.W. Woolworth Co.*, 682 N.Y.S.2d 172, 173 (App. Div. 1st Dep't 1998) (involving parties who "had done business for over 40 years" and parties entered in to an exclusive supplier contract). The standard retail consumer transaction between Apple and plaintiff is entirely distinct from the on-going business relationships at issue in *Fresh Direct* and *Berkshire Fashions*. The absence of a "special relationship" here requires dismissal of plaintiff's negligent misrepresentation claim.

Negligent misrepresentation claims are also barred where, as here, there is no damage alleged other than economic loss and the plaintiff has a remedy in contract. *See Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, No. 07 Civ. 978 (SAS), 2007 U.S. Dist. LEXIS 49641, at

*35 (S.D.N.Y. July 9, 2007). Having brought express warranty and breach of contract claims against Apple, plaintiff's negligent misrepresentation claim is barred. *Id.*

Plaintiff does not even attempt to distinguish the New York authorities cited in Apple's motion to dismiss. (MTD at 14.) Instead, plaintiff cites a District of Connecticut case for the proposition that the economic loss doctrine does not bar his claim because the negligent representations at issue "do not form the basis" of his contractual claims. (Opp. at 30-31 (citing *Cornwall Bridge Pottery, Inc. v. Sheffield Pottery, Inc.*, No. 3:07cv1154 (WWE), 2008 U.S. Dist. LEXIS 26336, at *1 (D.Conn. April 2, 2008).) That is not the issue here, however; plaintiff's negligent misrepresentation claims are barred because Apple's warranty provides a contractual remedy for his claims. That he has failed to comply with the terms of the warranty does not change the fact that it applies, and bars his negligent misrepresentation claims. *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 18 (2d Cir. 2000) (citing *5th Ave. Chocolatiere, Ltd. v. 540 Acquisition Co.*, 712 N.Y.S.2d 8, 11 (N.Y. App. Div. 2000)); *Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*, 597 N.Y.S.2d 884, 887 (N.Y. Sup. Ct. 1993), *aff'd*, 607 N.Y.S.2d 808 (App. Div. 4th Dep't 1994).[11] Were the rule otherwise, a party that failed to honor the terms of its contract would be rewarded with tort damages. That is not the law.

## VI. PLAINTIFF'S INTENTIONAL MISREPRESENTATION CLAIM FAILS TO MEET RULE 9'S SPECIFICITY REQUIREMENTS.

"When pleading a fraudulent concealment claim, a plaintiff must comply with the particularity requirements of Federal Rule of Civil Procedure 9(b)." *Payday Advance Plus, Inc. v. Findwhat.com, Inc.*, 478 F. Supp. 2d 496, 506 (S.D.N.Y. 2007). "To satisfy the particularity requirement of Rule 9(b), the allegations should specify the time, place, speaker, and sometimes content of the alleged misrepresentations." *Losquadro v. FGH Realty Credit Corp.*, 959 F. Supp. 152, 157 (E.D.N.Y. 1997) (citations omitted); *see also Oechsner v. Connell Ltd. P'ship*, 101 Fed.

---

[11] Moreover, *Cornwall Bridge Pottery* is inapposite. The *Cornwall* court rejected the defendant's invocation of the economic loss doctrine, finding a narrow exception to the rule "where a party sustains damages to property other than that subject to the contract at issue." *Cornwall Bridge Pottery*, 2008 U.S. Dist. LEXIS 26336, at *5.

Appx. 849, 851 (2d Cir. 2004). Here, plaintiff's vague and conclusory fraud allegations fall far short of that standard. Plaintiff's argument that it is sufficient to allege concealment is simply wrong; it is squarely contrary to established precedent. Plaintiff's intentional misrepresentation claim must be dismissed.

## VII. PLAINTIFF'S FAILURE TO ALLEGE THAT HE SAW THE ALLEGED MISREPRESENTATIONS DEFEATS HIS CAUSE OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW § 349.

