Koschitzki v. Apple Inc. et al                                                               Doc. 52

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                                               :
AVI KOSCHITZKI, on Behalf of Himself and                       :
all Others similarly situated,                                 :   Civil Action No. 08 Civ. 4451 (JBW) (VVP)
                                                               :
                    Plaintiff,                                 :
                                                               :
         v.                                                    :
                                                               :
APPLE INC. and AT&T MOBILITY LLC,                              :
                                                               :
                    Defendants.                                :
                                                               :
-------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
APPLE INC.'S MOTION TO MOTION TO STRIKE**

sf-2642182

Dockets.Justia.com

## PUNITIVE DAMAGES ARE NOT PERMISSIBLE FOR PUTATIVE CLASS ACTIONS ALLEGING VIOLATIONS OF GBL § 349.

Plaintiff's attempt to salvage his claim for improper *class-wide* punitive damages is without merit and must be rejected. New York law is unequivocal that punitive damages may not be awarded in a class action under GBL § 349. Accordingly, his claim for punitive damages must be stricken.

Section 901(b) of New York's Civil Practice Law and Rules states that "an action to recovery a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." Thus, as a matter of law, punitive damages are not available in class actions brought under GBL § 349. *See, e.g., Ridge Meadows Homeowners' Ass'n v. Tara Dev. Co.,* 665 N.Y.S.2d 361, 361 (N.Y. App. Div. 4th Dep't 1997). Plaintiff cites no authority whatsoever to the contrary, and there is none.

Similarly, plaintiff can point to no authority for his proposition that Apple's motion to strike is premature, and there is none. There is no possible set of facts or circumstances that would permit the classwide recovery of punitive damages on a GBL § 349 claim. Accordingly, there can be no justification for delaying a ruling on this issue, and plaintiff suggests none.

Further, plaintiff cites no authority – and there is none –for his suggestion that a class representative may individually seek punitive damages prior to class certification. Even if this were permissible, however, plaintiff's contention that he only asserts his claim for punitive damages on an individual basis (Opp'n at 31) is a flat misrepresentation. Plaintiff specifically seeks "[a]n Order awarding . . . punitive damages in favor of Plaintiff *and other Class Members* against Defendants for Defendants' violation of the GBL." (AC at 21 (emphasis added).) Plaintiff's GBL claim, and the damages he seeks, apply to the class as a whole. (AC at ¶ 90.)

For the reasons stated, plaintiff's demand for punitive damages on his GBL § 349 claim should be stricken.

Dated: New York, NY
       February 17, 2009

MORRISON & FOERSTER LLP

By: _____
Jamie A. Levitt (JLevitt@mofo.com)
*Attorneys for Defendant*
APPLE INC.
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000