# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

AVI KOSCHITZKI, on Behalf of Himself )
and all Others Similarly Situated, )
                                     Plaintiff, )
                                v. )   Civil Action No. 1:08-CV-04451-JBW-VVP
APPLE INC. and AT&T MOBILITY LLC, )
                                Defendants. )

### REPLY OF AT&T MOBILITY LLC IN SUPPORT OF
### MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiff's Opposition to the Motion to Dismiss of AT&T Mobility LLC ("ATTM") underscores the flaws in the Amended Class Action Complaint (the "Complaint"). Plaintiff remains tangled in impermissible group pleading with allegations of conduct by "defendants" and in otherwise vague, non-actionable allegations of conduct by ATTM.

Plaintiff does not rebut the legal arguments ATTM raises in its Memorandum of Law in Support of Its Motion to Dismiss ("Motion"). Instead, plaintiff flip-flops on the key facts underlying his claims. For example, plaintiff says at one point that his case against ATTM is based on the sale of iPhones; at another point, he argues that his case is based on the sale of telecommunications services. Plaintiff contends on the one hand that his relationship with ATTM is governed by a contract that ATTM has breached, and on the other hand that he disputes the existence of any contract with ATTM.

This Court should reject plaintiff's efforts to avoid dismissal by obscuring the facts and legal issues in this case and manufacturing facts. Plaintiff's claims are legally deficient, and the Complaint should be dismissed in its entirety.

## ARGUMENT

**I.** **Plaintiff's Breach Of Contract Claim Should Be Dismissed.**

    **A.** **Plaintiff Has Failed To Provide ATTM With Proper Notice Of The Grounds For His Breach Of Contract Claim.**

Plaintiff concedes a breach of contract claim must "provide defendants with notice of the nature of the claim and the grounds upon which it is based." Opp. at 9. ATTM demonstrated in its opening brief that plaintiff's Complaint acknowledges the existence of a contract (AT&T's Service Plan, *see* Compl. ¶ 96), but fails to allege the nature of and grounds for his breach of contract claim. Attempting to sidestep this argument, plaintiff resorts to improper and circular

gamesmanship. Plaintiff denies that the Wireless Service Agreement attached to ATTM's Motion is applicable to him, but he does not identify the terms of his "contractual relationship with [ATTM]" or the details of ATTM's alleged breach of that contract. Opp. at 9-11. This is fatal to his breach of contract claim as a matter of law. *See, e.g., Sobek v. Quattrochi*, Civ. No. 03-10219 (RWS), 2004 U.S. Dist. LEXIS 24584, at * 7 (S.D.N.Y. Dec. 8, 2004) (breach of contract complaint "must at least set forth the terms of the agreement upon which liability is predicated."); *Posner v. Minn. Mining & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989).[1]

### B. The Terms Of ATTM's Service Agreement Are Clear And Cover Plaintiff's Allegations.

Plaintiff engages in further gamesmanship in questioning whether the Service Agreement ATTM identified applies to him, vaguely asserting that he "does not agree" that ATTM supplied a "correct copy" of the contract. Opp. at 11. However, as detailed in TJ Terry's Declaration, which is attached to ATTM's Motion to Compel Arbitration and Dismiss Claims [Dkt. #17], any Apple store customer who purchases an iPhone 3G must confirm his acceptance of the terms of ATTM's Wireless Service Agreement with an electronic signature. *Id.* ¶¶ 3-4.[2]

---

[1] Plaintiff's reliance on cases such as *J&R Slaw, Inc. v. All Systems Precast, Inc.*, Civ. No. 07- 5022 (ADS)(ATK), 2008 U.S. Dist. LEXIS 53747 (E.D.N.Y. July 11, 2008) is misplaced. In *J&R Slaw*, the plaintiff articulated the terms of the contract, asserting that the defendant agreed "to perform the erection of the precast concrete for the agreed-reasonable price and reasonable value of $1,818,340." *Id.* at *1-2; *see also Jernow v. Wendy's Int'l, Inc.*, Civ. No. 07-3971 (LTS)(THK), 2007 U.S. Dist. LEXIS 85104, at *10 (S.D.N.Y. Nov. 15, 2007) (identifying as a term of the alleged contract "that the purchased products contain the advertised quantity of trans fat"). Here, by contrast, plaintiff Koschitzki provides no articulation of the actual contract terms, instead stating only that he disputes the terms ATTM has asserted. *See* Opp. at 10. Such conclusory allegations are insufficient to place ATTM on notice of his claim.

