```
                                                                    1

 1                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - X
 3
     AVI KOSCHITZKI
 4                                  :
                   Plaintiff            08-CV-4451
 5
        -against-                   :   U.S. Courthouse
 6                                      Brooklyn, N.Y.
     APPLE, INC. and
 7   AT&T MOBILITY LLC.

 8                 Defendants       :
                                        February 20, 2009
 9   - - - - - - - - - - - - - - - X    11:30 a.m.

10   BEFORE:

11           HONORABLE JACK B. WEINSTEIN
             United States District Judge
12

13
     APPEARANCES:
14
     For the Plaintiff:       RIGRODSKY & LONG, P.A.
15                            585 Stewart Avenue
                              Suite 304
16                            Garden City, New York 11530
                              BY:  JOSEPH RUSSELLO
17                                 MARK S. REICH

18
     APPEARANCES VIA TELEPHONE:
19
     For the Defendant:       MORRISON & FOERSTER, LLP
20   Apple, Inc.              1290 Avenue of the Americas
                              New York, New York 10104
21                            BY:  JAMIE A. LEVITT

22

23   For the Defendant:       MAYER BROWN LLP
     AT&T Mobility LLC.       1909 K Street, NW
24                            Washington, DC 20006
                              BY:  KEVIN RANLETT
25                                 ARCHIS A. PARASHARAMI


                       RONALD E. TOLKIN, RMR
                       OFFICIAL COURT REPORTER
```

```
 1  For the Defendant:      CROWELL & MORING LLP
    AT&T Mobility LLC.      153 East 53rd Street
 2                          New York, New York 10022
                            BY:  STEVEN DAVID GREENBLATT
 3

 4

 5  Court Reporter:         RONALD E. TOLKIN, RMR
                            225 Cadman Plaza East
 6                          Brooklyn, New York 11201
                            718-613-2647
 7

 8
    Proceedings recorded by mechanical stenography, transcript
 9  produced by Computer-Assisted Transcript.

10

11                            ***

12         MR. RUSSELLO:  Good morning, Your Honor.

13         MR. REICH:  Good morning.

14         THE CLERK:  Civil cause for status conference.  Avi

15  Koschitzki versus Apple Inc., et al.

16         Counsel note their appearances.

17         Give your name, sir.

18         MR. RUSSELLO:  Joseph Russell, Rigrodsky & Long,

19  representing the plaintiff.

20         MR. REICH:  My name is Mark Reich from Rigrodsky &

21  Long, representing the plaintiff.

22         THE COURT:  I looked at the papers from the

23  plaintiff.  Tell me what the claim is about.

24         MR. REICH:  Well, Your Honor, essentially, this case

25  is about the deficient and ineffective cellular network that
```

1   the iPhones are provided by AT&T and Apple.  Ask AT&T is the
2   only provider that is allowed to provided cellular or what
3   they call their 3G network service for the iPhones.  And
4   essentially, there really is no debate that the iPhones are
5   not receiving the quality, the speed or the nature of the
6   network that they were promised.
7           There are widespread complaints all over the country
8   about the problems that people are having, whether it be with
9   respect to the speed of the data, dropped calls, slow and
10  subpar data reception, and despite the fact that all these
11  iPhone users were also paying a premium for that service.
12          AT&T and Apple are and have been well aware of these
13  problems.  In fact, iPhone users were provided with several
14  patches, software patches that they could download to their
15  phones to try to remedy some of the issues they were
16  experiencing.  These have been ineffective as well.
17          In fact, in November of 2008, AT&T purchased a
18  company in Texas called Wayport, Inc., to gain access to the
19  company's 80,000 Wi-Fi --
20          THE COURT:  Slow down.
21          MR. REICH:  80,000 Wi-Fi access points were
22  available to them through the Wayport, Inc., which is a Texas
23  company.  This, again, was done to try and remedy the problems
24  that the iPhone users were experiencing by using --
25          THE COURT:  Slow down.  The reporter can't take you

