# RIGRODSKY & LONG, P.A.

Attorneys at Law                                                     www.rigrodskylong.com

Seth D. Rigrodsky                                                           Joseph Russello
Admitted in DE, NY                                                            Admitted in NY

Brian D. Long                                                                Mark S. Reich
Admitted in DE, PA                                                         Admitted in NY, NJ

February 23, 2009

**VIA ELECTRONIC CASE FILING**
The Honorable Victor V. Pohorelsky, U.S.M.J.
United States Courthouse
United States District Court
   For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Koschitzki v. Apple Inc., et al.*, Case No. 1:08-cv-4451-JBW-VVP

Dear Judge Pohorelsky:

      This firm represents Plaintiff Avi Koschitzki in this matter. I respectfully submit this letter in support of Plaintiff's request to depose four witnesses, each of whom submitted a declaration in support of defendant AT&T Mobility LLC's ("AT&T") motion to compel arbitration (the "Motion"), in advance of the March 13, 2009 oral argument, and potential evidentiary hearing, on the Motion. These witnesses, whose depositions Plaintiff has noticed, are TJ Terry, Caroline Mahone-Gonzalez, Adam Gill and Professor Richard A. Nagareda.

      As Your Honor recognized during Friday's conference, the discovery dispute at issue is clear-cut: AT&T asks the Court to rely upon its witnesses in determining the Motion, yet refuses to voluntarily produce them for depositions. In fact, AT&T has advised the Court and Plaintiff that it will seek a protective order precluding the depositions.[1] This is improper.

      First, AT&T concedes that these depositions are necessary by arguing that the Motion is subject to a summary judgment-like standard and that the Court must consider the declarations. As such, AT&T cannot possibly expect the Court to consider the declarations without also expecting that Plaintiff would have an opportunity to depose the witnesses who submitted them. In fact, in a separate class action pending in New Jersey federal court concerning similar issues, entitled *Larson v. AT&T Mobility LLC*, No. 2:07-cv-05325-JLL-ES, AT&T voluntarily made at least two witnesses available for depositions in advance of the hearing on a motion to compel arbitration, where, like here, they submitted supporting declarations. One of those witnesses, Professor Nagareda, has submitted a declaration in this case.

---

[1] Because AT&T has made it known that it will not voluntarily produce these witnesses for depositions, its suggestion, voiced during the conference, that judicial intervention is premature because the parties have not met and conferred about this discovery dispute, rings hollow. Moreover, because of the urgent nature of this dispute, Judge Weinstein directed us, in the presence of defense counsel, to immediately raise this issue before Your Honor.

919 North Market Street, Suite 980                                    585 Stewart Avenue, Suite 304
Wilmington, Delaware 19801                                           Garden City, New York 11530
(302) 295-5310                                                                  (516) 683-3516

Dockets.Justia.com

Second, Judge Weinstein has indicated that, if necessary, he will hold an evidentiary hearing on the Motion, with witnesses, shortly after oral argument.[2] *See* Docket Entry ("DE") 56. Without an opportunity to depose the most significant witnesses upon which AT&T relies, Plaintiff's ability to meaningfully participate in the hearing will be severely prejudiced.

Third, the four witnesses that Plaintiff seeks to depose have raised discrete issues in their declarations that require development in advance of the fast-approaching oral argument, and potential evidentiary hearing, on the Motion:

- Terry and Mahone-Gonzalez claim in their declarations (DE 19, 20) to have reviewed "records" concerning Plaintiff's iPhone purchase and AT&T account, and made statements concerning these matters, but did not describe or produce the records;

- Gill describes in his declaration (DE 18) the procedures that AT&T claims to follow when presenting customers with its "terms and conditions," but he does not disclose whether those procedures were followed in Plaintiff's case; and

- Professor Nagareda, a purported expert that AT&T has used in numerous similar cases (including the *Larson* matter), makes factual *and* legal assertions regarding the principal issue on the Motion, *i.e.*, the validity of the arbitration provision (DE 22).

Fourth, because Plaintiff seeks depositions of these four witnesses concerning discrete issues, the discovery sought is not burdensome to AT&T and is tailored to uncover the most crucial information necessary to oppose the Motion. In contrast, allowing AT&T to withhold these witnesses from discovery will impede the Court's consideration and determination of the Motion and prejudice Plaintiff's opposition, particularly if the Court holds an evidentiary hearing after oral argument takes place.

Accordingly, Plaintiff respectfully requests the Court to order AT&T to produce the four witnesses addressed herein for depositions prior to the March 13, 2009 oral argument.

We look forward to further addressing these issues with the Court at today's 3:00 p.m. conference, and we appreciate the Court's attention to this matter.

Respectfully submitted,

Mark Reich

MSR/sc
cc:  All Counsel of Record (via ECF)

---

[2] It is quite possible that Judge Weinstein will order such hearing, as the Second Circuit expects the development of a thorough record prior to a district court's decision on a motion to compel arbitration. *See Specht v. Netscape Comm'cs Corp.*, 306 F.3d 17, 28 (2d Cir. 2002) (commending the district court for allowing weeks of discovery, including depositions, in connection with a decision denying a motion to compel arbitration, which was affirmed).