UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ X
:
AVI KOSCHITZKI, on Behalf of Himself and
all Others Similarly Situated,                               :   Civil Action No. 1:08-cv-04451-JBW-VVP

        Plaintiff,                              :   **SUPPLEMENTAL DECLARATION OF**
                                                   **HARRY BENNETT IN SUPPORT OF**
vs.                                                          :   **DEFENDANT AT&T MOBILITY**
                                                   **LLC'S MOTION TO COMPEL**
APPLE INC. and AT&T MOBILITY LLC,                            :   **ARBITRATION AND DISMISS**
                                                   **ACTION**
        Defendant.
:
------------------------------------ X

I, Harry Bennett, hereby declare as follows:

    1.    The following facts are of my own personal knowledge, and if called as a witness I could and would testify competently as to their truth.

    2.    In November 2008, I submitted a declaration in support of the motion to compel arbitration submitted by ATTM in this action. I submit this supplemental declaration to inform this Court of additional information concerning ATTM's web site.

    3.    As I explained in my earlier declaration in this case, I am employed by AT&T Mobility LLC ("ATTM") (formerly Cingular Wireless LLC ("Cingular")) as the Executive Director for E-Commerce Operations. I have held this position since October 2005. (Between October 2005 and September 2006, my title was Senior Director for E-Commerce Operations.) Before that, I was Director of IT (Information Technology) for Cingular. My job responsibilities include, among other things, overseeing the business group that manages ATTM's e-commerce activities and that maintains ATTM's web site.

    4.    Some customers subscribe to wireless service using ATTM's web site. As that process worked in December 2008 and January 2009, in order to complete the transaction, a

customer must check a box stating "I have read and agree to the service agreement." The "service agreement"—including the terms of service—is displayed in a scrollable text box that appears above the acknowledgement check box. If the customer does not check the acknowledgement box, he or she is unable to complete the transaction. A true and correct printout of the screen containing the acknowledgment box and service agreement, as it would have appeared in December 2008 and January 2009, is attached as Exhibit 1.

5. The service agreement itself changed in some respects in February 2009, but ATTM maintains archived copies of previous versions of the agreement as that agreement appeared on ATTM's web site. Attached as Exhibit 2 is a true and correct printout of the archived text of the agreement that would have appeared in the scrollable text box on ATTM's web site in December 2008 and January 2009.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2009, at Plano, Texas.

*/s/ Harry Bennett*
Harry Bennett