UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVI KOSCHITZKI, On Behalf of Himself and all Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>APPLE INC. and AT&T MOBILITY LLC,<br><br>       Defendants. | Civil Action No. 1:08-CV-04451-JBW-VVP |

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT
OF HIS MOTION TO STRIKE THE DECLARATION OF RICHARD NAGAREDA**

Plaintiff Avi Koschitzki respectfully submits this Memorandum of Law in further support of his motion to strike the Declaration of Professor Richard Nagareda (the "Declaration").

**ARGUMENT**

Defendant AT&T Mobility, LLC ("AT&T") cannot reasonably argue that the Declaration does not contain legal argument. Indeed, AT&T expressly acknowledges this point by confirming that "Professor Nagareda's testimony pertains to substantive unconscionability." Def. Mem. at 10.[1] Thus, the Declaration was clearly submitted to set forth his *legal* opinion on the *legal* question of whether the AT&T arbitration clause at issue here is substantively unconscionable. *Harrington v. Atlantic Sounding Co.,* 06-CV-2900 (NG) (VVP), 2007 U.S. Dist. LEXIS 67097 (E.D.N.Y. Sept. 11, 2007); *Bar-Ayal v. Time Warner Cable Inc.*, 03 CV 9905 (KMW), 2006 U.S. Dist. LEXIS 75972 (S.D.N.Y. Oct. 16, 2006) (the question of substantive unconscionability is legal in nature).[2]

Nevertheless, AT&T argues that the Declaration is factual in nature merely because it expresses Nagareda's opinion that the arbitration clause at issue, as compared with differently-worded arbitration clauses, ensures that "consumers and attorneys have adequate incentives to bring claims." *See* Def. Mem. at 3 (citing the Declaration at ¶¶ 10-11). Simply saying that Nagareda's statements are factual in nature does not, however, negate the fact that he is advancing a purely *legal* position. Regardless of the facts or principles Nagareda used to reach

---

[1] "Def. Mem. at __" refers to AT&T's Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Declaration of Richard A. Nagareda.

[2] In its Memorandum of Law in Support of a Protective Order (Docket # 59-2) (referred to as "AT&T Prot. Order"), AT&T once again underscored the legal focus of the unconscionability issue and specifically noted that the deposition of any witness – other than Nagareda – would not be necessary in determining the issue. AT&T Prot. Order at 18.

2

his decision, the conclusions contained in his Declaration as to the unconscionability of AT&T's arbitration clause remain legal in nature.[3]

Notwithstanding the legal thrust of his declaration, the alleged factual bases upon which his legal conclusions depend fail to establish that AT&T's arbitration provision would incentivize consumers to individually arbitrate their claims. For example, Nagareda fails to compare the clause at issue with the language of any other arbitration clauses, let alone any other provision that bars class-wide claims in a judicial or arbitration proceeding. This is particularly significant considering that there are currently eleven class actions (including this action) pending throughout the country which, as here, relate to the deficient or inadequate service provided to iPhone users by Apple, Inc. ("Apple") and AT&T (and the defective nature of the iPhone itself).[4] In stark contrast, despite the widespread problems users have experienced with AT&T's 3G network (Amended Class Action Complaint, filed on November 12, 2008, ¶¶ 21, 24-25), AT&T has not identified even a single arbitration proceeding that a consumer has filed.

---

[3] AT&T's reliance on other cases in which Nagareda testified to the strength or attractiveness of AT&T arbitration clauses (Def. Mem. at 9-10) simply exposes the subjective and biased nature of the legal conclusions he offers here.

