UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AVI KOSCHITZKI, On Behalf of Himself and all Others Similarly Situated,

        Plaintiff,

vs.

APPLE INC. and AT&T MOBILITY LLC,

        Defendants.

Civil Action No. 1:08-CV-04451-JBW-VVP

**DECLARATION IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF RICHARD NAGAREDA**

---

Mark S. Reich, hereby deposes and says, under penalty of perjury, as follows:

1. I am a partner in the law firm of Rigrodsky & Long, P.A., counsel for plaintiff Avi Koschitzki ("Plaintiff") in this putative class action. I am an attorney licensed to practice law in the State of New York and am admitted to practice before this Court.

2. I respectfully submit this Declaration in further support of Plaintiff's Motion to Strike the Declaration of Richard Nagareda.

3. As part of Plaintiff's review of the proofs of claims for the instant action, I contacted numerous consultants to gauge and determine the types of studies or analyses that a typical plaintiff may require in connection with substantiating the claims at issue against defendant AT&T Mobility LLC ("AT&T") in this action. As such, I principally focused on the nature of the work that conceivably may be needed to evaluate the adequacy (or inadequacy) of AT&T's 3G network.

4. The general accord among the consultants that I contacted was that they would take a multi-step approach to evaluating the network: they would first need to understand the design of the network; they would then need to "test" the network, including, for example, determining the overall

download speed of data in various reference sites; and, they would need to perform a backhaul[1] analysis of the network. These items are a mere sampling or examples of the sort of work or assessment that a consultant may be called upon to perform in connection with a consumer's claim against AT&T regarding the adequacy of its 3G network.

5. The estimates or quotes to conduct even initial testing or assessment of the strength, adequacy, or speed of AT&T's 3G network – absent deposition or trial preparation or testimony – ranged between $25,000 and $60,000.

6. According to online and public information, the purchase price of an iPhone (at or around August 2008) was approximately $300. The fee for terminating an AT&T cellular service agreement, at or around the same time period, was $175.

7. Accordingly, the cost associated with engaging only a single consultant to assist an individual consumer in substantiating his claim against AT&T in connection with the inadequacy of AT&T's 3G network would dissuade him from pursuing such a claim. It is thus reasonable to conclude that individual consumers would not pursue Plaintiff's claims against AT&T in the absence of an ability to do so on a class-wide basis.

---

[1] Backhaul is known as the transportation of traffic between distributed sites, or access points, to a more centralized point of presence. Or, backhaul is the means by which information is carried from the base station to the central data or telephone station.

I declare under penalty of perjury that the foregoing is true and correct.

Garden City, New York
February 24, 2009

/s/ Mark S. Reich

MARK S. REICH