# RIGRODSKY & LONG, P.A.
ATTORNEYS AT LAW

919 NORTH MARKET STREET, SUITE 980
WILMINGTON, DELAWARE 19801

SETH D. RIGRODSKY*
BRIAN D. LONG**

*ALSO ADMITTED IN NY
**ALSO ADMITTED IN PA

TELEPHONE (302) 295-5310
FACSIMILE (302) 654-7530
WWW.RIGRODSKYLONG.COM

March 25, 2009

**VIA FACSIMILE (718) 613-2527**

The Honorable Jack B. Weinstein, U.S.D.J.
United States Courthouse
United States District Court
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Koschitzki v. Apple Inc., et al.*, Case No. 1:08-cv-4451-JBW-VVP

Dear Judge Weinstein:

  I respectfully write in response to the letter submitted yesterday by Mark Reich, an associate at the law firm of Coughlin Stoia Geller Rudman Robbins LLP ("Coughlin Stoia"). Mr. Reich was formerly an employee of Rigrodsky & Long, P.A. ("R&L"). I am not admitted to practice before the Court, but I am a member, in good standing of, among others, the New York Bar, the Southern District of New York, and the Second Circuit Court of Appeals. Pursuant to my conversation with your law clerk of today, I am submitting this letter to the Court directly by facsimile and will cause its public filing on the docket in the proper manner.

  In his letter, Mr. Reich represented that the plaintiff in the above-referenced class action, Mr. Avi Koschitzki ("Koschitzki"), had decided to retain Coughlin Stoia as his counsel. Mr. Reich contends that I had withheld my consent to the substitution of Coughlin Stoia for R&L as counsel for Koschitzki. This letter is to inform the Court that R&L consents to the substitution of counsel, without prejudice to its rights. Nonetheless, for the reasons set forth below, R&L respectfully requests that the Court not "So Order" Mr. Reich's letter. R&L will execute an appropriate substitution of counsel form once it is provided.

  I also wish to extend my personal apology to the Court for consuming judicial resources on this matter. On several occasions, I asked that the partners at Coughlin Stoia responsible for supervising Mr. Reich call me to discuss his letter. Those requests were ignored. Having had to explain the situation to them *via* e-mail, I asked Mr. Reich's supervisors to retract his letter. They refused those requests too, thus making this response necessary.[1]

---

[1] During the exchange of e-mails with Mr. Reich's supervisor, he cynically claimed that my concerns about the circumstances of my firm's termination only related to my firm's unreimbursed time and expenses in this case. As I explained to Mr. Reich's supervisor, however, Mr. Farkas had specifically requested in his e-mail: "please forward

Undisclosed in his letter, and by way of background, Mr. Reich was formerly employed at Coughlin Stoia and left that firm to join R&L. Mr. Reich also failed to disclose that he is a personal friend of Koschitzki and Joshua Farkas, Esquire, one of Koschitzki's present counsel.

Mr. Reich departed R&L at the close of business on *March 13, 2009*. During the following week, although my firm had no legal obligation to do so, it engaged in discussions with Mr. Reich to provide him with continuing pay and health care coverage over a three month period to enable him to seek other employment. In the context of these discussions, Mr. Reich asked that he instead receive an immediate lump sum payment. During those negotiations, Mr. Reich informed R&L that, although he had spoken with Koschitzki and Mr. Farkas, Mr. Reich did not know Koschitzki's intentions and that Mr. Farkas would be calling me about the matter during the week.

At approximately midnight on Saturday evening, *March 21*, Mr. Farkas transmitted to me, *via* e-mail, Koschitzki's discharge letter. (See Exhibit A hereto). Mr. Reich, however, failed to provide the Court with the transmittal e-mail (*compare* Reich Letter Exhibit A), creating the false impression that it was mailed or otherwise previously sent to R&L. The reason for this omission is apparent: Koschitzki's letter is dated *March 16, 2009*. Thus, unbeknownst to R&L, Koschitzki *had already terminated his retention of R&L* at a time when Mr. Reich was attempting to persuade R&L to immediately pay him a lump sum and execute a release, while also representing that no decision had been made by Koschitzki or Mr. Farkas.

On Monday *March 23*, Mr. Reich wrote me an e-mail from his *personal* e-mail account (copied to Mr. Farkas) threatening that "*we* will seek the necessary relief from the court" if R&L did not sign a substitution of counsel form -- a form tellingly not provided or attached to the e-mail. (Reich Letter, Ex. B) (Emphasis added). In this particular context, I wrote the strongly-worded e-mail attached to Mr. Reich's letter to the Court.

Although Mr. Reich's letter makes it seem that this was the end of the matter, it was not. After receiving Mr. Reich's e-mail, I immediately wrote to Mr. Farkas (copying Mr. Reich) asking him to indentify the "we" in Mr. Reich's e-mail to me. (*See* attached Exhibit B). I was confused and concerned about the matter particularly because, in an e-mail Mr. Farkas had sent to me at *9:27 p.m. the previous evening*, Mr. Farkas represented "[a]s soon as my client decides how he will proceed with this matter and if we will retain new co-counsel, they or I will communicate with you." (*See* attached Exhibit B hereto). Neither Mr. Farkas nor Mr. Reich responded to my letter. It was not until yesterday that I learned, *via* Mr. Reich's letter to the Court, that Mr. Farkas had retained Coughlin Stoia.

---

your time entries and expenses to the Koschitzki matter as soon as possible so that I can share the information with the appropriate counsel, if necessary." (*See* Exhibit A).

Again, I extend my apology to the Court for having to submit this letter, but in our view, the public record Mr. Reich created requires explanation. As soon as Coughlin Stoia sends to me an appropriate substitution of counsel form, I will execute it on behalf of R&L.

If the Court has any further questions about this matter, I am available at its convenience.

Respectfully submitted,

Seth D. Rigrodsky

SDR/
Enc.

cc: via e-mail
  Brian D. Long, Esq.
  Samuel Rudman, Esq.
  Robert Rothman, Esq.
  Joshua Farkas, Esq.