(RMM-3057)
Rosevelie Márquez Morales, Esq.
HARRIS BEACH PLLC
100 Wall Street – 23rd Flr.
New York, New York 10005
(212) 687-0100

317170.1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KERRI JANE HATTER, DEBORAH HILTON, Individually, and DEBORAH HILTON on Behalf of ALISHA KAY HILTON, a Minor, DEBORAH WEISBARTH, Individually, and DEBORAH WEISBARTH on Behalf of DANIEL WEISBARTH, a Minor,

                                    Plaintiffs,

-against-

THE ABBOTT LABORATORIES, BURROUGHS-WELLCOME & CO., INC., n/k/a Glaxo Wellcome, Inc., CARNRICK LABORATORIES, INC. n/k/a Élan Pharmaceuticals, DART INDUSTRIES, INC., p/k/a Rexall Drug Company, Inc., ELI LILLY AND COMPANY, KREMERS-URBAN CO., n/k/a Mequon Company, LANNETT CO., INC., McNEILAB, INC., MALLINCKRODT INC., S.E. MASSENGILL, n/k/a SmithKline Beecham Corp., MERCK & CO., INC., MERRELL DOW PHARMACEUTICALS, INC., RHONE–POULENC RORER PHARMACEUTICALS, INC., p/k/a William H. Rorer, Inc., ROWELL LABORATORIES, INC. n/k/a Solvay Pharmaceuticals, E.R. SQUIBB & SONS, INC. n/k/a E.R. Squibb & Sons, LLC and THE UPJOHN COMPANY,

                                    Defendants.

**Docket No.: 08 CV 5216 (ENV)**

**ANSWER AND JURY TRIAL DEMAND**

Defendant **LANNETT COMPANY, INC. i/s/h/a LANNETT CO., INC.,** by its attorneys, Harris Beach PLLC, answering Plaintiffs' Complaint, filed December 24, 2008 respectfully states as follows:

## JURISDICTION

1. Denies each and every allegation contained in paragraph "1" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

## PARTY PLAINTIFFS

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

## PARTY DEFENDANTS

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Denies each and every allegation contained in paragraph number "13" of the Complaint except admits that Lannett Company, Inc. is a duly organized Delaware Corporation with its principal place of business in Pennsylvania.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

## **FACTUAL BACKGROUND**

23.     Denies each and every allegation contained in paragraph "23" of the Complaint except admits that at certain times Defendant Lannett Company, Inc. obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint as to other defendants.

24.     Denies each and every allegation contained in paragraph "24" of the Complaint.

25.     Denies each and every allegation contained in paragraph "25" of the Complaint.

26.     Denies each and every allegation contained in paragraph "26" of the Complaint.

27.     Denies each and every allegation contained in paragraph "27" of the Complaint.

28.     Plaintiff omitted paragraph "28" of the Complaint.

29.     Plaintiff omitted paragraph "29" of the Complaint.

30.     Plaintiff omitted paragraph "30" of the Complaint.

31.     Plaintiff omitted paragraph "31" of the Complaint.

32.     Denies each and every allegation contained in paragraph "32" of the Complaint.

33.     Denies each and every allegation contained in paragraph "33" of the Complaint.

34.     Denies each and every allegation contained in paragraph "34" of the Complaint.

35.     Denies each and every allegation contained in paragraph "35" of the Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF
(Strict Products Liability)

36. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "36" of the Complaint.

37. Denies each and every allegation contained in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39. Denies each and every allegation contained in paragraph "39" of the Complaint.

40. Denies each and every allegation contained in paragraph "40" of the Complaint.

41. Denies each and every allegation contained in paragraph "41" of the Complaint.

42. Denies each and every allegation contained in paragraph "42" of the Complaint.

43. Denies each and every allegation contained in paragraph "43" of the Complaint.

44. Denies each and every allegation contained in paragraph "44" of the Complaint.

45. Denies each and every allegation contained in paragraph "45" of the Complaint.

46. Denies each and every allegation contained in paragraph "46" of the Complaint.

47. Denies each and every allegation contained in paragraph "47" of the Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF
**(Negligence)**

48. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "48" of the Complaint.

49. Denies each and every allegation contained in paragraphs "49 (a)-(g)" of the Complaint, inclusive, except admits that at certain times defendant, Lannett Company, Inc.

obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49 (a)-(g)" of the Complaint as to other defendants.

50. Plaintiff omitted paragraph "50" of the Complaint.

51. Denies each and every allegation contained in paragraph "51" of the Complaint.

52. Denies each and every allegation contained in paragraph "52" of the Complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF
(Breach of Express Warranty)

53. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "53" of the Complaint.

