Koschitzki v. Apple Inc. et al     Doc. 153

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEYMOUR'S BOATYARD, INC.,

                 Plaintiff,                                Index No. 08-CV-3248
                                                                      (JG)(AKT)

      -against-

THE TOWN OF HUNTINGTON,
HAROLD V. ACKER, individually,
FRANK PETRONE, individually, MARK
CUTHBERTSON, individually, SUSAN A.
BERLAND, individually, STUART P.
BESEN, individually, GLENDA A.
JACKSON, individually, MATTHEW E.
CONEYS, individually, and CONEYS
MARINE CORP.,

                 Defendants.
------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF TOWN DEFENDANTS' MOTION TO DISMISS



Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 296-9155

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ............................................................................................................. 1

    PLAINTIFF'S CLAIM MUST BE DISMISSED

        Procedural Due Process ............................................................................... 1

        Substantive Due Process .............................................................................. 4

        Equal Protection .......................................................................................... 5

        First Amendment ......................................................................................... 6

        Conspiracy Claim ........................................................................................ 7

        Legislative Immunity .................................................................................. 8

        Qualified Immunity ..................................................................................... 9

        Breach of Contract ...................................................................................... 9

        Promissory Estoppel .................................................................................... 9

CONCLUSION ......................................................................................................... 10

## PRELIMINARY STATEMENT

In an effort to avoid dismissal of its claims based on the allegations in the complaint, Plaintiff has disregarded the Federal Rules and has elected to submit affidavits of purported facts in support of its opposition papers. "When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment ... and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). The Town Defendants have not sought to convert their motion to dismiss to one for summary judgment. Based upon the arguments in its brief, it also appears that Plaintiff does not seek to have the Court convert the instant motion to one for summary judgment. The Town Defendants' motion to dismiss is premised, as it must be, upon the allegations contained in the complaint and the content of documents incorporated by reference therein. Accordingly, Plaintiff's efforts to embellish upon the factually deficient allegations in the complaint should be rejected by the Court.

## ARGUMENT

**Procedural Due Process**[1]

Plaintiff alleges that it was denied its constitutional right to procedural due process when the Town Board decided in March 2008 to rescind the license agreement that it had awarded to Plaintiff in February 2008. In support of its claim, Plaintiff argues that the awarding of the license agreement by the Town constituted a binding contract between the parties which is entitled to constitutional protection. Plaintiff's arguments are without merit.

In the first instance, the facts of this case make it clear that the issuance of the license agreement by the Town in February 2008 did not constitute a contract for services with Plaintiff. As set forth in Defendants' Memorandum of Law, the February 5, 2008 resolution awarding the license

---

[1] Plaintiff has failed to address the arguments presented by Defendants with regard to its purported claim that the Town deprived it of a liberty interest without due process of law. Accordingly, we submit that Plaintiff has abandoned that claim.

agreement to Plaintiff, Resolution 2008-106, clearly and unequivocally provided that the license was awarded subject to "other terms and conditions as may be acceptable to the Town Attorney." (Leo Aff. Ex. A). Thus, unlike the situation in *Matter of Municipal Consultants & Publishers, Inc. v. Town of Ramapo*, 47 N.Y.2d 144, 417 N.Y.S.2d 218 (1979), a case deemed "strikingly similar" by Plaintiff, the Town Board resolution awarding the license made it clear that there had not yet been an agreement on the terms of a contract between the parties. In fact, Plaintiff acknowledges that the Town Board resolution set forth terms "but contemplate[d] that there may be additional terms that would have to be acceptable to the Town Attorney." (Pl. Br. p. 19). Accordingly, the fact that the Town Board expressly stated that an agreement was awarded subject to "other terms and conditions as may be acceptable to the Town Attorney" establishes that no enforceable contract existed upon the passing of that resolution. *Cf. Xavier Contracting, LLC v. City of Rye*, 29 A.D.3d 687, 815 N.Y.S.2d 638, 639 (2d Dep't 2006) (awarding of contract is binding "absent an express provision that the plaintiff's contract was awarded subject to or contingent upon" other factors).

