Richard A. Menchini (RM 6057)
O'HARE PARNAGIAN LLP
82 Wall St., Suite 300
New York, NY 10005
Tel.: (212) 425-1401
Fax: (212) 425-1421

Attorneys for Plaintiff
Heidelberg USA, Inc.

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 09 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HEIDELBERG USA, INC.

    Plaintiff,

v.

LONG ISLAND COPYING &
PRINTING, INC. and
THOMAS JOHN,

    Defendants.

---

09 CV-09 515

AFFIDAVIT

PLATT, J.

BOYLE, M.J

STATE OF GEORGIA  )
                         ) ss.:
COUNTY OF COBB   )

    John Fischer, being duly sworn, deposes and says:

    1.    I am Manager, Portfolio Delinquency of plaintiff Heidelberg USA, Inc. ("HUS") and as such, I have full knowledge of the facts set forth herein. I respectfully submit this Affidavit in support of the Order to Show Cause for an Order of Seizure directing the United States Marshall other appropriate public official to seize the following equipment located at the place of business of Long Island Copying & Printing, Inc. ("LI Printing") at 999 Gould Street, New Hyde

Park, New York 11040: (a) one new Heidelberg Speedmaster printing press, Model SM102-5P3, serial number 544229, complete with all standard equipment and including one new Drystar 2000 air cooled dryer and other related equipment; (b) one new Polar paper cutter, Model 115, serial number 7331203, complete with all standard equipment; (c) one new Stahlfolder, Model USA B-30, serial number 160QB0005, complete with all standard equipment; (d) one new Heidelberg Second Station, serial number 142QC0032; and (e) one new Heidelberg Third Station, serial number 143QC0011 (collectively, the "Heidelberg Equipment").

2. I have reviewed HUS's Complaint, as well as the exhibits thereto, which is being filed concurrently with this Affidavit. Based upon my personal knowledge, the statements contained in the Complaint are accurate, and the exhibits annexed to the Complaint are true copies of original documents under my possession and control and in the possession of HUS.

3. As described in the Complaint, LI Printing and HUS entered into a Sale Contract and Security Agreement (the "Sale Contract") with respect to LI Printing's purchase of the Heidelberg Equipment.

4. Defendant Thomas John executed a Personal Guaranty with respect to the Sale Contract.

5. LI Printing has failed to make payments to HUS as obligated under the Sale Contract. LI Printing has been repeatedly notified of its defaults and payment has been demanded, but LI Printing has refused to make payment.

6. Thomas John has failed to make payment to HUS as obligated under the Personal Guaranty.

7. HUS has also demanded return of the Heidelberg Equipment, but LI Printing has failed and refused to comply with that demand.

8. As of January 31, 2009, the sum of $904,306.97 was owed by LI Printing to HUS under the Sale Contract, which sum includes a principal balance of $853,952.67 and interest in the amount of $50,354.30. Interest continues to accrue at $216.41 per day.

9. The approximate fair market value of the Heidelberg Equipment is $605,499.00.

10. No defense for LI Printing's failure to make payment or to surrender possession of the Heidelberg Equipment is known to HUS.

11. No previous relief for possession of the Heidelberg Equipment has been sought.

12. Accordingly, it is respectfully submitted that entry of an Order of Seizure directing United States Marshall other appropriate public official to seize the Heidelberg Equipment is warranted.

_John Fischer_
John Fischer

Sworn to before me this
6th day of February, 2009

_Cynthia C. Ronan_
Notary Public

