UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x

LYDIA GOLIA,

              Plaintiffs,

-against-

SENSORMATIC, TYCO FIRE & SECURITY,
TYCO INTERNATIONAL, LTD. and ADT
SECURITY SYSTEMS, INC.,

              Defendants.

------------------------------------- x

Civil Action No.: 08 Civ 4074 (FB)

STIPULATION OF DISMISSAL
WITH PREJUDICE

It is hereby stipulated and agreed by and between the attorneys for the respective parties that whereas no party is an infant or incompetent person for whom a guardian or conservator has been appointed, the above entitled action is hereby dismissed as to all defendants, with prejudice and without costs or disbursements as to any party against the other.

Dated: January___, 2009
       New York, New York

SO ORDERED

_____
Roanne L. Mann
U.S. Magistrate Judge
Dated:

3283449v1

Dockets.Justia.co

David J. Broderick
David J. Broderick, P.C
1 Radnor Road
Plainview, NY 11803
*Attorneys for Plaintiff*

Arnold I. Katz
Calinoff & Katz LLPLLP
140 East 45th Street – 17th Floor
New York, New York 10017-3144

&

Emily J. Sullivan
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613

*Attorneys for Defendant SENSORMATIC ELECTRONICS CORP., INC. i/s/h/a SENSORMATIC and TYCO FIRE & SECURITY*

3283449v1

# GENERAL RELEASE AGREEMENT

This General Release Agreement is entered into between Lydia Golia and Sensormatic Electronics Corp. Inc., Tyco Fire & Security, Tyco International, LTD., and ADT Security Systems, Inc.

1.0. RECITALS

1.1. Releasors.    "Releasor" is Plaintiff, Lydia Golia and Related Parties.

1.2. Releasee.    "Releasees" are Defendants, Sensormatic Electronics Corp. Inc., Tyco Fire & Security, Tyco International, LTD., and ADT Security Systems, Inc. its liability insurers, and Related Parties.

1.3. Related Parties.    "Related Parties" includes any and all assigns, heirs, beneficiaries, predecessors, successors, affiliates, subrogors, subrogees, lessees, lessors, grantees, assignees, assignors, subsidiaries, parent corporations, agents, employees, servants, officers, directors, members, shareholders, owners, alter egos, insurers, attorneys, as well as any and all other persons or entities who may be vicariously liable for the conduct of said party, whose conduct may be imputed to said party, or who may claim any right, entitlement, claim or cause of action related to the dispute as described below by or through said party or each of them.

1.4. Underlying Litigation.    The underlying litigation in this case is entitled *Lydia Golia v. Senormatic, Tyco Fire & Security, Tyco International, LTD and ADT Security Systems, Inc.*, in the United States District Court Eastern District of New York, Civil Action No.: 08 Civ 4074 (FB).

1.5 Dispute.    Plaintiff, Lydia Golia claims a security device-an adhesive tag and/or sensor-allegedly stuck to her shoe causing her to fall and sustain physical injuries. Plaintiff's claims against Defendants are based in negligence, product liability theories, and breach of warranty. Plaintiff generally alleges that Defendants failed to provide safe security sensors. Defendants deny any and all liability.

1.6. Purpose of Agreement. The parties desire to resolve all aspects of the dispute that involve each of them and to achieve a release from all liability, known or unknown, in connection with the dispute.

1.7. Authority and Competency to Enter Agreement.

1.7.1. No Assignment of Claim. Releasor expressly warrants and represents that Releasor has not assigned, transferred or subrogated all or any part of any claim, lien, demand or cause of action for any monies, injuries or damages arising out of the dispute to any other person or entity and that Releasor is the sole and exclusive owner of each and every claim released herein.

1.7.2. Authority and Competency. Each party hereto expressly warrants and represents that the person executing this agreement on its behalf is legally competent to and is authorized to enter into this Agreement and to bind said party to its representations, terms, conditions and covenants.

