

**STEWART LAW FIRM, LLP**

| | | |
|---|---|---|
| 133-40 HOOK CREEK BOULEVARD | TELEPHONE (718)527-9862 | POST OFFICE BOX 030479 |
| ROSEDALE, NEW YORK 11422 | FACSIMILE (718)527-7624 | ELMONT, NEW YORK 11003-0479 |

Charmaine Stewart, Esq.
Email: cmstewart@stewartfirm.com

March 20, 2009

***By Electronic Case Filing***
Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      ***Re:***   ***Spence-Green vs. Queens Center for Progress et. al.***
         ***Civ. No.: CV 08-1153 (RJD) (JO)***

Dear Judge Orenstein:

   This Firm represents Plaintiff Cynthia Spence-Green in this matter. We write in response to Ana C. Shields; counsel for Defendants, letter to Your Honor, dated March 18, 2009, objecting to Plaintiff's application to amend the complaint.

   Defendants contend that, as Plaintiff had not alleged disability discrimination at the administrative stage before the New York State Division of Human Rights or U.S. Equal Employment Opportunity Commission, she now allegedly is barred from doing so. As shall be demonstrated below, these objections are not valid.

   First, Plaintiff may assert concurrent pendent state and local law claims directly to the Court within three years of the allegedly discriminatory event. In the alternative, she may raise the claim before the administrative agency within one year of the event. Although Plaintiff's prior administrative filing did not include disability discrimination claims, she is not barred from filing a complaint on issues that are within the three years time limit; she only is precluded from filing federal claims on those issues. Plaintiff only intends to raise pendent claims in this suit in order to preserve judicial economy and save on litigation costs. Otherwise, Plaintiff may initiate a separate state court action on those concurrent claims.

   Defendants are not prejudiced as Plaintiff's claim are timely and she may institute her claim of disability in another suit independent of the current suit. Moreover, Defendants already have provided some of the documents necessary to prove the claim. Additionally, Plaintiff has not yet been deposed in this litigation. Consequently, Defendants still may depose Plaintiff on the disability claims. There is no bad faith because Plaintiff did not realize that Defendants regarded her as having a disability until the documents were provided in response to Plaintiff's

request for production. Further, it is unclear how Defendants could be prejudiced by saving them time and litigation expenses in consolidating two actions in one.

For the foregoing reason, Plaintiff respectfully requests that her application to amend and for enlargement of the discovery deadline be granted.

Thank you for your prompt attention to this matter.

Very truly yours,


Charmaine M. Stewart

CMS/nbsl

cc:    Ana C. Shields, Esq.