UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re: ZYPREXA PRODUCTS LIABILITY        :        MDL No. 1596
LITIGATION                               :
------------------------------------------------------------X

THIS DOCUMENT RELATES TO:                :
                                         :
DERRICK BROWN, PERSONAL                  :
REPRESENTATIVE OF THE ESTATE OF          :        No. 08-cv-3249 (JBW)
DOROTHY BROWN, DECEASED                  :
                                         :
            Plaintiff,                   :        **DEFENDANT ELI LILLY AND**
                                         :        **COMPANY'S OPPOSITION TO**
v.                                       :        **PLAINTIFF'S MOTION TO STAY**
                                         :        **DISCOVERY**
NOXUBEE GENERAL HOSPITAL,                :
BAPTIST MEMORIAL HOSPITAL –              :
GOLDEN TRIANGLE, ELI LILLY AND           :
COMPANY, AND JOHN DOES 1-5               :

            Defendants.
------------------------------------------------------------X

## DEFENDANT ELI LILLY AND COMPANY'S
## OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY

Defendant Eli Lilly and Company ("Lilly") submits this Opposition to Plaintiff's

Motion to Stay Discovery and in support thereof states as follows:

A stay of discovery is both unnecessary and prejudicial to Lilly. Eighteen months

have now passed since this case was commenced on October 22, 2007. To date, plaintiff has not

complied with the obligation to serve a plaintiff's fact sheet and accompanying authorizations for

the release of medical records. *See* Letter from P. Tomasco to B. Turner (Apr. 16, 2009)

(attached hereto as Exhibit "A"). Plaintiff has failed to do so despite transfer of this case to the

Multi-District Litigation on August 11, 2008, three separate written reminders to provide the fact

sheet and authorizations, and the Court's explicit instruction in its recent Order that the case

against Lilly proceed in Discovery Group 10. *Brown v. Noxubee Gen. Hosp.*, No. 08-3249, 2009 WL 1044508, at *8 (E.D.N.Y. Apr. 15, 2009); *see also* Case Management Order No. 32 (setting September 28, 2009 deadline for completion of fact discovery in Discovery Group 10 cases) (attached hereto as Exhibit "B"). Lilly cannot begin to prepare its defense or expect to meet the Court's deadline without immediate production of decedent's medical records and disclosure of the names and addresses of decedent's prescribing physicians and dispensing pharmacies.

Further, plaintiff will not be prejudiced by going forward now with discovery which it will, inevitably, have to provide at a later date. Under any scenario with Lilly as a defendant, plaintiff will at a minimum have to respond to interrogatories (in the form of a Plaintiff's Fact Sheet or otherwise), provide authorizations for the release of medical records as well as any medical records in plaintiff's possession, produce copies of any Zyprexa®-related documents in plaintiff's possession, submit to depositions of plaintiff and other fact witnesses, provide a case-specific expert liability report, and defend the deposition of plaintiff's expert. Plaintiff's unsubstantiated fear of duplicative discovery should not impede development of this record.

Lilly's ability to initiate case-specific discovery and to prepare a full evaluation of this case, including development of a case-dispositive motion, should not be delayed further. Plaintiff decided to bring this lawsuit and should be required to pursue it promptly despite any pending appeal. Lilly, therefore, respectfully requests that this Court deny plaintiff's Motion to Stay Discovery.

Respectfully Submitted,

/s *Peter J. Tomasco*
Nina M. Gussack
Kenneth H. Zucker
Peter J. Tomasco
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000

and

Samuel J. Abate, Jr. (SA 0915)
PEPPER HAMILTON LLP
The New York Times Building
37th floor
620 Eighth Avenue
New York, NY 10018-1405
(212) 808-2700

Attorneys for Defendant
Eli Lilly and Company

DATED: May 4, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009, a copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will provide electronic notice of the same to counsel.


/s *Peter J. Tomasco*
Peter J. Tomasco

**EXHIBIT A**

# Pepper Hamilton LLP
#### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Peter J. Tomasco
direct dial: 215.981.4690
tomascop@pepperlaw.com

April 16, 2009

*Via First Class Mail and Electronic Mail*

Bennie L. Turner, Esquire
Turner & Associates, PLLC
P.O. Drawer 1500
West Point, Mississippi 39773-1500
blt@bturnerlaw.com

Re:  In re: Zyprexa Products Liability Litigation, MDL No. 1596
 Derrick Brown v. Noxubee General Hospital, et al., No. 08-cv-3249 (JBW)

Dear Counsel:

 I write on behalf of defendant Eli Lilly and Company ("Lilly") in response to your letter of April 14, 2009. You noted that you viewed discovery as stayed pending a ruling on the motion to remand by a district court judge.

 While we disagree with your interpretation that discovery has been stayed, Judge Weinstein has now denied the motion to remand, and noted that the case will proceed against Lilly in Discovery Group 10. Given our numerous attempts to secure compliance with your obligation to provide a Plaintiff's Fact Sheet, we are under no obligation to extend the deadline further.

