UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X
BAY BRIDGE ENTERPRISES, LLC,

               Plaintiff,

v.

STEADFAST INSURANCE COMPANY,

               Defendant.
-----------------------------------------------------X

Civil Action No. 09-0849

**STEADFAST'S ANSWER TO COMPLAINT <u>WITH JURY DEMAND</u>**

**ECF CASE**

Defendant Steadfast Insurance Company ("Steadfast"), by and through its attorneys Lewis Brisbois Bisgaard & Smith LLP, provides its Answer to Bay Bridge Enterprises, LLC's ("Bay Bridge") Complaint (the "Complaint") and respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. No answer is necessary to Paragraph "1" of the Complaint, which merely purports to characterize the claims asserted and the relief sought in the Complaint. However, to the extent a response is required, Steadfast denies any breach of its environmental impairment insurance policy and further denies any obligation thereunder.

### THE PARTIES

2. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint.

3. Steadfast denies the allegations contained in Paragraph "3" of the Complaint except admits that it is a Delaware corporation and that it maintains its principal place of business in Illinois.

## JURISDICTION AND VENUE

4. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint except admits that it is a Delaware corporation with its principal place of business in Illinois and refers all questions of law to the Court.

5. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint except admits Steadfast does not contest the jurisdiction of this Court and refers the Court to Steadfast policy no. PLC 5328214 (the "Policy") for all relevant provisions which speak for themselves and further refers all questions of law to the Court.

## THE ENVIRONMENTAL IMPAIRMENT LIABILITY POLICY

6. Steadfast admits the allegations set forth in Paragraph "6" of the Complaint.

7. With respect to the allegations contained in Paragraph "7" of the Complaint, Steadfast denies any obligation to pay on behalf of Bay Bridge any sums under the Policy for the claim at issue herein except admits that the Policy has a limit of liability of $5 million and that under certain circumstances, not present here, are subject to all terms and conditions and exclusions of the Policy, Steadfast may have certain obligations and refers the Court to the Policy for the terms and conditions and exclusions which speak for themselves.

8. With respect to the allegations contained in Paragraph "8" of the Complaint, Steadfast admits the Policy defines the term "loss" and respectfully refers the Court to the Policy for the definition contained therein, which speaks for itself.

9. With respect to the allegations contained in Paragraph "9" of the Complaint, Steadfast admits the Policy defines the term "property damage" and respectfully refers the Court to the Policy for the definition contained therein, which speaks for itself.

10. With respect to the allegations contained in Paragraph "10" of the Complaint, Steadfast admits the Policy defines the term "pollution event" and respectfully refers the Court to the Policy for the definition contained therein, which speaks for itself.

11. With respect to the allegations contained in Paragraph "11" of the Complaint, Steadfast admits the Policy defines the term "claim" and respectfully refers the Court to the Policy for the definition contained therein, which speaks for itself.

12. With respect to the allegations contained in Paragraph "12" of the Complaint, Steadfast admits the Policy defines the term "emergency action" and respectfully refers the Court to the Policy for the definition contained therein, which speaks for itself.

13. Steadfast denies the allegations contained in Paragraph "13" of the Complaint.

14. Steadfast admits the allegations contained in Paragraph "14" of the Complaint.

15. Steadfast denies the allegations contained in Paragraph "15" of the Complaint.

16. Steadfast denies the allegations contained in Paragraph "16" of the Complaint.

**THE POLLUTION EVENT**

17. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint.

21. Steadfast denies the allegations contained in Paragraph "21" of the Complaint.

22. Steadfast denies the allegations contained in Paragraph "22" of the Complaint.

23. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint.

25. Steadfast denies the allegations contained in Paragraph "25" of the Complaint.

26. Steadfast denies the allegations contained in Paragraph "26" of the Complaint.

### THE PARTIES' COVERAGE DISPUTE

27. Steadfast denies the allegations contained in Paragraph "27" of the Complaint.

28. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint, except admits that on or about July 9, 2007, Bay Bridge advised Steadfast of an incident involving the Vulcan and respectfully refers the Court to the referenced July 9, 2007 letter.

29. Steadfast denies the allegations contained in Paragraph "29" of the Complaint, except admits that by letter dated November 14, 2007, it advised Bay Bridge of its coverage position and respectfully refers the Court to the November 14, 2007 letter, which speaks for itself.