Plaintiff has now had two opportunities to confirm that he saw and relied upon Apple's iPhone 3G advertisements in making his purchase. Tellingly, he has not done so and it is now clear that he cannot do so. Accordingly, his claim under GBL § 349 must be dismissed. *See Gale v. IBM*, 781 N.Y.S.2d 45, 47 (Sup. Ct. N.Y. County 2004) (dismissing plaintiff's § 349 claim for failure to "state[s] in his complaint that he saw any of these statements before he purchased [the product]. If the plaintiff did not see any of these statements, they could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiff's injury.")[12]

## VIII. UNJUST ENRICHMENT AND RESTITUTION ARE NOT PROPERLY PLED, BECAUSE APPLE'S WRITTEN WARRANTY GOVERNS THE IPHONE 3G.

Plaintiff's quasi-contractual claims of unjust enrichment and restitution fail as a matter of law where, as here, a written contract governs the claims at issue. Apple's written warranty covers precisely the issues raised in the Amended Complaint: iPhone 3G functionality, hardware, performance, and repairs. Thus, plaintiff's unjust enrichment claim must be dismissed. *See, e.g., Strojmaterialintorg v. Russian Am. Commercial Corp.*, 815 F. Supp. 103, 106 (E.D.N.Y. 1993) (dismissing plaintiff's unjust enrichment claim where "plaintiff's unjust enrichment claim [was] based directly on the legal duties governed by the written contract").[13]

---

[12] Plaintiff relies on two distinguishable cases to support his contention that he sufficiently pled causation. In *DeAngelis v. Timberpeg East, Inc.*, 858 N.Y.S.2d 410, 414 (App. Div. 3d Dep't 2008), plaintiff alleged defendants made *direct misrepresentations to him* about their ability to reproduce a home like the one in the ad; that is not true here. *Jernow v. Wendy's Int'l*, No. 07 Civ. 3971 (LTS) (THK), 2007 U.S. Dist. LEXIS 85104, at *6-9 (S.D.N.Y. Nov. 15, 2007), did not address the issue of causation at all, but rather that of injury.

[13] To avoid inevitable dismissal, plaintiff declares in his improperly filed supplemental affidavit that he "has reviewed the terms of the written 'warranty' . . . and do[es] not agree, at this stage of the proceedings, that they accurately reflect the terms of any warranty that governs [his] iPhone."
(Footnote continues on next page.)

Plaintiff's restitution claim must be dismissed for the same reason; it also rests on the alleged iPhone 3G issues governed by Apple's One-Year Limited Warranty. *See City of New York v. Coastal Oil New York, Inc.,* No. 96 CIV 8667 (RPP), 1998 WL 82927, at *7 (S.D.N.Y. Feb. 25, 1998). Moreover, plaintiff cites no authority for his argument that restitution is a legal, not an equitable, cause of action. In fact, his argument ignores his own pleadings. Plaintiff alleges that Apple "should not be permitted to retain [iPhone 3G] payments in equity and good conscience" and that retention of those payments "would be inequitable." (AC ¶¶ 92-93.) Contrary to plaintiff's suggestion in his opposition, the fact that restitution may consist of money returned ("restituted") to the plaintiff does not transform the cause of action into one at law. *See generally Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 214 (2002) (finding restitution claim alleging funds held by defendant that, in "good conscience," belong to plaintiff, would be equitable and not legal); *FTC v. Verity Int'l, Ltd.,* 443 F.3d 48, 66-67 (2d Cir. 2006) (emphasizing equitable restitution—as compared to legal restitution—extends to unjustly obtained funds in defendant's possession).

## CONCLUSION

For the reasons stated above, plaintiff's Amended Complaint must be dismissed.

Dated: New York, NY
February 17, 2009

MORRISON & FOERSTER LLP

By: _____
Jamie A. Levitt (JLevitt@mofo.com)

*Attorneys for Defendant* APPLE INC.
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000

---

(Footnote continued from previous page.)

(Koschitzki Aff. ¶ 7.) While his affidavit questions the terms of Apple's One-Year Limited Warranty, plaintiff does not dispute that it applies.