[2] Because this contract is integral to plaintiff's breach of contract claim, the Court can consider it in evaluating this motion to dismiss. *See, e.g., Int'l Audiotext Network v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

Further, plaintiff may not concoct an issue of fact by asserting, without authority, that the contractual disclaimer stating "WE DO NOT GUARANTEE YOU UNINTERRUPTED SERVICE OR COVERAGE", Wireless Service Agreement at 6-7, is insufficient to inform him that 3G service might be interrupted. Opp. at 12. This language is clear and forecloses, as a matter of law, any complaint about interruptions in service. *See, e.g., S. Road Assocs., LLC v. Int'l Bus. Machs. Corp.*, 826 N.E.2d 806, 809 (N.Y. 2005) (contractual terms are given their plain meaning where the intention of the parties is clearly and unambiguously set forth).

## II. Plaintiff's Warranty Claims Should Be Dismissed.

### A. Plaintiff's Warranty Claims Fail Because ATTM Provided A Service And Not A Good.

Plaintiff effectively concedes that in order to advance a warranty claim against ATTM, he must allege that ATTM sold him a good, and not a service. *See, e.g., Champion Home Builders Co. v. ADT Sec. Servs., Inc.*, 179 F. Supp. 2d 16, 27 n.8 (N.D.N.Y. 2002); *Milau Assocs. v. N. Ave. Dev. Corp.*, 391 N.Y.S.2d 628, 629 (App. Div. 1977). Plaintiff's Opposition asserts that he has pled a warranty claim against ATTM based on its sale of iPhones, as opposed to its provision of 3G network services. *See* Opp. at 23. This contradicts the express allegations in his Complaint, in which he alleges that he purchased his iPhone from Apple and his 3G network service from ATTM. *See* Compl. ¶¶ 5, 51-52, 57-59. "[M]emoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint." *Branch v. Tower Air, Inc.*, Civ. No. 94-6625 (JFK), 1995 U.S. Dist. LEXIS 16390, at *17 (S.D.N.Y. 1995).

Plaintiff has pled that he purchased 3G network service from ATTM and that ATTM breached certain warranties. But, telecommunication services are not "goods" necessary to support common law and statutory warranty claims. *See, e.g., Mattingly v. Hughes Elecs. Corp.*, 107 F. Supp. 2d 694, 696 n.1 (D. Md. 2000) (satellite television programming is a service); *In Re*

*Starcom, Inc.*, Civ. No. 87-2540-V, 1991 U.S. Dist. LEXIS 18401, at *12 (D. Kan. Dec. 11, 1991) (telephone services are services under UCC and Texas common law).

The cases with which plaintiff attempts to equate 3G network services to goods are inapposite. In *Confer Plastics, Inc. v. Hunkar Labs, Inc.*, 964 F. Supp. 73 (W.D.N.Y. 1997), the warranty claim was based on the purchase of a computer system, consisting of both hardware and software, from a single entity. Here, by contrast, there is a purchase of an iPhone from Apple and 3G network service from ATTM. *Bell v. Manhattan Motorcars, Inc.*, 2008 U.S. Dist. LEXIS 58648 (S.D.N.Y. 2008), is even more off-point, as it arises from a transaction involving a car, which is undeniably a good.

### B. Plaintiff's Complaint Makes No Allegations Of Express Or Implied Warranties By ATTM.

Plaintiff's Complaint asserts that *Apple*, and not ATTM, breached express and implied warranties. *See* Compl. ¶¶ 51, 57. Plaintiff's Opposition argues that he asserts claims for breach of warranties against ATTM. *See, e.g.*, Opp. at 14 ("Accordingly, the Complaint properly alleges a breach of warranty claim, against the Defendants."). This *post hoc* argument, however, cannot amend the allegations of the Complaint. *See, e.g., Branch*, 1995 U.S. Dist. LEXIS 16390, at *17. Because the Complaint makes no factual allegations of the *prima facie* elements of any warranty claim against ATTM, the warranty claims should be dismissed as to ATTM.