1  if you read at that speed.
2           MR. REICH:  Understood.  Thank you, Your Honor.
3           That's essentially the background for the nature of
4  the claims.  There are many other cases that are currently on
5  file.  Many of the cases that have been filed throughout the
6  country have also been either withdrawn or transferred over to
7  California.
8           There are currently, as we're aware of, six cases
9  pending in the Northern District of California.  There is also
10 three previous cases that have been filed.  One in New Jersey,
11 one in Texas and one in Florida.  That's the procedural
12 posture of the case.
13          THE COURT:  Has it been before the MDL panel for
14 consolidation before one judge?
15          MR. REICH:  There has not any movement for MDL at
16 this point.
17          THE COURT:  Is there any class action pending in the
18 country?
19          MR. REICH:  All of these cases I just mentioned are
20 all class action litigation.  None of them have been certified
21 as class action.  This case has probably progressed further
22 than all the other cases, as far as we're aware, at this
23 point.
24          The reason we're before Your Honor today is just
25 based on a conversation I had with several members of defense

counsel earlier this week. When the request was made by the Court to have -- an order was made by the Court to have an evidentiary hearing. At that point, there was some confusion on the part of all the parties as to what and how that evidentiary hearing would be held. We had a conference call and agreed that we would contact the Court to discuss that matter with the Court in further length.

Also, during that period of time counsel at Mayer Brown submitted a letter to the Court at which time we had the conversation with them that they should reach out to the Court and get more guidance, and they agreed to do so.

During the interim period of time, Your Honor signed a letter. It was sent over to defense counsel. We were forwarded that letter a day or so later. Still proceeded to contact the Court so that we could seek further guidance, in terms of how the case would progress as we moved forward.

THE COURT: Well, the defendants view that this is subject to arbitration, correct?

MR. RUSSELLO: AT&T's view, Your Honor.

THE COURT: Well, that would be the problem that an evidentiary hearing would have to address, to see whether we have jurisdiction.

MR. REICH: Well, that only really applies to AT&T. First of all, Apple has no claim to compel arbitration at this point. It doesn't really have an arbitration clause at all.

THE COURT: I know, but it may effect how the case goes forward. This is a contract -- who's here from AT&T?

MR. REICH: There are counsel on the phone, Your Honor, for AT&T.

THE COURT: Who is on the phone?

MR. RANLETT: This is Kevin Ranlett from Mayer Brown for defendant AT&T, Inc..

THE COURT: You want this case to go to arbitration?

MR. RANLETT: That's correct, Your Honor. We believe that discussion of the merits of the underlying case is premature because the case should go to arbitration.

We also believe that Your Honor made the correct decision earlier this week by directing that the briefing on the motion to compel arbitration be completed and an oral argument heard before deciding whether an evidentiary hearing is necessary or appropriate.

In our reply brief that we'll file next week, we will explain in detail and cite law establishing that an evidentiary hearing is unnecessary.

THE COURT: Well, we have to, it seems to me, decide the arbitration issue first.

MR. RANLETT: We agree, Your Honor. Arbitration issues should be decided first, and the Court should have the benefit of full briefing or oral argument on that arbitration motion.

1        THE COURT:  All right.  I agree.

2        I take it that the codefendant doesn't disagree, is
3   that right?

4        MS. LEVITT:  Your Honor, this is Jamie Levitt from
5   Morrison and Foerster.  We are not a party to the motion to
6   compel arbitration, but we do agree that Your Honor should
7   hear oral argument briefing rather than an evidentiary hearing
8   at this time, until the motion to compel arbitration is
9   decided.

10       THE COURT:  All right.  So everybody agrees and we
11  will go forward in accordance with my order.

12       MR. REICH:  In addition to that, though, we have
13  noticed the deposition, at least the affiant that were
14  submitting affidavits in support of those motions.  The
15  affidavits state that they reviewed personal records of
16  Mr. Koschitzi relating to the contract that are at issue.  And
17  relating to the contract, specifically, that compels
18  arbitration.  And those were not provided to the Court nor
19  provided to us.

20       THE COURT:  Take that up with the Magistrate Judge,
21  who is -- why don't you go down now and see if you can arrange
22  it with him.