[4] The following cases have been filed as class action as of the filing of this brief:

- District of New Jersey, 2:09-cv-00456; *Ritchie v. Apple Inc., et al.*
- Eastern District of Texas, 4:2009-cv-00042; *Payne, et al. v. Apple Inc., et al.*
- Southern District of Florida, 1:2009-cv-20258; *Gonzalez, et al. v. Apple, Inc. et al.*
- Northern District of Alabama, 2:2008-cv-01498; *Smith, et al. v. Apple, Inc.*
- Northern District of California, NDCA 5:08-cv-05375-JW; *Pittman v. Apple, Inc.*
- Northern District of California, 5:2008-cv-05810; *Ashikian, et al. v. Apple, Inc., et al.*
- Northern District of California, 5:09-cv-00121-JW; *Keller v. Apple, Inc., et al.*
- Northern District of California, 5:09-cv-00122-JW; *Gillis v. Apple Computer, Inc., et al.*
- Northern District of California, 5:2009-cv-00187; *Walters v. Apple, Inc.*
- Northern District of California, 3:09-cv-00330-JSW; *Medway v. Apple, Inc.*

These facts certainly raise questions regarding Nagareda's conclusion that AT&T's arbitration clause is pro-consumer and would incentivize consumers to bring individual arbitration claims.

Moreover, although Nagareda purports in his declaration to focus on the amount of a consumer's potential recovery in an individual arbitration against AT&T, it is silent as to the value of a typical claim relating to the deficiency of the 3G network. While an individual damages figure is difficult to definitively ascertain at this juncture, it can be fairly estimated as less than $500. Reich Decl. at ¶6.[5] In contrast, an individual consumer's out-of-pocket cost to litigate or arbitrate a claim against AT&T would almost certainly exceed the potential recovery, particularly if the consumer must demonstrate that the 3G network does not function as advertised.[6] *See* Reich Decl. at ¶3-5, 7. Consequently, contrary to Nagareda's conclusion, the costs that an individual consumer can reasonably expect to incur in connection with a case against AT&T clearly outweigh the estimated recovery, thus rendering individual judicial or arbitration proceedings exceedingly *un*likely.

The Second Circuit's recent landmark decision in *Italian Colors Rest. v. Am. Express Travel Related Servs. Co.*, No. 06-1871-cv, 2009 U.S. App. LEXIS 1646 (2d Cir. Jan. 30, 2009), which also supports this conclusion, is instructive here. In that case, the Second Circuit held that a class action waiver provision was unenforceable where, as here, the estimated damages that an average plaintiff could recover – *i.e.*, between $754 and $9,046 – far overshadowed the out-of-pocket cost of retaining even a *single* expert to perform an economic study. *Id*. at **48-49. As

---

[5] "Reich Decl. at ¶__" refers to a paragraph of Mark S. Reich's Declaration in Further Support of Plaintiff's Motion to Strike the Declaration of Richard Nagareda, dated February 24, 2009.

[6] Further, class-wide remedies, such as a global fix of the network, correcting defendants' misleading marketing methods, or providing an upgrade to the casing of the iPhone, could not be achieved through individual claims.

4

such, the Second Circuit concluded that the claims at issue there "c[ould], for all intents and purposes, only be pursued through the aggregation of individual claims." *Id.* at *49.

For these same reasons, this Court should find the bar against class action claims in AT&T's arbitration provision unenforceable. A contrary finding here would permit AT&T to unilaterally repudiate the policy underlying the class action mechanism that the Second Circuit – and the United States Supreme Court – have found so valuable. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 549 F.3d 137, 144 (2d Cir. 2008) (stating that class actions are designed to "incentivize plaintiffs to sue when the economic benefit would otherwise be too small," especially when "taking into account the court costs and attorneys' fees typically incurred.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court strike the Declaration and grant such other and further relief as it deems just and proper.

DATED: February 24, 2009    **RIGRODSKY & LONG, P.A.**

/s/ Mark S. Reich
_____
Mark S. Reich
Joseph Russello
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Tel.: (516) 683-3516

– and –

Seth D. Rigrodsky
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19801
Tel.: (302) 295-5310
Fax: (302) 654-7530

*Counsel for Plaintiff*

OF COUNSEL:

**STEIN FARKAS & SCHWARTZ LLP**
Aaron M. Stein
Joshua Farkas
1639 E. 13th Street
Brooklyn, NY 11229
Tel: (718) 645-5600
Fax: (718) 645-3767