54. Denies each and every allegation contained in paragraph "54" of the Complaint.

55. Denies each and every allegation contained in paragraph "55" of the Complaint.

56. Denies each and every allegation contained in paragraph "56" of the Complaint.

57. Denies each and every allegation contained in paragraph "57" of the Complaint.

58. Denies each and every allegation contained in paragraph "58" of the Complaint.

59. Denies each and every allegation contained in paragraph "59" of the Complaint.

### ANSWERING THE FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty)

60. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "60" of the Complaint.

61. Denies each and every allegation contained in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Complaint.

63. Denies each and every allegation contained in paragraph "63" of the Complaint.

64. Denies each and every allegation contained in paragraph "64" of the Complaint.

65. Denies each and every allegation contained in paragraph "65" of the Complaint.

66. Denies each and every allegation contained in paragraph "66" of the Complaint.

67. Denies each and every allegation contained in paragraph "67" of the Complaint.

**ANSWERING THE FIFTH CLAIM FOR RELIEF**
(**Fraudulent Misrepresentation**)

68. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "68" of the Complaint.

69. Denies each and every allegation contained in paragraph "69" of the Complaint.

70. Denies each and every allegation contained in paragraph "70" of the Complaint.

71. Denies each and every allegation contained in paragraph "71" of the Complaint.

72. Denies each and every allegation contained in paragraph "72" of the Complaint.

73. Denies each and every allegation contained in paragraph "73" of the Complaint.

74. Denies each and every allegation contained in paragraph "74" of the Complaint.

75. Denies each and every allegation contained in paragraph "75" of the Complaint.

76. Denies each and every allegation contained in paragraph "76" of the Complaint.

77. Denies each and every allegation contained in paragraph "77" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

78. That any injuries and/or damages sustained by the plaintiffs, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable

conduct of said plaintiffs or their natural mothers and not as a result of any contributory negligence and/or conduct on the part of this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

79. That by entering into the activity in which the plaintiffs' natural mothers were engaged at the time of the occurrence set forth in the Complaint, said natural mothers knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiffs' natural mothers, their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

80. Any injuries and damages sustained by the plaintiffs were the result of the misuse and/or abuse of the aforesaid product by the plaintiffs or their natural mothers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

81. That one or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

82. That the Complaint of the plaintiffs fails to state a cause of action, cognizable in equity or law against this answering defendant and must therefore be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

83. All claims raised and all causes of action asserted in the Complaint against this defendant are barred by laches or waiver, and plaintiffs are equitably estopped from asserting such claims or causes of action against this defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

84. Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

85. With respect to all claims based upon alleged breach of express or implied warranties, there was no privity of contract between the plaintiffs and this defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

86. With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

87. Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the plaintiffs by this answering defendant at the time plaintiffs' mothers allegedly used the drug referred to in the Complaint or by reason of the doctrine of en ventre sa mere and, therefore, plaintiffs have failed to state facts sufficient to state a claim upon which relief can be granted.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

88. If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

89. The drug referred to in plaintiffs' Complaint is a prescription drug and the Federal Government has preempted the field of law applicable to prescription drug products and their

labeling; the manufacture, distribution and sale of the drug referred to in the complaint were and are controlled by Federal Law and the manufacture, distribution and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiffs' causes of action fail to state any claim upon which relief can be granted in that, inter alia, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of prescription drugs and would violate the Supremacy clause (Art. VI., §2) of the United States Constitution.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

90. In the event plaintiffs recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

91. Plaintiffs failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

92. The liability of this defendant, if any, to the plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

93. Defendant asserts that this action is improperly venued.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

94. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof; and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

95. Plaintiffs' demand for punitive damages is barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the New York State Constitution.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

96. Plaintiffs' demand for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, section 6 of the New York State Constitution.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

97. Plaintiffs' demand for punitive damages is barred by the ex post facto clause of Article I, section 10 of the United States Constitution.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

98. Plaintiffs' demand for punitive damages is barred by the proscription of Article I, section 5 of the New York State Constitution prohibiting the imposition of excessive fines.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

99. That the defendant was not served in accordance with the provisions of the Federal Rules of Civil Procedure and the court, therefore, lacks jurisdiction over the person of said defendant.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

100. The Court lacks jurisdiction over the subject of this action because of the absence of diversity among the parties and the lack of any federal question.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

101. Defendant incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the answers by any other defendant and will rely on all defenses which become available during discovery or trial.

**WHEREFORE**, defendant demands judgment dismissing the Complaint of the plaintiffs together with the costs and disbursements of this action.