The fact that the Town Board resolution did not constitute an enforceable contract with the Town was further underscored three days later when the Town sent a letter to Plaintiff advising it that no contract was yet in effect between the parties and that "*[t]he contract must be fully executed by the Town before any services can be ordered and/or work performed.*" (Leo Aff. Ex. B) (emphasis in original). Here again, unlike in *Town of Ramapo*, it was clear from the Town of Huntington's conduct in this matter that no contract existed with Plaintiff until an agreement was "fully executed" by the parties. *See* Huntington Town Code §53.1 (defining "contract" as "any written agreement between the Town of Huntington and a contractor or vendor to do or perform any kind of labor, service, purchase, construction, or public work"). Plaintiff does not allege that any such "written agreement" was ever executed. Accordingly, no contract was formed and no constitutionally protected property interest could possibly exist. *See Town of Ramapo*, 47 N.Y.2d at 148, 417

N.Y.S.2d at 219 ("Generally, where the parties contemplate that a signed writing is required there is no contract until one is delivered.").

Moreover, even if we were to assume, *arguendo*, that Plaintiff alleged sufficient facts to establish the existence of a contract with the Town, it remains clear that any such contract would not rise to the level of a property right warranting constitutional protection. As the Second Circuit has recognized, "[t]here is a distinction between the breach of an ordinary contract right and the deprivation of a protectible property interest within the meaning of the *due process clause*." *Walentas v. Lipper*, 862 F.2d 414, 418 (2d Cir. 1988) (emphasis in original). Here, despite its efforts to create the appearance of some sinister conspiracy among the Defendants, Plaintiff's claim boils down to little more than allegations that it had a commercial contract with the Town and the Town breached that alleged contract. This is precisely the type of claim that federal courts routinely find does not amount to an unconstitutional deprivation of property. *See, e.g., Local 342, Long Island Public Service Employees v. Town of Huntington*, 31 F.3d 1191, 1195 (2d Cir. 1994) ("we repeatedly have concluded that plaintiffs have no protectible interest" where they possess nothing more than a simple contract right); *see also Redondo-Borges v. U.S. Dep't of Housing and Urban Dev.*, 421 F.3d 1, 10 (1st Cir. 2005) ("we have held with a regularity bordering on the echolalic that a simple breach of contract does not amount to an unconstitutional deprivation of property").

Although Plaintiff goes to great lengths in its effort to cast its due process claim as something other than a simple breach of contract claim, it has not provided the Court with a single case to support its position that this case presents an exception to the well-recognized rule. That is because, as found by the First Circuit in *Redondo-Borges,* no such exception exists. The court's dissection of the plaintiff's claim in that case is equally applicable to Plaintiff's due process claims in the case at bar. In affirming dismissal of the due process claims, the First Circuit stated:

> The amended complaint, stripped of rhetorical flourishes, tells a simple tale: [the Housing Authority] anointed [plaintiff's company] as the successful bidder for a construction project and then, upon its discovery of new information, reversed the

> direction and rescinded the earlier award. Taking the well-pleaded facts in the
> amended complaint in the light most favorable to the plaintiffs, this story may suffice
> to state a breach of contract claim. When cast as a putative constitutional claim,
> however, the story rings hollow.

*Redondo-Borges*, 421 F.3d at 11. In the case at bar, Plaintiff's claims of due process violations arising out of the alleged breach of an alleged contract for services with the Town rings similarly hollow. *See S&D Maint. Co., Inc. v. Goldin*, 844 F.2d 962, 966 (2d Cir. 1988) (refusing to extend due process protections to commercial contract claims); *Resource Svcs., LLC v. City of Bridgeport*, 2008 U.S. Dist. LEXIS 102820 (D. Conn. 2008) (rescission of award of alleged contract by City "did not give rise to a deprivation of a protectible property interest"). Accordingly, Plaintiff has failed to establish that it was deprived of a property interest without due process and its claims asserting such must be dismissed.