1.8. Settlement of Dispute. The parties hereto desire to settle the dispute for several reasons, including but not limited to the following:

1.8.1. Consideration. Releasor has agreed to release Releasees from any and all claims related to the dispute in consideration for payment to Lydia Golia of $10,000.00 (TEN THOUSAND DOLLARS and ZERO CENTS).

1.8.2. Uncertainty of Trial. The respective claims of Releasor and Releasees involve disputed issues of fact and law, the resolution of which could drastically affect the amount of damages which Releasor may recover against Releasees or which Releasees may owe to Releasor if the action were to be tried.

1.8.3. Economies of Settlement. As an additional incentive for the compromise of this dispute, settlement at this stage will save parties significant attorneys' fees and costs.

1.9. RELEASE AND SETTLEMENT AGREEMENT.

1.9.1. Release. For and in consideration of the settlement consideration specified in Section 1.9.2 below, and the performance of all other terms, conditions and covenants of this Agreement, Releasor and all of its Related Parties do hereby release, waive and discharge Releasees and all of their Related Parties from any and all claims, demands, obligations, actions,

3277999v1

damages, losses, costs or expenses, of any kind or character, past or present, known or unknown, fixed or contingent, including any and all rights to subrogation thereof, which Releasor and Related Parties or any of them have had, now have, or may hereafter have against Releasees, and Related Parties or any of them, arising out of, or in any way connected with, or resulting from the dispute described in Section 1.5 of this Agreement.

1.9.2. Settlement Consideration.   Releasees Sensormatic Electronics Corp. Inc., Tyco Fire & Security, Tyco International, LTD., and ADT Security Systems, Inc. will pay to Releasor the following amount in full settlement of this action:

$10,000.00 to Lydia Golia.

2.0. COMPROMISE AND DENIAL OF LIABILITY.

The parties to this Agreement expressly acknowledge and agree that this Agreement is a compromise of disputed issues of fact and law among the parties hereto, and shall not at any time, nor for any purpose, be considered an admission of liability and/or responsibility on the part of the Releasees, nor shall the payment of any sum of money or other consideration given for the execution of this Agreement, constitute or be construed as an admission of any liability whatsoever by the Releasees who continue to deny such liability and disclaim such responsibility.

3.0. CONSTRUCTION OF AGREEMENT.

This Agreement is the product of negotiation and preparation by and among the parties hereto and their respective attorneys. The parties, therefore, expressly acknowledge and agree that this Agreement shall not be deemed prepared or drafted by one party or another, or its attorneys, and will be construed accordingly.

4.0. GOVERNING LAW.

This Agreement is made and executed in the State of New York, and it is agreed that this Agreement shall be interpreted in accordance with the laws of the State of New York in effect on the date of this Agreement.

5.0. BINDING EFFECT.

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their Related Parties, including, without limitation, their insureds, insurers, sureties and/or attorneys.

6.0. SEVERABILITY.

If any provision or part of any provision of this Agreement is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute and/or ordinance, the remainder of this Agreement shall not be affected thereby and shall remain valid and fully enforceable.

7.0. ENTIRE AGREEMENT.

This Agreement supersedes any and all prior agreements and understandings of the parties and constitutes the entire understanding between and among the parties with regard to the matters herein set forth. There are no representations, warranties, agreements, arrangements, nor undertakings, written or oral, between or among the parties thereto, relating to the subject matter of the Agreement which are not fully expressed.

8.0. DISMISSAL OF COMPLAINT.

Releasor abandons and dismisses with prejudice all actions and causes of action against Releasees and their Related Parties arising out of or connected with Releasor's Complaint, which was initially filed in the Supreme Court of New York, Queens County, and subsequently removed to the United States District Court Eastern District of New York, and authorizes Releasor's attorneys to execute and enter a dismissal with prejudice of said action as to all claims and causes of action against Releasees and their Related Parties. Said dismissal shall be filed within ten (10) days upon Releasor's receipt of settlement funds.