 Nevertheless, we reiterate our demand that plaintiff complete and serve on Lilly's counsel the Court-approved Plaintiff's Fact Sheet and its accompanying HIPAA-compliant authorizations. Please contact me if you require us to re-send these materials, which were previously provided by our firm on August 20, 2008 and March 24, 2009.

 Please provide these materials as soon as possible, but in no event later than **Monday, April 27, 2009**. Failure to do so will result in Lilly seeking the intervention of the

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
|---|---|---|---|---|---|
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington | |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Bennie Turner, Esq.
Page 2
April 16, 2009

Court, which may include sanctions, up to dismissal of the case pursuant to Case Management
Order No. 16. Please contact me if you have any questions.

Very truly yours,

Peter J. Tomasco

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ZYPREXA<br>PRODUCTS LIABILITY LITIGATION | : MDL No. 1596 (JBW) (RLM)<br>:<br>: |
| THIS DOCUMENT RELATES TO:<br>CASES LISTED IN ATTACHED<br>EXHIBITS 1-7 | :<br>:<br>: |

## CASE MANAGEMENT ORDER NO. 32

### (Discovery and Motion Schedule)

       Case Management Order No. 30, dated August 19, 2008, provided discovery and motion schedules for most of the then still pending Zyprexa personal injury cases that had been transferred to the Eastern District of New York from other jurisdictions under the standing order of the Judicial Panel on Multidistrict Litigation. Since that order was issued, numerous of the cases governed by that order have been settled or dismissed voluntarily, and new cases have been transferred to this district from other jurisdictions. Accordingly, following a conference call on February 10, 2009, with the Special Discovery Master and various participating counsel for plaintiffs and Lilly, and following circulation of a draft of this order with exhibits, this Case Management Order No. 32 amends the discovery groups and schedules previously set forth in Case Management Order No. 30, and sets forth discovery and motion schedules for those Zyprexa personal injury cases that are listed in the attached exhibits.

       This Order does not affect any deadlines for Discovery Groups 1 through 4, which were the subject of Case Management Order No. 31 issued December 30, 2008, except that plaintiff William Knight has been moved from Discovery Group 4 to Discovery Group 6.

### DISCOVERY GROUP 5

       1.     This schedule applies to the claims in Discovery Group 5, which are identified in Exhibit 1 attached hereto. If any case assigned to Discovery Group 5 is dismissed before the end of the fact discovery period, Lilly or plaintiffs may request that another claim be added to this Discovery Group.

       2.     Fact discovery shall be completed by April 24, 2009.

       3.     It is expected that each plaintiff in Discovery Group 5 has already been deposed. Any plaintiff who has not yet had his or her deposition taken shall promptly provide to Lilly, no later than March 11, 2009, a date for the taking of the plaintiff's deposition, to take place in March 2009. Lilly will then notice the deposition for the date selected, unless Lilly objects within seven days of receiving notice of this proposed date. If plaintiff does not provide

an alternate date within seven days of Lilly's objection, Lilly may notice the deposition for a date in March 2009, of its choosing. Plaintiff's deposition will take place within a reasonable distance of his or her residence.

4.     No later than ten days following plaintiff's deposition, Lilly shall notify plaintiff of the family members, friends, and/or other fact witnesses (aside from plaintiffs prescribing and treating physicians) Lilly wishes to depose. Within ten days of receiving this notice, plaintiff shall (1) provide a date for each requested deposition, or (2) serve an objection to the taking of the deposition with an explanation for the basis of the objection. If, within these ten days, plaintiff has failed to provide a deposition date or object to the taking of the deposition, Lilly may subpoena the witness and notice the deposition for a date of its choosing.

5.     Lilly shall notify plaintiff of the prescribing and treating physicians Lilly wishes to depose. Plaintiff will have fourteen days from the date of receiving this notice to contact each of these physicians to secure a date for his or her deposition, to take place within 45 days of Lilly's request (but no later than the close of fact discovery for this Discovery Group). If plaintiff fails to provide a date for a deposition within these fourteen days, Lilly, after advising plaintiff that no deposition date has been received by Lilly, may contact the physician to schedule a date for the deposition.

6.     Plaintiffs Rule 26 case-specific liability expert reports shall be served on or before March 27, 2009. Any previously-served or new generic expert reports on which plaintiff intends to rely shall be identified at the same time. Plaintiff shall provide a date for the case-specific expert witness's deposition at the time of service of the report. For those experts whose reports plaintiff has already served, plaintiff shall provide, by no later than March 27, 2009, dates for their depositions. If, following service of a plaintiff's case-specific expert report, plaintiff believes that supplementation of the expert report is necessary in light of subsequently taken discovery, plaintiff may apply to the Special Discovery Master for leave to supplement. Lilly may oppose any such request.

7.     Lilly's Rule 26 case-specific liability expert reports shall be served on or before May 12, 2009. Lilly shall provide a date for the case-specific expert witness's deposition at the time of service of the report. Any previously-served or new generic expert reports on which Lilly intends to rely shall be identified at the same time.

8.     Depositions of case-specific liability expert witnesses shall be completed by June 1, 2009.

9.     Dispositive motions or motions to remand shall be filed no later than June 15, 2009. Responsive papers shall be filed no later than June 25, 2009 and reply papers, if any, shall be filed no later than June 29, 2009.