30. Steadfast denies the allegations contained in Paragraph "30" of the Complaint except admits that the parties exchange correspondence following the alleged incident.

31. Steadfast denies the allegations contained in Paragraph "31" of the Complaint.

32. Steadfast denies the allegations contained in Paragraph "32" of the Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

33. Steadfast repeats and reiterates each and every response to the allegations contained in Paragraphs "1" through "32" of the Complaint with the same force and effect as if the same were fully set forth at length herein.

34. Steadfast denies the allegations contained in Paragraph "34" of the Complaint.

35. Steadfast denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Complaint, except denies that Steadfast bears any responsibility under the Policy.

36. Steadfast denies the allegations contained in Paragraph "36" of the Complaint stating further that they are legal conclusions to which no response is required.

37. Steadfast denies the allegations contained in Paragraph "37" of the Complaint.

38. Steadfast denies the allegations contained in Paragraph "38" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION DECLARATORY JUDGMENT – RIGHTS AND OBLIGATIONS UNDER THE POLICY

39. Steadfast repeats and reiterates each and every response to the allegations contained in Paragraphs "1" through "38" of the Complaint with the same force and effect as if the same were fully set forth at length herein.

40. No response is required to Paragraph "40" of the Complaint which merely c characterizes the relief sought by Bay Bridge.

41. Steadfast denies the allegations contained in Paragraph "41" of the Complaint.

42. The allegations contained in Paragraph "42" of the Complaint are legal conclusions to which no response is required and which are respectfully referred to the Court.

43. The allegations contained in Paragraph "43" of the Complaint are legal conclusions to which no response is required and which are respectfully referred to the Court.

44. The allegations contained in Paragraph "44" of the Complaint are legal conclusions to which no response is required and which are respectfully referred to the Court; to the extent a response may be required, Steadfast denies Bay Bridge is entitled to the relief sought.

45. Steadfast denies the allegations contained in Paragraph "45" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every claim or cause of action in the Complaint fails to state facts sufficient to constitute a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Bay Bridge is barred from claiming or recovering any relief set forth in the Complaint by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Bay Bridge is barred from claiming or recovering any relief set forth in the Complaint by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Bay Bridge is barred from claiming or recovering any relief set forth in the Complaint by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Bay Bridge is barred from claiming or recovering any relief set forth in the Complaint because the alleged loss is not covered, or consists of or was due to causes expressly excluded under the terms of the Policy. Steadfast incorporates herein all of the policy terms, conditions and exclusions (including those implied by law or statute) of the Policy.

### SIXTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent there is no "claim," as that term is defined in the Policy.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent there has been no "pollution event" as that term is defined in the Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent that no "loss" has been incurred as that term is defined in the Policy.

### NINTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent that Bay Bridge incurred costs, charges and expenses without Steadfast's written consent in violation of the Policy.

### TENTH AFFIRMATIVE DEFENSE

Coverage is not be available under the Policy to the extent that the alleged event did not result from a release, discharge or escape from a "covered location," as that term is defined in the Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent that the alleged incident was not an "emergency action," as that term is defined in the Policy.

### TWELFTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent that Bay Bridge did not incur "cleanup costs," as that term is defined in the Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent that the Vulcan is not a "covered location," as that term is defined in the Policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent that no formal "demand" was made on Bay Bridge with regard to addressing the alleged event involving the Vulcan.

## FIFTEENTH AFFIRMATIVE DEFENSE

Coverage is not available under the Policy to the extent there has been no "property damage" as that term is defined in the Policy.

## JURY DEMAND
## STEADFAST HEREBY DEMANDS TRIAL BY JURY

**WHEREFORE**, Steadfast prays for judgment as follows:

1. That Bay Bridge take nothing by way of the Complaint;

2. That the Complaint and each purported claim for relief asserted against Steadfast therein be dismissed with prejudice;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper

Dated: May 4, 2009
New York, New York

Respectfully submitted,

/s/ {FILED ELECTRONICALLY}
David M. Pollack (DP 6143)
Stephanie A. Nashban (SN 6806)
LEWIS BRISBOIS BISGAARD & SMITH LLP
199 Water Street, 25th Floor
New York, New York 10038
Telephone: (212) 232-1300
Facsimile: (212) 232-1399
pollack@lbbslaw.com
nashban@lbbslaw.com