### C. Plaintiff Does Not Identify A Particular Purpose To Support A Claim For Breach Of The Implied Warranty Of Fitness Of Purpose.

Assuming arguendo that plaintiff had alleged a breach of warranty claim against ATTM, it also fails because he has not pled facts establishing the particular purpose for which he was purchasing an iPhone or that ATTM knew of this particular purpose.

> A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages *a specific use by the buyer which is peculiar to the nature of his or her business*, whereas the ordinary purposes for which goods are used

4

are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.

93 N.Y. Jur. 2d Sales § 243, Comment (emphasis added); *see also Martin v. Chuck Hafner's Farmers Mkt., Inc.*, No. 03-2113, 2005 WL 1509550, at *4 (N.Y. Sup. Ct. June 27, 2005) (plaintiff asserting claim for breach of implied warranty of fitness for a particular purpose must establish that she discussed with seller the particular purpose for which she purchased the product, as opposed to the ordinary purpose).[3] Plaintiff's Opposition generally asserts that Apple designed the iPhone "to operate at 3G speeds with the understanding and intention *that consumers* would use the iPhone for applications that required such functionality." Opp. at 17 (emphasis added). This allegation is not stated in the Complaint, but even if it were, it is nothing more than an allegation of an ordinary purpose applicable to all consumers.[4]

### III. Plaintiff's Fraud-Based Claims Should Be Dismissed.

#### A. Plaintiff Does Not Identify Statements On Which He Can Maintain Fraud-Based Claims.

Plaintiff does not dispute that, in order to proceed on his statutory and common-law fraud-based claims, he "must identify a specific false statement of fact" that misled him. Motion at 13; *see also, e.g., Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 186-87 (2d Cir. 2004). Plaintiff also does not dispute that the Complaint identifies only two specific instances of alleged "misrepresentations": (1) statements in a July 23, 2008

---

[3] Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose is further foreclosed by the fact that he purchased the iPhone from Apple, and thus is not in privity with ATTM. *See Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) (privity required to assert claim for breach of implied warranty of fitness for particular purpose).

[4] Contrary to plaintiff's assertion in his Opposition, the Complaint only reflects an attempt to plead a claim for breach of the implied warranty of fitness of purpose. There is no mention of the implied warranty of merchantability in the Complaint. *See* Compl. ¶¶ 53-59.

5

blog post regarding "great" network performance and "fast network connectivity", Compl. ¶ 20, and (2) statements in an August 20, 2008 internet article that the "iPhone 3G is working great on our 3G network" and that "[c]ustomer response has been tremendous," *id.* ¶ 24.[5]

Plaintiff argues that the question of whether these statements constitute fact or opinion cannot be decided on a motion to dismiss. *See* Opp. at 8-9. New York courts regularly adjudge whether a statement is one of actionable fact or non-actionable opinion on motions to dismiss. For example, in *Lacoff v. Buena Vista Publishing, Inc.*, 705 N.Y.S.2d 183 (Sup. Ct. 2000), the court held as a matter of law, on a motion to dismiss Section 349 claims, that the statements at issue, including advertising a book as "How We Beat the Stock Market -- and How You Can Too" and referring to a "secret recipe for investment success," were non-actionable statements of opinion. *Id.* at 191. Similarly, in *Sutton Associates v. Lexis-Nexis*, 761 N.Y.S.2d 800 (Sup. Ct. 2003), the court held as a matter of law, on a motion to dismiss fraud claims, that statements characterizing a rate offered as the "lowest available" and indicating that no one else was receiving a lower rate constituted, at most, commendatory sales representations and were non-actionable. *Id.* at 803. Further, the Second Circuit has affirmed decisions in which a district court has ruled on whether alleged statements are fact or opinion as a matter of law. *See, e.g., ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 205-06 (2d Cir. 2009) (affirming dismissal of claims where defendant's statements that its "risk management processes are highly disciplined and designed to preserve the integrity of the risk management process" were nonactionable

---

[5] Plaintiff improperly attempts to add to this list in his Opposition, alleging that ATTM's website describes the iPhone as a "revolutionary mobile phone." Opp. at 5, citing Russello Aff., Ex. A at 1. This Court should disregard this addition. *See Ruston v. Town Bd. for Skaneateles*, Civ. No. 06-927 (FJS/GHL), 2008 U.S. Dist. LEXIS 104129, at * 14 n.13 (N.D.N.Y. Dec. 22, 2008) (refusing to consider new allegations in exhibit to opposition to motion to dismiss).

generalizations). The statements alleged in the Complaint fall squarely within the holdings of these cases as non-actionable statements of opinion requiring dismissal.