23       MR. RUSSELLO:  There is also a question, Your Honor,
24  about whether it makes sense to go forward without an
25  evidentiary hearing if the Court is going to consider the

affidavits.  And so, that was sort of an ancillary issue that was affected by Your Honor's order directing that an evidentiary hearing not take place, unless needed.

And so, we were concerned that if the Court was going to consider the affidavits, that we should have an opportunity, of course, to conduct discovery, which we can speak to the magistrate about.

But more importantly, if we do that, then perhaps we should, in our belief, have an evidentiary hearing to address some of those issues that may be brought up through deposition and discovery and, obviously, based on the affidavits that were submitted.

THE COURT:  On the arbitration issues?

MR. RUSSELLO:  Yes.  Correct.

THE COURT:  Take that up with the magistrate judge. If the magistrate judge decides on some discovery, it should be quite limited, only to the issue of arbitration.  Or get the issue of arbitration out of the way and decide how we should go forward.

I'm surprised that, if there are cases pending all over, nothing has been done before the MDL panel.

MR. REICH:  We can't speak to that, Your Honor.  But in terms of the briefing and the oral argument that has currently been scheduled, in light of the fact that there won't be an evidentiary hearing, we would ask the Court that

1  we have the oral argument for all the briefing held on that
2  day.
3              Considering the fact that if the Court is not going
4  to entertain the motion to dismiss because it doesn't compel
5  arbitration, that proceeding simply won't go forward.  Which
6  is no reason that the motion to dismiss with respect to Apple
7  should not proceed on that particular day.  We can save, I
8  think, judicial resources by hosting all of those oral
9  arguments at the same time on the same date.
10             THE COURT:  I think that's sensible.  We'll do that.
11 If you need more time for the argument, we'll try to agree and
12 stipulate and get in touch with Ms. Lowe who will give you
13 another date.  You may need more time.
14             MR. RUSSELLO:  I just want to touch on one issue,
15 Your Honor, with respect to some sort of an MDL issue.  It
16 appears that there are some cases, as my colleague said, in
17 California.  We're of the belief that the action should
18 proceed here regardless.
19             We believe, based on the fact that no MDL action has
20 been filed yet by anybody, that everyone else agrees, except,
21 of course, for the plaintiffs in California.  There may also
22 be some grumblings about possibly settling the matter in
23 California and possibly settling it out from under everybody
24 else.  But of course, that cannot be substantiated at this
25 point.  We would like to just move forward here and see where

1 the chips fall.

2 THE COURT: I have a case pending. There's no MDL
3 proceeding. I will proceed with this case, but it does seem
4 to me that having a series of class actions pending in various
5 states doesn't make much sense.

6 MR. REICH: We certainly would agree with that. New
7 York, we believe, has if not the most, one of the most
8 subscribers and users of the iPhone. We think that we would
9 represent the greatest number of people and it is the most
10 suitable place to be.

11 THE COURT: That is the MDL panel, it's up to them.
12 Nothing that I say has any bearing and should not have any
13 bearing on what the panel does.

14 Thank you, very much.

15 Anything else those on the phone want to say?

16 MR. RANLETT: This is Kevin Ranlet from Mayer Brown
17 for AT&T. That covers everything for us. Thank you, Your
18 Honor, for allowing us to speak and appear by telephone.

19 THE COURT: Thank you.

20 All right, everybody. Thank you. Those present
21 will go down to see the magistrate judge, if they can, today.
22 And I take it they have the telephone numbers of those on the
23 telephone in case the magistrate judge wants to address
24 everybody.

25 MR. REICH: That's right.

1　　　　THE COURT:  Thank you very much, gentleman.

2　　　　MR. REICH:  Thank you, Your Honor.

3　　　　MR. RUSSELLO:  Thank you, Your Honor.

4　　　　(Proceeding concluded.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**0**

**08-CV-4451** [1] - 1:4

**1**

**10022** [1] - 2:2
**10104** [1] - 1:20
**11201** [1] - 2:6
**11530** [1] - 1:15
**11:30** [1] - 1:8
**1290** [1] - 1:19
**153** [1] - 2:1
**1909** [1] - 1:23