Dated: New York, New York
        January 29, 2009

Respectfully submitted,

HARRIS BEACH PLLC

By: *Rosevelie Márquez Morales*
Rosevelie Márquez Morales (RMM – 3057)
Attorneys for Defendant
**LANNETT COMPANY, INC.**
**I/S/H/A LANNETT CO., INC.**
100 Wall Street – 23rd Flr.
New York, New York 10005
(212) 687-0100

TO: (SEE ATTACHED SERVICE LIST)

Michael London, Esq.
Douglas & London, P.C.
111 John Street – Ste. 1400
New York, New York 10038
Attorney for Plaintiffs

Robert Wilson, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Attorneys for Defendant
The Abbott Laboratories and McNeilab

Pitney, Hardin, Kipp & Szuch
P.O. Box 1945
Morristown, New Jersey 07962-1945
Attorneys for Defendant
Smithkline Beecham Corp.

Frank Giliberti, Esq.
Rivkin, Radler & Kremer
EAB Plaza
Uniondale, New York 11556
Attorneys for Defendant Upjohn

Gladstein & Isaac
110 Wall Street
New York, New York 10005
Attorneys for Defendant
Rowell Laboratories, Inc. and
Vita-Fore Products, Inc.

Heidi Hilgendorff
Drinker Biddle & Reath
500 Campus Drive
Florham Park, NJ  07932
Attorneys for UPJOHN COMPANY

Cooper Kardaras & Scharf, LLP
40 Wall Street
New York, New York 10005
Attorneys for Defendant
Kremers-Urban Co. n/k/a Mequon Company

Sedgwick, Detert, Moran & Arnold
125 Broad Street, 9th Fl.
New York, New York 10004-2400
Attorneys for Defendant
E.R. Squibb & Son

Charles Garvey
Goodwin Procter
599 Lexington Ave.
New York, NY 10022
Attorneys for Defendant
Premo Pharmaceutical Laboratories, Inc.

Sheila AnnMarie Moeller, Esq.
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT  06830
Attorneys for Defendant Dart
Industries, Inc. p/k/a Rexall Drug
Company, Inc.

Susan Campbell, Esq.
Hughes, Hubbard & Reed, Esqs.
One Battery Park Plaza
New York, New York 10004
Attorneys for Defendants
Mallinckrodt and Merck & Co., Inc.

Fitzgerald & Baker
One Liberty Plaza, 20th Floor
New York, New York 10006
Attorneys for Defendants
Rhone-Poulenc Rorer Pharmaceuticals

Sam Abate, Esq.
McCarter & English
245 Park Avenue
New York, New York 10167
Attorney for Defendant
Eli Lilly & Co.

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served electronically via the Court's electronic filing system or via ordinary mail on the 29th day of January 2009, upon the following:

Michael London, Esq.
Douglas & London, P.C.
111 John Street – Ste. 1400
New York, New York 10038
Attorney for Plaintiffs

Robert Wilson, Esq.
Patterson, Belknap, Webb & Tyler, LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Attorneys for Defendant
The Abbott Laboratories and McNeilab

Pitney, Hardin, Kipp & Szuch
P.O. Box 1945
Morristown, New Jersey 07962-1945
Attorneys for Defendant
Smithkline Beecham Corp.

Frank Giliberti, Esq.
Rivkin, Radler & Kremer
EAB Plaza
Uniondale, New York 11556
Attorneys for Defendant Upjohn

Gladstein & Isaac
110 Wall Street
New York, New York 10005
Attorneys for Defendant
Rowell Laboratories, Inc. and Vita-Fore Products

Cooper Kardaras & Scharf, LLP
40 Wall Street
New York, New York 10005
Attorneys for Defendant Kremers-Urban Co.
n/k/a Mequon Company

Heidi Hilgendorff
Drinker Biddle & Reath
500 Campus Drive
Florham Park, NJ 07932
Attorneys for UPJOHN COMPANY

Sedgwick, Detert, Moran & Arnold
125 Broad Street, 9th Fl.
New York, New York 10004-2400
Attorneys for Defendant
E.R. Squibb & Son

Charles Garvey
Goodwin Procter
599 Lexington Ave.
New York, NY 10022
Attorneys for Defendant
Premo Pharmaceutical Laboratories, Inc.

Sheila AnnMarie Moeller, Esq.
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT  06830
Attorneys for Defendant Dart
Industries, Inc. p/k/a Rexall Drug
Company, Inc.

Susan Campbell, Esq.
Hughes, Hubbard & Reed, Esqs.
One Battery Park Plaza
New York, New York 10004
Attorneys for Defendants
Mallinckrodt and Merck & Co., Inc.

Fitzgerald & Baker
One Liberty Plaza, 20th Floor
New York, New York 10006
Attorneys for Defendants
Rhone-Poulenc Rorer Pharmaceuticals

Sam Abate, Esq.
McCarter & English
245 Park Avenue
New York, New York 10167
Attorney for Defendant Eli Lilly & Co.

*Rosevelie Márquez Morales*
**Rosevelie Márquez Morales (RMM – 3057)**