**Substantive Due Process**

As set forth above, the fundamental nature of Plaintiff's claims in this action are nothing more than allegations that the Town breached an alleged contract for services with Plaintiff. In *Local 342*, the Second Circuit rejected such a claim, however, proclaiming "[w]e do not think ... that simple, state-law contractual rights, without more, are worthy of substantive due process protection." 31 F.3d at 1196. The teachings of that case have been repeatedly applied by courts in this Circuit in dismissing substantive due process claims arising out of alleged contract breaches, such as that asserted by Plaintiff in the present case. *See, e.g., Resource Services, LLC*, 2008 U.S. Dist. Lexis 102820 at \*\*30-32 (dismissing substantive due process claim arising out of alleged breach of contract by municipality); *Shifa Svcs., Inc. v. Port Authority of NY/NJ*, 1997 U.S. Dist. Lexis 255 at \*\*15-21 (same). Plaintiff's allegations fall squarely within this line of cases and, as a result, its substantive due process claim must be dismissed.

**Equal Protection**

In order to plead a "class of one" equal protection claim, Plaintiff must allege sufficient facts to demonstrate that the Town treated it differently than similarly situated entities without any rational basis. *See Ruston v. Town of Skaneateles*, 2008 U.S. Dist. Lexis 104129 (N.D.N.Y. 2008). Despite Plaintiff's arguments to the contrary, the allegations in the complaint fail to establish a viable claim.

In the first instance, Plaintiff has failed to allege facts showing that it was treated differently than a similarly situated entity. As discussed in detail in Defendants' Memorandum of Law, rather than establish that the Town treated it differently than Defendant Coneys Marine, the allegations in the complaint demonstrate that, in the end, they were both treated exactly the same - as *neither* was awarded a contract. Thus, Plaintiff cannot establish the first essential element of its equal protection claim.

Because it is clear that the Town treated Plaintiff and Coneys Marine the same with regard to the 2008 launch service contract, Plaintiff seeks to compare the treatment afforded it by the Town in 2008 with that afforded Coneys Marine in prior years in which Coneys was actually awarded a contract by the Town. Plaintiff's effort fails as a matter of law. In order to plead a "class of one" claim in this Circuit, a plaintiff must allege facts showing "an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 158, 159 (2d Cir. 2006). This requires factual allegations sufficient to establish, at a minimum that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment in the basis of a legitimate government policy." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005).

Here, the allegations in the complaint fail to establish that Plaintiff, in 2008, was sufficiently similarly situated to Coneys Marine, in 2004 or 2000 or any other year in which it was awarded the launch service contract by the Town. Plaintiff has provided no factual allegations regarding the circumstances under which Coneys was deemed to be the "winning bidder" by the Town on those

5

prior occasions. In fact, on each prior occasion in which Coneys Marine was awarded a license agreement and subsequently entered into a contract with the Town, it was the *only* bidder for the license. Further, as set forth in the March 18, 2008 resolution, the Town rescinded the award of the license agreement to Plaintiff because it determined that awarding the license and entering into a contract with Plaintiff would have resulted in a substantial fee increase to the boating community for the services. (Leo Aff. Ex. C). Plaintiff has provided no factual allegations showing that Coneys Marine had ever been awarded a license and contract by the Town despite the fact that the Town believed that doing so would result in a similar substantial fee increase on the boating community.

Additionally, not only has Plaintiff failed to allege facts showing that it was treated differently than a similarly situated entity, but the allegations in the complaint fail to establish that the Town's actions lacked any rational basis. Rather than allege that the Town's actions lacked any rational basis, Plaintiff alleges that the Town's actions were motivated by "a desire to 'divert' the financial benefits of the contract and license to defendant Coneys [Marine]." (Comp. ¶205). Even assuming, *arguendo*, Plaintiff is correct (which it is not), the alleged motivation, an alleged desire to favor Coneys Marine, does not constitute an impermissible motivation sufficient to establish an equal protection claim. *See Resource N.E. of L.I., Inc. v. Town of Babylon*, 80 F. Supp.2d 52, 59 (E.D.N.Y. 2000) (dismissing equal protection claim where complaint alleged that defendants' actions were done with intent of aiding competitor).