8.0.1 WAIVER OF LIMITATION ON SCOPE OF RELEASE

As to the Released Claims, the Releasor freely and fully waives, jointly and severally, the provisions of any state, federal, local or territorial law, statute or administrative code providing in substance that releases may not extend or apply to claims, demands, injuries or damages that

are undeveloped, unknown or unsuspected to exist at the time to the person, firm or corporation executing such release.

9.0. INDEMNIFICATION.

Releasor and Related Parties expressly agree to indemnify and save harmless Releasees and their Related Parties from any loss, claim, expense, demand or cause of action of any kind or character of any claim or claims connected with the dispute and incurred directly or indirectly on behalf of Releasor for any and all claims asserted for recovery of damage allegedly suffered by Releasor arising from this incident.

10.0. BENEFIT OF COUNSEL.

In entering into this Release Agreement, each of the parties hereto represents that it has relied upon the advice of its attorneys, who are attorneys of their own choice, and have not relied upon any representation of law or fact by any other party thereto. It is further acknowledged that the terms of this Release Agreement have been completely read and explained by said attorneys, and that those terms are fully understood and voluntarily accepted.

11.0. COOPERATION CLAUSE.

All parties agree to cooperate fully and to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of the Release Agreement, and which are not inconsistent with its terms.

12.0. ATTORNEY'S FEES.

The parties hereto acknowledge and agree that each of them will bear its own costs, expenses and attorney's fees arising out of and/or connected with the dispute, and all matters arising out of or connected therewith except that, in the event that any action is brought by any party to this Agreement to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs in addition to all other relief to which that party may be entitled.

13.0. COUNTERPARTS.

This Agreement may be executed in counterparts and so executed, shall constitute an agreement which shall be binding upon all parties hereto notwithstanding that the signatures of all necessary parties do not appear on the same page.

14.0 **CONFIDENTIALITY**

It is further agreed by all parties to the Agreement that the amounts and contributions described in Sections 1.8.1 and 1.9.2 are and shall remain strictly privileged and confidential and shall not be published to any person not a party to this Case except as ordered by a court of competent jurisdiction. This Settlement Agreement shall not, by itself, be filed in any court of record nor shall it be entered into evidence in any action at any time without the express written consent of all parties to this Release Agreement or upon court order.

15.0. **CAPTIONS**

The captions used in this Agreement are for clarification and are meant to be an aid in interpreting it. To the extent they conflict with any substantive provisions of this Agreement, they are to be disregarded.

16.0. **RELEASOR'S SIGNATURE.**

The undersigned understands that in executing this signature page, Lydia Golia is entering into a release and covenant not to sue between Lydia Golia and its Related Parties and Sensormatic Electronics Corp. Inc., Tyco Fire & Security, Tyco International, LTD., and ADT Security Systems, Inc. and its Related Parties as described in this General Release Agreement.

3277999v1

BEFORE SIGNING BELOW, THE UNDERSIGNED DECLARES HE OR SHE IS LEGALLY COMPETENT TO EXECUTE THIS GENERAL RELEASE AGREEMENT, HAS READ AND FULLY UNDERSTAND IT, AND VOLUNTARILY EXECUTES IT WITH FULL KNOWLEDGE OF ITS CONTENTS AND MEANING FOR THE PURPOSE OF OBTAINING THE ABOVE-STATED PAYMENT.

By: *Lydia Golia*

Printed: Lydia GoyA

Title: Plantiff

STATE OF NY )
)ss.
COUNTY OF Queens )

On this 13 day of February, 2008, before me, a notary public in and for said state, personally appeared Lydia Golra, to me personally known, who being duly sworn, acknowledged that he/she had executed the foregoing instrument for purposes therein mentioned and set forth.

_____
NOTARY PUBLIC

My Commission Expires:

JOSEPHINE ALVAREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6184995
Qualified In Queens County
My Commission Expires April 14, 2012

3277999v1

I, David Broderick, attorney for Lydia Golia have counseled the above party with respect to the terms of this Release and have recommended that the release be executed.

DATED: 2/13/09

_____
David Broderick]