10.     Dispositive motions and motions to remand will be heard July 1, 2009.

## DISCOVERY GROUP 6

1.     This schedule applies to the claims in Discovery Group 6, which are identified in Exhibit 2 attached hereto. If any case assigned to Discovery Group 6 is dismissed before the end of the fact discovery period, Lilly or plaintiffs may request that another claim be added to this Discovery Group.

2.     Fact discovery shall be completed by May 22, 2009.

3.     It is expected that each plaintiff in Discovery Group 6 has already been deposed. Any plaintiff who has not yet had his or her deposition taken shall promptly provide to Lilly, on or before March 11, 2009, a date for the taking of the plaintiff's deposition, to take place on or before April 10, 2009. Lilly will then notice the deposition for the date selected, unless Lilly objects within seven days of receiving notice of this proposed date. If plaintiff does not provide an alternate date within seven days of Lilly's objection, Lilly may notice the deposition for a date in April 2009, of its choosing. Plaintiff's deposition will take place within a reasonable distance of his or her residence.

4.     No later than ten days following plaintiff's deposition, Lilly shall notify plaintiff of the family members, friends, and/or other fact witnesses (aside from plaintiffs prescribing and treating physicians) Lilly wishes to depose. Within ten days of receiving this notice, plaintiff shall (1) provide a date for each requested deposition, or (2) serve an objection to the taking of the deposition with an explanation for the basis of the objection. If, within these ten days, plaintiff has failed to provide a deposition date or object to the taking of the deposition, Lilly may subpoena the witness and notice the deposition for a date of its choosing.

5.     Lilly shall notify plaintiff of the prescribing and treating physicians Lilly wishes to depose. Plaintiff will have fourteen days from the date of receiving this notice to contact each of these physicians to secure a date for his or her deposition, to take place within 45 days of Lilly's request (but no later than the close of fact discovery for this Discovery Group). If plaintiff fails to provide a date for a deposition within these fourteen days, Lilly, after advising plaintiff that no deposition date has been received by Lilly, may contact the physician to schedule a date for the deposition.

6.     Plaintiff's Rule 26 case-specific liability expert reports shall be served on or before April 17, 2009. Any previously-served or new generic expert reports on which plaintiff intends to rely shall be identified at the same time. Plaintiff shall provide a date for the case-specific expert witness's deposition at the time of service of the report. For those experts whose reports plaintiff has already served, plaintiff shall provide, by no later than April 17, 2009, dates for their depositions. If, following service of a plaintiff's case-specific expert report, plaintiff believes that supplementation of the expert report is necessary in light of subsequently taken discovery, plaintiff may apply to the Special Discovery Master for leave to supplement. Lilly may oppose any such request.

7.     Lilly's Rule 26 case-specific liability expert reports shall be served on or before June 9, 2009. Lilly shall provide a date for the case-specific expert witness's deposition

at the time of service of the report. Any previously-served or new generic expert reports on which Lilly intends to rely shall be identified at the same time.

        8.     Depositions of case-specific liability expert witnesses shall be completed by July 3, 2009.

        9.     Dispositive motions or motions to remand shall be filed no later than July 17, 2009. Responsive papers shall be filed no later than July 27, 2009 and reply papers, if any, shall be filed no later than July 31, 2009.

        10.     Dispositive motions and motions to remand will be heard August 4, 2009.


## DISCOVERY GROUP 7

        1.     This schedule applies to the claims in Discovery Group 7, which are identified in Exhibit 3, attached hereto.

        2.     Fact discovery shall be completed by June 22, 2009.

        3.     It is expected that each plaintiff in Discovery Group 7 has already been deposed. Any plaintiff who has not yet had his or her deposition taken shall provide to Lilly, on or before April 1, 2009, a date for the taking of the plaintiff's deposition, to take place in April 2009. Lilly will then notice the deposition for the date selected, unless Lilly objects within seven days of receiving notice of this proposed date. If plaintiff does not provide an alternate date within seven days of Lilly's objection, Lilly may notice the deposition for a date in May 2009, of its choosing. Plaintiff's deposition will take place within a reasonable distance of his or her residence.

        4.     No later than ten days following plaintiff's deposition, Lilly shall notify plaintiff of the family members, friends, and/or other fact witnesses (aside from plaintiff's prescribing and treating physicians) Lilly wishes to depose. Within ten days of receiving this notice, plaintiff shall (1) provide a date for each requested deposition, or (2) serve an objection to the taking of the deposition with an explanation for the basis of the objection. If, within these ten days, plaintiff has failed to provide a deposition date or object to the taking of the deposition, Lilly may subpoena the witness and notice the deposition for a date of its choosing.

        5.     Lilly shall notify plaintiff of the prescribing and treating physicians Lilly wishes to depose. Plaintiff will have fourteen days from the date of receiving this notice to contact each of these physicians to secure a date for his or her deposition, to take place within 45 days of Lilly's request (but no later than the close of fact discovery for this Discovery Group). If plaintiff fails to provide a date for a deposition within these fourteen days, Lilly, after advising plaintiff that no deposition date has been received by Lilly, may contact the physician to schedule a date for the deposition.