### B. Plaintiff Fails To Plead His Common Law Fraud Claims With The Requisite Particularity.

Plaintiff's claims for intentional and negligent misrepresentation are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). *See, Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (Rule 9(b) applies to all averments of fraud, regardless of claim's caption). Plaintiff has not overcome ATTM's argument that his claims do not meet these standards.

Plaintiff cannot predicate misrepresentation claims on certain statements regarding "great" or "fast" network performance or "tremendous" customer response (Compl. ¶¶ 20, 24) because they are not statements of fact. With respect to his remaining allegation that ATTM intentionally and negligently misrepresented that the 3G network is "twice as fast," *see id.* ¶ 49, he does not provide the "who", "what" "when" and "where" Rule 9(b) requires. *See Rombach*, 355 F.3d at 170; *Liberty Mut. Ins. Co. v. First Brighton Transp. Mgmt., Inc.*, Civ. No. 07-715 (CPS)(SMG), 2008 U.S. Dist. LEXIS 31791, at *7 (E.D.N.Y. Apr. 16, 2008). Plaintiff also fails to differentiate between ATTM and Apple with respect to this allegation, which Rule 9(b) also requires. *See Apace Communications, Ltd. v. Burke*, 522 F. Supp. 2d 512, 517 (W.D.N.Y. 2007). Plaintiff's Opposition makes no response on this point.

To the extent that plaintiff's claims are predicated on a fraud-by-omission theory, they fare no better. Plaintiff concedes, as he must, that fraud-by-omission can only occur when "'one is duty-bound in honesty to disclose'" a fact. Opp. at 28 (quoting *Miele v. Am. Tobacoo Co.*, 770 N.Y.S.2d 386, 391 (App. Div. 2003)). He argues that ATTM owed him a duty to disclose because "defendants are alleged to have superior knowledge that is not readily available to plaintiff and they are aware that he is acting on the basis of a mistaken belief," Opp. at 28, but

7

pleads no facts to support this contention. His own Complaint forecloses any assertion that information regarding alleged service problems was not readily available to him. *See* Compl. ¶ 21 ("message boards filled up quickly that the updated software led to crashes"); *id.* at ¶ 35 (iPhone 3G service complaints allegedly posted on the internet on July 23, 2008). In light of his allegations of relevant, publicly available information, cases finding a duty to disclose where a plaintiff did not have access to the allegedly concealed facts, *see* Opp. at 28-29, are inapposite.[6]

## IV. Plaintiff's Equitable Claims Fail As A Matter Of Law.

### A. The Existence Of An Enforceable Contract Bars Plaintiff's Unjust Enrichment Claim.

Plaintiff argues that he may plead his claims for unjust enrichment and breach of contract in the alternative because "the terms of a contractual relationship between Plaintiff and the Defendants are presently in dispute." Opp. at 24 n.15. This argument misstates the law. A plaintiff may only plead both breach of contract and unjust enrichment causes of actions when the *validity* of a contract is in dispute. *See, e.g., Segatt v. GSI Holding Corp.*, Civ. No. 07-11413, 2008 U.S. Dist. LEXIS 58102, at *25-26 (S.D.N.Y. Aug. 1, 2008) (holding "a claim of unjust enrichment may be alleged . . . when the validity of the contract is in question, because recovery under a quasi-contract theory may be proper if the contract is found to be void" and granting motion to dismiss the unjust enrichment claim because a valid and enforceable contract existed (citation omitted)), *vacated on other grounds*, 2008 WL 4865033 (S.D.N.Y. Nov. 3, 2008).

---

[6] Plaintiff also has not overcome ATTM's arguments that the economic loss doctrine bars his negligent misrepresentation claim and that he failed to plead the special relationship necessary to maintain such a claim. *See* Motion at 20-23; Reply Memorandum of Law in Further Support of Defendant Apple Inc.'s Motion to Dismiss Plaintiff's Amended Class Action Complaint at 7-9, incorporated by reference herein.