**2**

**20** [1] - 1:8
**20006** [1] - 1:24
**2008** [1] - 3:17
**2009** [1] - 1:8
**225** [1] - 2:5

**3**

**304** [1] - 1:15
**3G** [1] - 3:3

**5**

**53rd** [1] - 2:1
**585** [1] - 1:14

**7**

**718-613-2647** [1] - 2:6

**8**

**80,000** [2] - 3:19, 3:21

**A**

**a.m** [1] - 1:8
**access** [2] - 3:18, 3:21
**accordance** [1] - 7:11
**action** [5] - 4:17, 4:20, 4:21, 9:17, 9:19
**actions** [1] - 10:4
**addition** [1] - 7:12
**address** [3] - 5:21, 8:9, 10:23
**affected** [1] - 8:2
**affiant** [1] - 7:13
**affidavits** [5] - 7:14, 7:15, 8:1, 8:5, 8:11

**agree** [5] - 6:22, 7:1, 7:6, 9:11, 10:6
**agreed** [2] - 5:6, 5:11
**agrees** [2] - 7:10, 9:20
**al** [2] - 1:6, 2:15
**allowed** [1] - 3:2
**allowing** [1] - 10:18
**Americas** [1] - 1:19
**ancillary** [1] - 8:1
**appear** [1] - 10:18
**APPEARANCES** [2] - 1:13, 1:18
**appearances** [1] - 2:16
**APPLE** [1] - 1:6
**Apple** [6] - 1:19, 2:15, 3:1, 3:12, 5:24, 9:6
**applies** [1] - 5:23
**appropriate** [1] - 6:16
**Arbitration** [1] - 6:22
**arbitration** [15] - 5:18, 5:24, 5:25, 6:8, 6:11, 6:14, 6:21, 6:24, 7:6, 7:8, 7:18, 8:13, 8:17, 8:18, 9:5
**ARCHIS** [1] - 1:25
**argument** [6] - 6:15, 6:24, 7:7, 8:23, 9:1, 9:11
**arguments** [1] - 9:9
**arrange** [1] - 7:21
**Assisted** [1] - 2:9
**AT&T** [11] - 1:23, 2:1, 3:1, 3:12, 3:17, 5:23, 6:2, 6:4, 6:7, 10:17
**AT&T's** [1] - 5:19
**available** [1] - 3:22
**Avenue** [2] - 1:14, 1:19
**Avi** [1] - 2:14
**AVI** [1] - 1:3
**aware** [3] - 3:12, 4:8, 4:22

**B**

**background** [1] - 4:3
**based** [3] - 4:25, 8:11, 9:19
**bearing** [2] - 10:12, 10:13
**BEFORE** [1] - 1:9
**belief** [2] - 8:9, 9:17
**benefit** [1] - 6:24
**brief** [1] - 6:17
**briefing** [5] - 6:13, 6:24, 7:7, 8:23, 9:1
**Brooklyn** [2] - 1:6, 2:6
**brought** [1] - 8:10
**BROWN** [1] - 1:23
**Brown** [3] - 5:9, 6:6, 10:16
**BY** [4] - 1:16, 1:20, 1:24, 2:2