**First Amendment**

Plaintiff asserts that its "right to apply for a permit seeking permission to place moorings within the Town's waters, constitutes a petition seeking the redress of a grievance, which falls squarely within the purview of the plaintiff's rights afforded protection under the First Amendment." Plaintiff is incorrect in its assertion regarding the constitutional protection afforded to such an application. *See, e.g., Ridgeview Partners, LLC v. Entwhistle*, 227 Fed. Appx. 80, 82 (2d Cir. 2007) (site plan application not protected by First Amendment right to petition government for redress of

grievances). Moreover, even if such an application was protected by the First Amendment, Plaintiff has not alleged that it *ever* applied for a mooring permit. It is axiomatic that where a plaintiff has failed to engage in conduct which would, even arguably, be protected by the First Amendment, a claim alleging a violation of First Amendment rights must be dismissed. *See Id.* (affirming dismissal of claim where Town's alleged conduct did not violate First Amendment).

Unlike the claims in *Hampton Bays Connections v. Duffy*, 127 F. Supp.2d 364 (E.D.N.Y. 2001), Plaintiff's First Amendment claim in this case is not premised upon allegations that the Defendants retaliated against it for engaging in protected activity. Rather, Plaintiff acknowledges that it did not engage in any protected activity and seemingly attempts to excuse that fact by arguing that it would have been futile to do so because the Town had already allowed Coneys Marine to place moorings without first applying for a permit. There are no allegations that the Town ever prevented Plaintiff from applying for mooring permits or that it prevented Plaintiff from placing moorings because Coneys had already done so. Thus, even accepting this argument on its face, no First Amendment violation can be found. *Ridgeview Partners*, 227 Fed. Appx at 82 (Town's refusal to consider an application by plaintiff "does not violate the First Amendment.").

**Conspiracy Claim**

Faced with the certain dismissal of its conspiracy claim brought pursuant to 42 U.S.C. § 1985, Plaintiff attempts to salvage its claim by belatedly re-casting it as one brought pursuant to Section 1983. Plaintiff attempts to justify this belated change as "[d]ue to a simple error as to the designation of statute relied upon." A review of the complaint makes it clear that the assertion of a claim under 42 U.S.C. §1985 was not the result of any "simple error" (Comp. ¶¶ 235-47) – other than the simple fact that such a claim fails as a matter of law. Accordingly, Plaintiff should not be permitted to amend its complaint and its Section 1985 claim should be dismissed.

Even if the Court were to permit a belated amendment to the complaint, it is clear that Plaintiff has not set forth allegations sufficient to establish a conspiracy claim under Section 1983. In

7

order to do so, Plaintiff must allege facts showing: "(1) an agreement between two or more state actors ...; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Blount v. Swiderski*, 2006 U.S. Dist. Lexis 82889 at *47 (E.D.N.Y. 2006). Here, Plaintiff has produced nothing more than conclusory allegations of an alleged conspiracy among the numerous Defendants. There are no specific allegations as to how the individual Town Defendants allegedly reached an agreement to inflict unconstitutional injury upon the Plaintiff. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-35 (2d Cir. 2002) (conclusory allegations warrant dismissal of Section 1983 conspiracy claim). In fact, the complaint alleges that the Defendants conspired, not to violate Plaintiff's constitutional rights, but to divert the benefits of the launch service contract to Defendant Coneys. Even if those allegations were true, they would not constitute a conspiracy to inflict unconstitutional injury on Plaintiff. *See Dunlop v. City of N.Y.*, 2008 U.S. Dist. Lexis 38250 at **20-25 (S.D.N.Y. 2008) (dismissing conspiracy claim where factual allegations did not "plausibly assert the existence of an agreement ... to inflict an unconstitutional injury"). Moreover, as fully set forth above, Plaintiff has failed to demonstrate that it suffered any unconstitutional injury. Consequently, even if permitted, a Section 1983 conspiracy claim would also fail.