        6.     Plaintiffs Rule 26 case-specific liability expert reports shall be served on or before May 8, 2009. Any previously-served or new generic expert reports on which plaintiff

intends to rely shall be identified at the same time. Plaintiff shall provide a date for the case-specific expert witness's deposition at the time of service of the report. For those experts whose reports plaintiff has already served, plaintiff shall provide, by no later than May 8, 2009, dates for their depositions. If, following service of a plaintiffs case-specific expert report, plaintiff believes that supplementation of the expert report is necessary in light of subsequently taken discovery, plaintiff may apply to the Special Discovery Master for leave to supplement. Lilly may oppose any such request.

       7.     Lilly's Rule 26 case-specific liability expert reports shall be served on or before July 7, 2009. Lilly shall provide a date for the case-specific expert witness's deposition at the time of service of the report. Any previously-served or new generic expert reports on which Lilly intends to rely shall be identified at the same time.

       8.     Depositions of case-specific liability expert witnesses shall be completed by July 31, 2009.

       9.     Dispositive motions or motions to remand shall be filed no later than August 14, 2009. Responsive papers shall be filed no later than August 24, 2009 and reply papers, if any, shall be filed no later than August 28, 2009.

       10.    Dispositive motions and motions to remand will be heard September 1, 2009.


# DISCOVERY GROUP 8

       1.     This schedule applies to the claims in Discovery Group 8, which are identified in Exhibit 4 attached hereto. If any case assigned to Discovery Group 8 is dismissed before the end of the fact discovery period, Lilly or plaintiffs may request that another claim be added to this Discovery Group.

       2.     Fact discovery shall be completed by August 3, 2009.

       3.     Each plaintiff shall provide to Lilly by May 1, 2009, a date for the taking of plaintiff's deposition, to take place in or before May 2009. Lilly will then notice the deposition for the date selected, unless Lilly objects within seven days of receiving notice of this proposed date. If plaintiff does not provide a date by May 1, 2009, Lilly may notice the deposition for a date in June 2009 of its choosing. Plaintiff's deposition will take place within a reasonable distance of his or her residence.

       4.     No later than ten days following plaintiffs deposition, Lilly shall notify plaintiff of the family members, friends, and/or other fact witnesses (aside from plaintiffs prescribing and treating physicians) Lilly wishes to depose. Within ten days of receiving this notice, plaintiff shall (1) provide a date for each requested deposition, or (2) serve an objection to the taking of the deposition with an explanation for the basis of the objection. If, within these ten days, plaintiff has failed to provide a deposition date or object to the taking of the deposition, Lilly may subpoena the witness and notice the deposition for a date of its choosing.

5.     Lilly shall notify plaintiff of the prescribing and treating physicians Lilly wishes to depose. Plaintiff will have fourteen days from the date of receiving this notice to contact each of these physicians to secure a date for his or her deposition, to take place within 45 days of Lilly's request (but no later than the close of fact discovery for this Discovery Group). If plaintiff fails to provide a date for a deposition within these fourteen days, Lilly, after advising plaintiff that no deposition date has been received by Lilly, may contact the physician to schedule a date for the deposition.

6.     Plaintiff's Rule 26 case-specific liability expert reports shall be served on or before June 19, 2009. Any previously-served or new generic expert reports on which plaintiff intends to rely shall be identified at the same time. Plaintiff shall provide a date for the case-specific expert witness's deposition at the time of service of the report. For those experts whose reports plaintiff has already served, plaintiff shall provide, by no later than June 19, 2009, dates for their depositions. If, following service of a plaintiff's case-specific expert report, plaintiff believes that supplementation of the expert report is necessary in light of subsequently taken discovery, plaintiff may apply to the Special Discovery Master for leave to supplement. Lilly may oppose any such request.

7.     Lilly's Rule 26 case-specific liability expert reports shall be served on or before August 18, 2009. Lilly shall provide a date for the case-specific expert witness's deposition at the time of service of the report. Any previously-served or new generic expert reports on which Lilly intends to rely shall be identified at the same time.

8.     Depositions of case-specific liability expert witnesses shall be completed by September 11, 2009.

9.     Dispositive motions or motions to remand shall be filed no later than September 25, 2009. Responsive papers shall be filed no later than October 5, 2009 and reply papers, if any, shall be filed no later than October 9, 2009.

10.     Dispositive motions and motions to remand will be heard October 14, 2009.


## DISCOVERY GROUP 9

1.     This schedule applies to the claims in Discovery Group 9, which are identified in Exhibit 5 attached hereto. If any case assigned to Discovery Group 9 is dismissed before the end of the fact discovery period, Lilly or plaintiffs may request that another claim be added to this Discovery Group.

2.     Fact discovery shall be completed by August 31, 2009.

3.     Each plaintiff shall provide to Lilly by June 1, 2009, a date for the taking of plaintiffs deposition, to take place in or before June 2009. Lilly will then notice the deposition for the date selected, unless Lilly objects within seven days of receiving notice of this proposed date. If plaintiff does not provide a date by June 1, 2009, Lilly may notice the deposition for a

date in July 2009 of its choosing. Plaintiff's deposition will take place within a reasonable distance of his or her residence.