8

In this case, plaintiff alleges the existence of a valid and enforceable contract, *see* Compl. ¶¶ 95-98, and ATTM agrees that such a contract exists, *see* Motion at 4-5. This factual situation distinguishes this case from the cases on which plaintiff relies. *See R.D. Weis & Co. v. The Children's Place Retail Stores, Inc.*, Civ. No. 08-4245, 2008 U.S. Dist. LEXIS 94542, at *13 (S.D.N.Y. Nov. 19, 2008) (where validity and enforceability of the contract were in dispute, plaintiff could plead a quasi-contract claim in the alternative); *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662-63 (2d Cir. 1996) (where defendant argued it was not a party to contract, plaintiff could plead unjust enrichment claim in the alternative).[7] The only dispute between plaintiff and ATTM is what the applicable terms of the contract are; there is no dispute about the existence and validity of the contract between plaintiff and ATTM. Accordingly, plaintiff may not pursue a cause of action for unjust enrichment.[8]

### B. Plaintiff's Restitution Claim Fails As A Matter Of Law.

Plaintiff's Opposition does not address ATTM's argument that New York law does not recognize an independent cause of action for restitution. *See, e.g., State of New York v. SCA Servs., Inc.*, 761 F. Supp. 14, 16 (S.D.N.Y. 1991) (there is no basis to "appl[y] restitution as an independent cause of action as opposed to a type of remedy" for unjust enrichment). Moreover,

---

[7] *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237 (S.D.N.Y. 1992), which the *Newman* court cites, notes that federal courts "permit plaintiffs to sue on a contract and at the same time alternatively repudiate the agreement and seek recovery on a quantum meruit [sic] claim." *Id.* Plaintiff here neither disputes the enforceability of his contract with ATTM, nor seeks to repudiate the agreement. *See, e.g.*, Compl. ¶¶ 61, 62.

[8] Plaintiff's argument that unjust enrichment claims may be brought regardless of whether a defendant intended to mislead a plaintiff misses the mark. Plaintiff's unjust enrichment claim, which is based on alleged ATTM misrepresentations regarding iPhone 3G network service, must be pled with the specificy Rule 9(b) requires. *See Daly v. Castro*, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998) (Rule 9(b) applies to unjust enrichment claims premised on fraud). As explained above, plaintiff fails to meet this standard.

plaintiff does not cite any support for his assertion that a claim for restitution may be brought.[9] Thus, Count 7 purporting to assert a claim for restitution should be dismissed.

Furthermore, even if restitution were a freestanding a cause of action under New York law, it could not accompany a claim for breach of contract. *See City of New York v. Coastal Oil New York, Inc.*, Civ. No. 96-8667, 1998 WL 82927 (RPP), at *7 (S.D.N.Y. Feb. 25, 1998) (dismissing claim for restitution that arose "out of the same subject matter [as a governing written contract]."). Plaintiff does not address *City of New York*. Plaintiff's claim for restitution should also be dismissed because it arises out of the same subject matter as his contract claim.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in ATTM's opening brief, ATTM respectfully requests that this Court dismiss the Amended Class Action Complaint as to ATTM.

Dated: February 17, 2009

Respectfully submitted,

**CROWELL & MORING LLP**

By: /s/ *Steven D. Greenblatt*
Steven D. Greenblatt (SG-5105)
153 East 53rd Street, 31st Floor
New York, New York 10022-4611
(212) 223-4000 (telephone)
(212) 223-4134 (facsimile)

*Attorney for AT&T Mobility LLC*

---

[9] Plaintiff cites two cases on the inapposite issue of whether restitution is a legal or an equitable remedy. *See Morales v. Executive Telecard, Ltd.*, Civ. No. 95-10202, 1998 U.S. Dist. LEXIS 17726 (S.D.N.Y. Oct. 30, 1998); *In re Gartenberg*, 636 F.2d 16 (2d Cir. 1980). Both cases concern federal securities law; neither discusses restitution under New York common law.

Of Counsel:

Kathleen Taylor Sooy
Lynn E. Parseghian
Jennifer G. Knight
Patricia Freshwater
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 (telephone)
(202) 628-5116 (facsimile)

Evan M. Tager
Archis A. Parasharami
Kevin S. Ranlett
**MAYER BROWN LLP**
1909 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)