**C**

**Cadman** [1] - 2:5
**California** [5] - 4:7, 4:9, 9:17, 9:21, 9:23
**cannot** [1] - 9:24
**case** [11] - 2:24, 4:12, 4:21, 5:16, 6:1, 6:8, 6:10, 6:11, 10:2, 10:3, 10:23
**cases** [8] - 4:4, 4:5, 4:8, 4:10, 4:19, 4:22, 8:20, 9:16
**cellular** [2] - 2:25, 3:2
**certainly** [1] - 10:6
**certified** [1] - 4:20
**chips** [1] - 10:1
**cite** [1] - 6:18
**City** [1] - 1:15
**Civil** [1] - 2:14
**claim** [2] - 2:23, 5:24
**claims** [1] - 4:4
**class** [4] - 4:17, 4:20, 4:21, 10:4
**clause** [1] - 5:25
**CLERK** [1] - 2:14
**codefendant** [1] - 7:2
**colleague** [1] - 9:16
**company** [2] - 3:18, 3:23
**company's** [1] - 3:19
**compel** [5] - 5:24, 6:14, 7:6, 7:8, 9:4
**compels** [1] - 7:17
**complaints** [1] - 3:7
**completed** [1] - 6:14
**Computer** [1] - 2:9
**Computer-Assisted** [1] - 2:9
**concerned** [1] - 8:4
**concluded** [1] - 11:4
**conduct** [1] - 8:6
**conference** [2] - 2:14, 5:5
**confusion** [1] - 5:3
**consider** [2] - 7:25, 8:5
**Considering** [1] - 9:3
**consolidation** [1] - 4:14
**contact** [2] - 5:6, 5:15
**contract** [3] - 6:2, 7:16, 7:17
**conversation** [2] - 4:25, 5:10
**Correct** [1] - 8:14
**correct** [3] - 5:18, 6:9, 6:12
**counsel** [4] - 5:1, 5:8, 5:13, 6:3
**Counsel** [1] - 2:16
**country** [3] - 3:7, 4:6, 4:18
**course** [3] - 8:6, 9:21, 9:24
**COURT** [22] - 1:1, 2:22, 3:20, 3:25, 4:13, 4:17, 5:17, 5:20, 6:1, 6:5, 6:8, 6:20, 7:1, 7:10, 7:20, 8:13, 8:15, 9:10, 10:2, 10:11, 10:19, 11:1
**Court** [14] - 2:5, 5:2, 5:6, 5:7, 5:9, 5:10, 5:15, 6:23, 7:18, 7:25, 8:4, 8:25, 9:3
**Courthouse** [1] - 1:5
**covers** [1] - 10:17
**CROWELL** [1] - 2:1

**D**

**data** [2] - 3:9, 3:10
**date** [2] - 9:9, 9:13
**DAVID** [1] - 2:2
**DC** [1] - 1:24
**debate** [1] - 3:4

**decide** [2] - 6:20, 8:18
**decided** [2] - 6:23, 7:9
**decides** [1] - 8:16
**deciding** [1] - 6:15
**decision** [1] - 6:13
**Defendant** [4] - 1:7, 1:19, 1:23, 2:1
**defendant** [1] - 6:7
**defendants** [1] - 5:17
**defense** [2] - 4:25, 5:13
**deficient** [1] - 2:25
**deposition** [2] - 7:13, 8:10
**despite** [1] - 3:10
**detail** [1] - 6:18
**directing** [2] - 6:13, 8:2
**disagree** [1] - 7:2
**discovery** [3] - 8:6, 8:11, 8:16
**discuss** [1] - 5:6
**discussion** [1] - 6:10
**dismiss** [2] - 9:4, 9:6
**DISTRICT** [2] - 1:1, 1:1
**District** [2] - 1:11, 4:9
**done** [2] - 3:23, 8:21
**down** [4] - 3:20, 3:25, 7:21, 10:21
**download** [1] - 3:14
**dropped** [1] - 3:9
**During** [1] - 5:12
**during** [1] - 5:8

**E**

**East** [2] - 2:1, 2:5
**EASTERN** [1] - 1:1
**effect** [1] - 6:1
**either** [1] - 4:6
**entertain** [1] - 9:4
**essentially** [3] - 2:24, 3:4, 4:3
**establishing** [1] - 6:18
**et** [2] - 1:6, 2:15
**evidentiary** [10] - 5:3, 5:5, 5:21, 6:15, 6:19, 7:7, 7:25, 8:3, 8:9, 8:25
**except** [1] - 9:20
**experiencing** [2] - 3:16, 3:24
**explain** [1] - 6:18

**F**

**fact** [6] - 3:10, 3:13, 3:17, 8:24, 9:3, 9:19
**fall** [1] - 10:1
**far** [1] - 4:22
**February** [1] - 1:8
**Fi** [2] - 3:19, 3:21
**file** [2] - 4:5, 6:17
**filed** [3] - 4:5, 4:10, 9:20
**First** [1] - 5:24
**first** [2] - 6:21, 6:23
**Florida** [1] - 4:11
**FOERSTER** [1] - 1:19

**Foerster** [1] - 7:5
**forward** [7] - 5:16, 6:2, 7:11, 7:24, 8:19, 9:5, 9:25
**forwarded** [1] - 5:14
**full** [1] - 6:24