**Legislative Immunity**

Plaintiff contends that the individual Town Board members, Defendants Petrone, Cuthbertson, Berland, Besen, and Jackson are not entitled to absolute, legislative immunity because they were not acting in their legislative capacities when they voted to award and later rescind the license agreement. Plaintiff is incorrect. The law is clear that "absolute legislative immunity attaches to all actions taken in the 'sphere of legitimate legislative activity.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S. Ct. 966 (1998). This Circuit has repeatedly recognized that "the act of voting is 'quintessentially legislative.'" *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir. 1999). Thus, in holding hearings and voting on resolutions which impacted not only the Town's finances, but also

the interests of the community at large, the Town Board members were clearly acting in their legislative capacities and are, thus, entitled to absolute legislative immunity. *See Livant v. Clifton*, 272 Fed. Appx. 113, 117 (2d Cir. 2008) (Town Board members entitled to legislative immunity where they conducted a hearing and voted on a resolution directed solely at abating a nuisance on plaintiff's property).

**Qualified Immunity**

Plaintiff has failed to even address the arguments set forth by the Town Defendants with regard to its failure to allege facts demonstrating that Defendant Acker was personally involved in any alleged constitutional deprivation. As noted in Defendants' Memorandum of Law, allegations of personal involvement in an alleged constitutional deprivation are essential in order to state a claim under Section 1983 against an individual defendant. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, because Plaintiff has not pled facts demonstrating that Mr. Acker was personally involved in a deprivation of its constitutional rights, he is entitled to, at a minimum, qualified immunity. *See Loria v. Gorman*, 306 F.3d 1271, 1281 (2d Cir. 2002).

**Breach of Contract**

As fully set forth above in the discussion regarding Plaintiff's due process claims, the allegations in the complaint and the documents incorporated by reference therein make it clear that, notwithstanding the language in the bid documents, the Town made it clear to Plaintiff that the awarding of the license agreement in February 2008 did not constitute an enforceable contract. (*See* Leo Aff. Exs. A-C). It is undisputed that no written contract was ever executed by the parties. Accordingly, Plaintiff's breach of contract claim must fail.

**Promissory Estoppel**

In an effort to avoid dismissal of its promissory estoppel claim, Plaintiff argues facts and allegations which are simply refuted by the relevant documents incorporated by reference into the complaint. While Plaintiff argues that the Town made "clear and unambiguous" representations that

9

the launch service contract had been awarded to it, it is clear that no such representations were made. As demonstrated above, the resolution awarding the license agreement clearly stated that it was subject to "terms and conditions" acceptable to the Town Attorney. (Leo Aff. Ex. A). Further, the February 8 letter unambiguously informed Plaintiff that that no services could be performed unless and until a contract had been executed with the Town. (Leo Aff. Ex. B). Consequently, there was never a clear and unambiguous promise, nor could there have been reasonable and foreseeable reliance and Plaintiff's claim must fail. *See Country-Wide Leasing Corp. v. Subaru of America*, 133 A.D.2d 172 (2d Dep't 1987).

Moreover, Plaintiff has not even addressed the Town's argument that the doctrine of promissory estoppel is not available against a governmental agency in the exercise of its governmental functions. *See, e.g., Matter of Daleview Nursing Home v. Axelrod*, 62 N.Y.2d 30, 33 (1984).

## CONCLUSION

For the reasons set forth herein, as well as those contained in their Memorandum of Law, the Town Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety and award such other and further relief as may be deemed appropriate.

Respectfully submitted,

CULLEN AND DYKMAN LLP

_____
James P. Clark (JC/0824)
Attorneys for Town Defendants
100 Quentin Roosevelt Blvd.
Garden City, New York 11530
(516) 357-3864