4.      No later than ten days following plaintiffs deposition, Lilly shall notify plaintiff of the family members, friends, and/or other fact witnesses (aside from plaintiffs prescribing and treating physicians) Lilly wishes to depose. Within ten days of receiving this notice, plaintiff shall (1) provide a date for each requested deposition, or (2) serve an objection to the taking of the deposition with an explanation for the basis of the objection. If, within these ten days, plaintiff has failed to provide a deposition date or object to the taking of the deposition, Lilly may subpoena the witness and notice the deposition for a date of its choosing.

5.      Lilly shall notify plaintiff of the prescribing and treating physicians Lilly wishes to depose. Plaintiff will have fourteen days from the date of receiving this notice to contact each of these physicians to secure a date for his or her deposition, to take place within 45 days of Lilly's request (but no later than the close of fact discovery for this Discovery Group). If plaintiff fails to provide a date for a deposition within these fourteen days, Lilly, after advising plaintiff that no deposition date has been received by Lilly, may contact the physician to schedule a date for the deposition.

6.      Plaintiff's Rule 26 case-specific liability expert reports shall be served on or before July 17, 2009. Any previously-served or new generic expert reports on which plaintiff intends to rely shall be identified at the same time. Plaintiff shall provide a date for the case-specific expert witness's deposition at the time of service of the report. For those experts whose reports plaintiff has already served, plaintiff shall provide, by no later than July 17, 2009, dates for their depositions. If, following service of a plaintiff's case-specific expert report, plaintiff believes that supplementation of the expert report is necessary in light of subsequently taken discovery, plaintiff may apply to the Special Discovery Master for leave to supplement. Lilly may oppose any such request.

7.      Lilly's Rule 26 case-specific liability expert reports shall be served on or before September 15, 2009. Lilly shall provide a date for the case-specific expert witness's deposition at the time of service of the report. Any previously-served or new generic expert reports on which Lilly intends to rely shall be identified at the same time.

8.      Depositions of case-specific liability expert witnesses shall be completed by October 9, 2009.

9.      Dispositive motions or motions to remand shall be filed no later than October 23, 2009. Responsive papers shall be filed no later than November 3, 2009 and reply papers, if any, shall be filed no later than November 9, 2009.

10.      Dispositive motions and motions to remand will be heard November 13, 2009.

## DISCOVERY GROUP 10

1.      This schedule applies to the claims in Discovery Group 10, which are identified in Exhibit 6 attached hereto. If any case assigned to Discovery Group 10 is dismissed before the end of the fact discovery period, Lilly or plaintiffs may request that another claim be added to this Discovery Group.

2.      Fact discovery shall be completed by September 28, 2009.

3.      Each plaintiff shall provide to Lilly by July 1, 2009, a date for the taking of plaintiffs deposition, to take place in or before July 2009. Lilly will then notice the deposition for the date selected, unless Lilly objects within seven days of receiving notice of this proposed date. If plaintiff does not provide a date by July 1, 2009, Lilly may notice the deposition for a date in August 2009 of its choosing.  Plaintiff's deposition will take place within a reasonable distance of his or her residence.

4.      No later than ten days following plaintiffs deposition, Lilly shall notify plaintiff of the family members, friends, and/or other fact witnesses (aside from plaintiffs prescribing and treating physicians) Lilly wishes to depose. Within ten days of receiving this notice, plaintiff shall (1) provide a date for each requested deposition, or (2) serve an objection to the taking of the deposition with an explanation for the basis of the objection. If, within these ten days, plaintiff has failed to provide a deposition date or object to the taking of the deposition, Lilly may subpoena the witness and notice the deposition for a date of its choosing.

5.      Lilly shall notify plaintiff of the prescribing and treating physicians Lilly wishes to depose. Plaintiff will have fourteen days from the date of receiving this notice to contact each of these physicians to secure a date for his or her deposition, to take place within 45 days of Lilly's request (but no later than the close of fact discovery for this Discovery Group). If plaintiff fails to provide a date for a deposition within these fourteen days, Lilly, after advising plaintiff that no deposition date has been received by Lilly, may contact the physician to schedule a date for the deposition.

6.      Plaintiff's Rule 26 case-specific liability expert reports shall be served on or before August 13, 2009. Any previously-served or new generic expert reports on which plaintiff intends to rely shall be identified at the same time. Plaintiff shall provide a date for the case-specific expert witness's deposition at the time of service of the report. For those experts whose reports plaintiff has already served, plaintiff shall provide, by no later than July 31, 2009, dates for their depositions. If, following service of a plaintiff's case-specific expert report, plaintiff believes that supplementation of the expert report is necessary in light of subsequently taken discovery, plaintiff may apply to the Special Discovery Master for leave to supplement. Lilly may oppose any such request.

7.      Lilly's Rule 26 case-specific liability expert reports shall be served on or before October 13, 2009. Lilly shall provide a date for the case-specific expert witness's deposition at the time of service of the report. Any previously-served or new generic expert reports on which Lilly intends to rely shall be identified at the same time.