**G**

**gain** [1] - 3:18
**Garden** [1] - 1:15
**gentleman** [1] - 11:1
**greatest** [1] - 10:9
**GREENBLATT** [1] - 2:2
**grumblings** [1] - 9:22
**guidance** [2] - 5:11, 5:15

**H**

**hear** [1] - 7:7
**heard** [1] - 6:15
**hearing** [10] - 5:3, 5:5, 5:21, 6:15, 6:19, 7:7, 7:25, 8:3, 8:9, 8:25
**held** [2] - 5:5, 9:1
**Honor** [18] - 2:12, 2:24, 4:2, 4:24, 5:12, 5:19, 6:4, 6:9, 6:12, 6:22, 7:4, 7:6, 7:23, 8:22, 9:15, 10:18, 11:2, 11:3
**Honor's** [1] - 8:2
**HONORABLE** [1] - 1:10
**hosting** [1] - 9:8

**I**

**importantly** [1] - 8:8
**INC** [1] - 1:6
**Inc** [6] - 1:19, 1:23, 2:1, 2:15, 3:18, 3:22
**Inc.** [1] - 6:7
**ineffective** [2] - 2:25, 3:16
**interim** [1] - 5:12
**iPhone** [4] - 3:11, 3:13, 3:24, 10:8
**iPhones** [3] - 3:1, 3:3, 3:4
**issue** [7] - 6:21, 7:16, 8:1, 8:17, 8:18, 9:14, 9:15
**issues** [4] - 3:15, 6:23, 8:10, 8:13

**J**

**JACK** [1] - 1:10
**Jamie** [1] - 7:4
**JAMIE** [1] - 1:20
**Jersey** [1] - 4:10
**Joseph** [1] - 2:18
**JOSEPH** [1] - 1:16
**judge** [5] - 4:14, 8:15, 8:16, 10:21, 10:23
**Judge** [2] - 1:11, 7:20
**judicial** [1] - 9:8

**jurisdiction** [1] - 5:22

**K**

**KEVIN** [1] - 1:24
**Kevin** [2] - 6:6, 10:16
**Koschitzi** [1] - 7:16
**KOSCHITZKI** [1] - 1:3
**Koschitzki** [1] - 2:15

**L**

**law** [1] - 6:18
**least** [1] - 7:13
**length** [1] - 5:7
**letter** [3] - 5:9, 5:13, 5:14
**Levitt** [1] - 7:4
**LEVITT** [2] - 1:20, 7:4
**light** [1] - 8:24
**limited** [1] - 8:17
**litigation** [1] - 4:20
**LLP** [3] - 1:19, 1:23, 2:1
**LONG** [1] - 1:14
**looked** [1] - 2:22
**Lowe** [1] - 9:12

**M**

**Magistrate** [1] - 7:20
**magistrate** [5] - 8:7, 8:15, 8:16, 10:21, 10:23
**Mark** [1] - 2:20
**MARK** [1] - 1:16
**matter** [2] - 5:7, 9:22
**Mayer** [3] - 5:8, 6:6, 10:16
**MAYER** [1] - 1:23
**MDL** [7] - 4:13, 4:15, 8:21, 9:15, 9:19, 10:2, 10:11
**mechanical** [1] - 2:8
**members** [1] - 4:25
**mentioned** [1] - 4:19
**merits** [1] - 6:10
**MORING** [1] - 2:1
**morning** [2] - 2:12, 2:13
**MORRISON** [1] - 1:19
**Morrison** [1] - 7:5
**most** [3] - 10:7, 10:9
**motion** [6] - 6:14, 6:25, 7:5, 7:8, 9:4, 9:6
**motions** [1] - 7:14
**move** [1] - 9:25
**moved** [1] - 5:16
**movement** [1] - 4:15
**MR** [25] - 2:12, 2:13, 2:18, 2:20, 2:24, 3:21, 4:2, 4:15, 4:19, 5:19, 5:23, 6:3, 6:6, 6:9, 6:22, 7:12, 7:23, 8:14, 8:22, 9:14, 10:6, 10:16, 10:25, 11:2, 11:3