8.    Depositions of case-specific liability expert witnesses shall be completed by November 7, 2009.

9.    Dispositive motions or motions to remand shall be filed no later than November 20, 2009.  Responsive papers shall be filed no later than November 30, 2009 and reply papers, if any, shall be filed no later than December 4, 2009.

10.    Dispositive motions and motions to remand will be heard December 8, 2009.

## DISCOVERY GROUP 11

All of the cases in which plaintiffs represent themselves without an attorney are assigned to this Group.  The Special Master will confer with the Court to devise a schedule for these cases.

New York, New York

March 3, 2009

_____
Peter H. Woodin
Special Discovery Master

# EXHIBIT 1

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 5

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Asbury, William 06-CV-1593 | Lowell W. Finson PHILLIPS & ASSOCIATES lowellf@phillipslaw.ws | Asbury, William | 1 | USDC of KS 06-CV-2032 |
| Belcher Tynesha, et al. 06-CV-2780 | Lowell W. Finson PHILLIPS & ASSOCIATES lowellf@phillipslaw.ws | Tynesha Belcher John Blume Eric W. Fuller Cecilia Guillen | 4 | USDC SD of CA 06-CV-442 |
| Bost, Ricky 06-CV-1952 | Gustine J. Pelagatti GUSTINE J. PELAGATTI & ASSOCIATES pelagattilaw@gmail.com | Bost, Ricky | 1 | USDC ED of PA 06-CV-871 |
| Cerrato, Robert C. 07-CV-2669 | Brian R. Cunha BRIAN CUNHA & ASSOCIATES brian@briancunha.com | Cerrato, Robert C. | 1 | USDC of MA 07-CV-112670 |
| Chavez, Yolanda, individually and o/b/o Johnny Salazar-Nunez, et al. 06-CV-2592 | Lowell W. Finson PHILLIPS & ASSOCIATES lowellf@phillipslaw.ws | Gove, Judith Head, James Washington, Darlene | 3 | USDC of AZ 06-CV-577 |
| Cocklin, Sr., Richard Lee 07-CV-2669 | Brian R. Cunha BRIAN CUNHA & ASSOCIATES brian@briancunha.com | Cocklin, Sr., Richard Lee | 1 | USDC of RI 07-CV-1570 |
| Duncan, James 06-CV-459 | John G. Kelly LAW OFFICES OF JOHN G. KELLY, P.C. jklawoffices@aol.com | Duncan, James | 1 | USDC ND of IL 05-CV-6476 |
| Edmond, Timothy 06-CV-9150 | Robert W. Kerpsack ROBERT W. KERPSACK CO., L.P.A bob@rwklaw.com | Edmond, Timothy | 1 | USDC SD of OH 07-CV-12157 |
| Folse, Charlene H., o/b/o Joshua Folse 04-CV-1612 | Benjamin P. Mouton MCGLYNN GLISSON ben@mcglynnglisson.com | Charlene H. Folse o/b/o Joshua Folse | 1 | USDC WD of LA 03-CV-1888 |
| Griffith, Robert 06-CV-6888 | James H. Cook DUTTON, BRAUN, STAACK & HELLMAN, P.L.C. cookj@wloolaw.com | Griffith, Robert | 1 | USDC ND of IA 06-CV-3059 |

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Leary, Marissa 07-CV-3608 | Laura K. Goddard GODDARD, SCUTERI & DELANEY lgoddard@gsd-law.com | Leary, Marissa | 1 | USDC of MA 07-CV-11031 |
| Williams, Erin 07-CV-3914 | Lowell W. Finson PHILLIPS & ASSOCIATES lowellf@phillipslaw.ws | Williams, Erin | 1 | USDC CD of CA 07-CV-959 |
| **Total** | | | **17** | |

# EXHIBIT 2

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 6

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Berry, Lucille 07-CV-4847 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Berry, Lucille | 1 | USDC CD of CA 07-CV-6417 |
| Earl, Arlene 07-cv-3912 | Michael D. Ermert HARE, WYNN, NEWELL & NEWTON, LLP mike@hwnn.com | Earl, Arlene | 1 | USDC ND of AL; 07-cv- 1465 |
| Harvard, Adrienne 06-CV-5335 | Benjamin Levine LEIFER LEVINE & ASSOCIATES LarryLLeifer@verizon.net | Harvard, Adrienne | 1 | USDC of NJ 06-CV-2799 |
| Knight, William 06-cv-6894 | DON K. LEDGARD Capretz & Associates Dledgard@capretz.com | Knight, William | 1 | USDC of MN 06-cv-4464 |
| **Total** | | | **4** | |