**MS** [1] - 7:4

### N

**N.Y** [1] - 1:6
**name** [2] - 2:17, 2:20
**nature** [2] - 3:5, 4:3
**necessary** [1] - 6:16
**need** [2] - 9:11, 9:13
**needed** [1] - 8:3
**network** [3] - 2:25, 3:3, 3:6
**NEW** [1] - 1:1
**New** [8] - 1:15, 1:20, 2:2, 2:6, 4:10, 10:6
**next** [1] - 6:17
**None** [1] - 4:20
**Northern** [1] - 4:9
**note** [1] - 2:16
**nothing** [1] - 8:21
**Nothing** [1] - 10:12
**noticed** [1] - 7:13
**November** [1] - 3:17
**number** [1] - 10:9
**numbers** [1] - 10:22
**NW** [1] - 1:23

### O

**obviously** [1] - 8:11
**OF** [1] - 1:1
**One** [1] - 4:10
**one** [5] - 4:11, 4:14, 9:14, 10:7
**opportunity** [1] - 8:6
**oral** [6] - 6:14, 6:24, 7:7, 8:23, 9:1, 9:8
**order** [3] - 5:2, 7:11, 8:2

### P

**P.A** [1] - 1:14
**panel** [4] - 4:13, 8:21, 10:11, 10:13
**papers** [1] - 2:22
**PARASHARAMI** [1] - 1:25
**part** [1] - 5:4
**particular** [1] - 9:7
**parties** [1] - 5:4
**party** [1] - 7:5
**patches** [2] - 3:14
**paying** [1] - 3:11
**pending** [5] - 4:9, 4:17, 8:20, 10:2, 10:4
**people** [2] - 3:8, 10:9
**perhaps** [1] - 8:8
**period** [2] - 5:8, 5:12
**personal** [1] - 7:15
**phone** [3] - 6:3, 6:5, 10:15
**phones** [1] - 3:15
**place** [2] - 8:3, 10:10

**plaintiff** [3] - 2:19, 2:21, 2:23
**Plaintiff** [2] - 1:4, 1:14
**plaintiffs** [1] - 9:21
**Plaza** [1] - 2:5
**point** [5] - 4:16, 4:23, 5:3, 5:25, 9:25
**points** [1] - 3:21
**possibly** [2] - 9:22, 9:23
**posture** [1] - 4:12
**premature** [1] - 6:11
**premium** [1] - 3:11
**present** [1] - 10:20
**previous** [1] - 4:10
**problem** [1] - 5:20
**problems** [3] - 3:8, 3:13, 3:23
**procedural** [1] - 4:11
**proceed** [3] - 9:7, 9:18, 10:3
**proceeded** [1] - 5:14
**proceeding** [2] - 9:5, 10:3
**Proceeding** [1] - 11:4
**Proceedings** [1] - 2:8
**produced** [1] - 2:9
**progress** [1] - 5:16
**progressed** [1] - 4:21
**promised** [1] - 3:6
**provided** [5] - 3:1, 3:2, 3:13, 7:18, 7:19
**provider** [1] - 3:2
**purchased** [1] - 3:17

### Q

**quality** [1] - 3:5
**quite** [1] - 8:17

### R

**Ranlet** [1] - 10:16
**Ranlett** [1] - 6:6
**RANLETT** [5] - 1:24, 6:6, 6:9, 6:22, 10:16
**rather** [1] - 7:7
**reach** [1] - 5:10
**read** [1] - 4:1
**really** [3] - 3:4, 5:23, 5:25
**reason** [2] - 4:24, 9:6
**receiving** [1] - 3:5
**reception** [1] - 3:10
**recorded** [1] - 2:8
**records** [1] - 7:15
**regardless** [1] - 9:18
**Reich** [1] - 2:20
**REICH** [15] - 1:16, 2:13, 2:20, 2:24, 3:21, 4:2, 4:15, 4:19, 5:23, 6:3, 7:12, 8:22, 10:6, 10:25, 11:2
**relating** [2] - 7:16, 7:17
**remedy** [2] - 3:15, 3:23
**reply** [1] - 6:17
**Reporter** [1] - 2:5
**reporter** [1] - 3:25