# EXHIBIT 3

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 7

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Abitang, Romeo 06-CV-3456 | Michael P. Cascino CASCINO VAUGHAN LAW OFFICES, LTD. michaelp.cascino@gmail.com | Abitang, Romeo | 1 | USDC ND of IL 06-CV-1750 |
| Amabile, Mary 06-CV-3455 | Michael P. Cascino CASCINO VAUGHAN LAW OFFICES, LTD. michaelp.cascino@gmail.com | Amabile, Mary | 1 | USDC ND of IL 06-CV-1749 |
| Johnson, Kimberly J., individually and as guardian of Serenity Tamara Skinner, a minor, and Serenity Tamara Skinner 07-CV-2459 | Stuart M. Axelrod AXELROD & ASSOCIATES, P.A. paralegal1968@sc.rr.com | Johnson, Kimberly J., individually and as guardian of Serenity Tamara Skinner, a minor, and Serenity Tamara Skinner | 1 | USDC of SC 06-CV-2994 |
| Quirarte, Sonia o/b/o Estate of Daniel Resendez 07-CV-1161 | Bruce M. Bozich LAW OFFICES OF BRUCE M. BOZICH brucebozich@sbcglobal.net | Quirarte, Sonia o/b/o Estate of Daniel Resendez | 1 | USDC ND of IL 07-CV-190 |
| Sexton, Charles and Kaye Sexton, individually and as representatives of the Estate of Scott Sexton 07-CV-4507 | Clay Dugas CLAY DUGAS & ASSOCIATES aallen@claydugas.com | Sexton, Charles and Kaye Sexton, individually and as representatives of the Estate of Scott Sexton | 1 | USDC ED of TX 07-CV-645 |
| Trimble, Floyd 06-CV-3457 | Michael P. Cascino CASCINO VAUGHAN LAW OFFICES, LTD. michaelp.cascino@gmail.com | Trimble, Floyd | 1 | USDC ND of IL 06-CV-1751 |
| **Total** | | | **6** | |

# EXHIBIT 4

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 8

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Busby, Armand 07-CV-4848 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Busby, Armand | 1 | USDC WD PA 07-CV-1308 |
| Cestare, Anthony 06-CV-0442 | Edward J. Garnett Riconda & Garnett, LLP | Cestare, Anthony | 1 | USDC ED of NY 06-CV-0442 |
| Cosca, Martin 04-CV-3796 | Nancy Hersh Hersh & Hersh nhersh@hershlaw.com | Cosca, Martin | 1 | USDC CD of CA 04-CV-0528 |
| Edwards, Marianna 07-CV-4849 | Mario P. Melucci Gary F. Sharlock MARKS, O'NEILL, O'BRIEN & COURTNEY, PC | Edwards, Marianna | 1 | USDC WD of PA 07-CV-1357 |
| Kane, James 07-CV-2383 | Gale D. Pearson Stephen J. Randall PEARSON, RANDALL, & SCHUMACHER, P.A. attorneys@outtech.com | Kane, James | 1 | USDC of MN 07-CV-2261 |
| Makupson, William 05-CV-0413 | Samuel Butcher STEWART AND DECHANT | Makupson, William | 1 | USDC ND of OH 04-CV-2232 |
| Sheffield, Joannae 06-CV-0756 | O. Mark Zamora PAUL C. PARKER & ASSOCIATES | Sheffield, Joannae | 1 | USDC ND of GA 06-CV-0756 |
| Smith, Patricia 06-CV-5059 | Dan C. Stanley LAW OFFICES OF J.D. LEE, PLLC dan@danchanningstanley.com | Smith, Patricia | 1 | USDC ED of TN 05-CV-0407 |
| Terry, David Alan, Sr. 06-CV-1469 | Kenneth T. Fibich, Esquire W. Michael Leebron, Esquire FIBICH, HAMPTON, LEEBRON, LLP tfibich@fhl-law.com | Terry, David Alan, Sr. | 1 | USDC ED of TX 06-CV-0020 |
| **Total** | | | **9** | |

# EXHIBIT 5

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 9

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Gazelka, Peter, et al. 08-CV-1409 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Gazelka, Peter Rasmussen, Judith | 2 | USDC MN 08-CV-0576 |
| Gurovitsch, Molly 08-CV-1408 | Thomas J. Conlin CONLIN LAW FIRM LLC | Gurovitsch, Molly | 1 | USDC of MN 08-CV-0501 |
| Houston, Carlette 08-CV-2946 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Houston, Carlette | 1 | USDC, CD of CA 08-CV-3071 |
| Hulse, Carolyn 08-CV-0583 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Hulse, Carolyn | 1 | USDC ED of WA 07-CV-352 |
| Leyva, Reuben 08-CV-1175 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Leyva, Reuben | 1 | USDC CD of CA 07-CV-8271 |
| Paltell, Robert 08-CV-1947 | Roger J. Bennett Joshua L. Friedman BENNETT & ALBRIGHT, P.A. | Paltell, Robert | 1 | USDC of MD 08-CV-0704 |
| Pascal, Miriam 08-CV-1955 | Ira Podlofsky PODLOFSKY HILL ORANGE & MODZELEWSKI, LLP | Pascal, Miriam | 1 | USDC SD of NY 08-CV-2040 |
| Truechel, Robert 08-CV-1176 | Thomas J. Conlin CONLIN LAW FIRM LLC | Truechel, Robert | 1 | USDC MN 08-CV-0418 |
| Winston, Bickerton L. 08-CV-1407 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Winston, Bickerton L. | 1 | USDC of MN 08-CV-0372 |
| Total | | | 10 | |