**represent** [1] - 10:9
**representing** [2] - 2:19, 2:21
**request** [1] - 5:1
**resources** [1] - 9:8
**respect** [3] - 3:9, 9:6, 9:15
**reviewed** [1] - 7:15
**RIGRODSKY** [1] - 1:14
**Rigrodsky** [2] - 2:18, 2:20
**RMR** [1] - 2:5
**RONALD** [1] - 2:5
**Russell** [1] - 2:18
**RUSSELLO** [8] - 1:16, 2:12, 2:18, 5:19, 7:23, 8:14, 9:14, 11:3

### S

**save** [1] - 9:7
**scheduled** [1] - 8:24
**see** [4] - 5:21, 7:21, 9:25, 10:21
**seek** [1] - 5:15
**seem** [1] - 10:3
**sense** [2] - 7:24, 10:5
**sensible** [1] - 9:10
**sent** [1] - 5:13
**series** [1] - 10:4
**service** [2] - 3:3, 3:11
**settling** [2] - 9:22, 9:23
**several** [2] - 3:13, 4:25
**signed** [1] - 5:12
**simply** [1] - 9:5
**six** [1] - 4:8
**slow** [1] - 3:9
**Slow** [2] - 3:20, 3:25
**software** [1] - 3:14
**sort** [2] - 8:1, 9:15
**specifically** [1] - 7:17
**speed** [3] - 3:5, 3:9, 4:1
**state** [1] - 7:15
**STATES** [1] - 1:1
**states** [1] - 10:5
**States** [1] - 1:11
**status** [1] - 2:14
**stenography** [1] - 2:8
**STEVEN** [1] - 2:2
**Stewart** [1] - 1:14
**Still** [1] - 5:14
**stipulate** [1] - 9:12
**Street** [2] - 1:23, 2:1
**subject** [1] - 5:18
**submitted** [2] - 5:9, 8:12
**submitting** [1] - 7:14
**subpar** [1] - 3:10
**subscribers** [1] - 10:8
**substantiated** [1] - 9:24
**suitable** [1] - 10:10
**Suite** [1] - 1:15
**support** [1] - 7:14
**surprised** [1] - 8:20

## T

**TELEPHONE** [1] - 1:18
**telephone** [3] - 10:18, 10:22, 10:23
**terms** [2] - 5:16, 8:23
**Texas** [3] - 3:18, 3:22, 4:11
**THE** [22] - 2:14, 2:22, 3:20, 3:25, 4:13, 4:17, 5:17, 5:20, 6:1, 6:5, 6:8, 6:20, 7:1, 7:10, 7:20, 8:13, 8:15, 9:10, 10:2, 10:11, 10:19, 11:1
**three** [1] - 4:10
**throughout** [1] - 4:5
**today** [2] - 4:24, 10:21
**TOLKIN** [1] - 2:5
**touch** [2] - 9:12, 9:14
**transcript** [1] - 2:8
**Transcript** [1] - 2:9
**transferred** [1] - 4:6
**try** [3] - 3:15, 3:23, 9:11

## U

**U.S** [1] - 1:5
**under** [1] - 9:23
**underlying** [1] - 6:10
**Understood** [1] - 4:2
**UNITED** [1] - 1:1
**United** [1] - 1:11
**unless** [1] - 8:3
**unnecessary** [1] - 6:19
**up** [4] - 7:20, 8:10, 8:15, 10:11
**users** [4] - 3:11, 3:13, 3:24, 10:8

## V

**various** [1] - 10:4
**versus** [1] - 2:15
**VIA** [1] - 1:18
**view** [2] - 5:17, 5:19

## W

**wants** [1] - 10:23
**Washington** [1] - 1:24
**Wayport** [2] - 3:18, 3:22
**week** [3] - 5:1, 6:13, 6:17
**WEINSTEIN** [1] - 1:10
**Wi** [2] - 3:19, 3:21
**Wi-Fi** [2] - 3:19, 3:21
**widespread** [1] - 3:7
**withdrawn** [1] - 4:6

## Y

**YORK** [1] - 1:1
**York** [7] - 1:15, 1:20, 2:2, 2:6, 10:7