# EXHIBIT 6

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 10

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Auditor, Jose 08-CV-2948 | Don K. Ledgard CAPRETZ & ASSOCIATES dledgard@capretz.com | Auditor, Jose | 1 | USDC WD of WA 08-CV-0845 |
| Brown, Derrick, Personal Representative of the Estate of Dorothy A. Brown, Deceased 08-CV-3249 | Bennie L. Turner TURNER & ASSOCIATES, PLLC firm@bturnerlaw.com | Brown, Derrick, Personal Representative of the Estate of Dorothy A. Brown, Deceased | 1 | USDC SD of MS 08-CV-006 |
| Chavez, Yolanda, individually and o/b/o Johnny Salazar-Nunez, et al. 06-CV-2592 | Lowell W. Finson PHILLIPS & ASSOCIATES lowellf@phillipslaw.ws | Kohnke, Kathleen o/b/o Ariana Portner, minor | 1 | USDC of AZ 06-CV-577 |
| Gardner, Phillip Jerome 07-CV-04235 | Joshua Erzin AUDET & PARTNERS jerzin@audetlaw.com | Gardner, Phillip | 1 | USDC, SD NY 07-CV-3982 |
| Gaskins, Felicia 08-CV-05165 | Robert Lewis, Jr. | Gaskins, Felicia | 1 | USDC ED of NC 08-CV-0201 |
| Martin, Walker 09-CV-4104 | Neal E. Shapero SHAPERO & ROLOFF CO., L.P.A. nshapero@shaperoroloff.com | Martin, Walker | 1 | USDC ND of OH 08-CV-01681 |
| Meyers, George 08-CV-5247 | Robert L. Tessler TOBEROFF, TESSLER & SCHOCHET, LLP | Meyers, George | 1 | USDC ED of NY 08-CV-5247 |
| Polston, Kelly 08-CV-05166 | Robert B. Ransom LEVENTIS & RANSOM bertcone@aol.com | Polston, Kelly | 1 | USDC of SC 08-CV-3639 |
| Thompson, Pearl, et al. 08-CV-4103 | Kevin M. Fitzgerald LEWIS SAUL & ASSOCIATES kfitzgerald@lewissaul.com | Saucier, Brian Thompson, Pearl Winslow, Theresa | 3 | USDC of ME 08-CV-0256 |
| Total | | | 11 | |

# EXHIBIT 7

## CASE MANAGEMENT ORDER NO. 32, DISCOVERY GROUP 11

| Case Name and MDL Docket No. | Plaintiff's Counsel | Plaintiff(s) | No. of Plaintiffs | Court of Origin |
|---|---|---|---|---|
| Bergman, Kathy 04-CV-0146-R | Pro Se | Bergman, Kathy | 1 | USDC WD of KY 04-CV-0146 |
| Billips, Alkim 07-CV-0114 | Pro Se | Billips, Alkim | 1 | USDC SD of NY; 06-CV-4963 |
| Brotherton, Pamela, et al. 05-cv-4692 | Pro Se | Chapman, Teresa | 1 | USDC WD of MO 05-cv-4192 |
| Chavez, Yolanda, individually and o/b/o Johnny Salazar-Nunez, et al. 06-CV-2592 | Pro Se | Cullen, Linda | 1 | USDC of AZ 06-CV-0577 |
| Dagliano, Joseph Scott 07-CV-2199 | Pro Se | Dagliano, Joseph Scott | 1 | USDC ED of NY; 07-CV-2199 |
| DiCiolla, Carlos 06-4731 | Pro Se | DiCiolla, Carlos | 1 | USDC of NJ 05-CV-4570 |
| Harris, Fred 06-CV-03481 | Pro Se | Harris, Fred | 1 | USDC WD of PA 06-CV-0678 |
| Jones, Frederick 05-CV-4922 | Pro Se | Jones, Frederick | 1 | USDC ED of PA 05-CV-4922 |
| Matera, Kenneth 06-CV-4637 | Pro Se | Matera, Kenneth | 1 | USDC SD of IL 06-CV-0352-DRH |
| Martin, Robert 04-CV-2317 | Pro Se | Martin, Robert | 1 | USDC SD of IL 04-CV-4067 |
| McClamrock, Barry 04-CV-1613 | Pro Se | McClamrock, Barry | 1 | USDC MD of NC 03-CV-0929 |
| McElroy, Arthur 06-CV-5763 | Pro Se | McElroy, Arthur | 1 | USDC of NE 06-CV-3154 |
| Nicassio, Mario L. 06-CV-3475 | Pro Se | Nicassio, Mario L. | 1 | USDC WD of PA 06-CV-00503 |
| Shahin, Donna L. Whitehead, et al. 08-CV-576 | Pro Se | Shahin, Donna | 1 | USDC SD of MD 07-CV-3433 |
| Swiger, Shelly and Lisa 06-CV-6224 | Pro Se | Swiger, Shelly | 1 | USDC ED of KY 06-CV-0208 |
| Thompson, Billy James Jr. et al. 06-CV-2601 | Pro Se | Spann, Rosie | 1 | USDC SD of IL 06-CV-0180-MJR |
| Williams, Andre 06-CV-02787 | Pro Se | Willliams, Andre | 1 | USDC ED of PA 06-CV-815 |
| Total | | | 17 | |