**JAMES C. NEVILLE**
**Attorney at Law**
14 Vanderventer Avenue, Suite 115
Post Office Box 1711
Port Washington, New York 11050
Telephone: (516) 883-5905
Facsimile: (516) 883-9508
E-mail: jcneville@optonline.net

September 10, 2009

Hon. Arthur D. Spatt
Senior United States District Judge
United States Court
Eastern District of New York
1024 Federal Plaza
Central Islip, New York 11722
By ECF and Facsimile (631) 712-5626

    Re:    <u>U.S.A. v. Frederick Celani, 09 Cr. 405 (ADS)</u>

Dear Judge Spatt:

    It is respectfully requested that this Honorable Court accept this letter as a **Motion** for various forms of relief.

1.    Given that the Court has designated this case as a complex one, and given the voluminous materials that counsel will be reviewing, summarizing, and digesting, it is respectfully requested that the defense be authorized to employ a paralegal to aid in the preparation of the matter, which, I am told by Mr. Celani, <u>shall</u> proceed to trial;

2.    Additionally, in order to adequately and effectively prepare this complex matter for trial, it is respectfully requested that this Honorable Court authorize disbursement of funds to hire a private investigator in this matter;

3.    Upon information and belief, the instant matter appears to present a "Ponzi" Scheme, but the indictment currently before this Honorable Court does cover only one small aspect of the overall case. The instant case (and an anticipated forthcoming related case against Mr. Celani) are part of an ongoing scheme which began in the year 2000 in the Southern District of New York, where the majority of the illegal acts and events took place, in addition to one event in the Eastern District of New York.

4.    Mr. Celani seeks access to the law library at the Nassau County Jail. This Honorable Court had signed a "request" on or about July 10. 2009 that Mr. Celani have access to the law library at said jail for four (4) hours per day, five days per week. In a letter dated August 25, 2009 to Mr. Celani from Correction Commissioner Head of the Sheriff's Department, Nassau County Correctional Center, such "request" was denied.

1

Mr. Celani reports that there are numerous persons at Nassau Jail with up to thirty (30) hours access to the law library. Mr. Celani believes that he is being unjustly discriminated against in this way, and he respectfully requests that this Honorable Court "order" that Mr. Celani be given at least twenty (20) hours of access time in the law library at the Nassau jail. This is so that Mr. Celani can effectively help counsel in developing an adequate defense for the imminent trial in this case.

Mr. Celani has informed the undersigned, who is relying on the statements of Mr. Celani, that this case involves a deeply rooted and ongoing conspiracy between the United States Government, and the Republic of Iran. This conspiracy involves money laundering, drugs, illegal trade with the sanctioned nation of Iran, murder, pornography, prostitution, and diamond smuggling.

The actions of the co-conspirators in this alleged scheme, who are supporters of the late Shah of Iran, are designed to overthrow the present theocracy ruling the Republic of Iran.

According to Mr. Celani, narrowing the scope of this case to a mere "Ponzi" scheme will result in a blatant Due Process violation, as well as appear to the public that the Court is denying access to records, which if left undiscovered may result in the loss of human life.

Mr. Celani anticipates the prosecutor will argue that the narrow focus is the only relevant conduct as applied to the case as a "Ponzi" scheme, and therefore, nothing else is material and pertinent to the matter.

Mr. Celani has informed the undersigned that Mr. Celani will take the witness stand at his trial, and through his testimony will broaden the scope of the case, if the scope of the case is limited in the prosecutor's case-in-chief. Mr. Celani has claimed that he engaged in certain conduct relating to this case only due to coercion and duress, and therefore his expanded testimony will be admissible at trial, even if the prosecution objects thereto. Therefore, expanded discovery as of this date would make sense from a perspective of judicial economy and fairness to the accused.

Therefore, the defense is requesting, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, discovery from:

    a.    Canadian Immigration Authorities;
    b.    U.S. State Department;
    c.    The United Nations;
    d.    The Joint Terrorism Task Force;
    e.    The Republic of Iran;
    f.    The State of Israel;
    g.    Russia;
    h.    The FBI;
    i.    The CIA;

      j.      The Department of Homeland Security

In the event the Court desires more detailed information, Mr. Celani, through his counsel, will outline the defense's position *in camera,* and under seal. Details are intentionally omitted herein as this is a public document and Mr. Celani does not wish to sensationalize the case unnecessarily.

The nature of the above-mentioned "on-going conspiracy" (which is operating at the present time) relating to the charges in this case, will be part of another set of operative facts for another matter currently under investigation ("Kiosk" case), and as such will require a joint trial to avoid the waste of judicial resources.

This discovery request is proper according to the Second Circuit as outlined in *U.S. v. Paternina*, 749 F.2d 993 (2d Cir. 1984), where that Court ruled that the Government must make a reasonable effort to obtain foreign evidence.

Additionally, Mr. Celani, through counsel, seeks copies of all grand jury transcripts and case agent hand-written notes as to all FBI, INS, ICE, and SEC interviews regarding this case.

The Government cannot claim surprise as the Government requested that this case be designated a complex one, and, more notably, the Government was made aware of the above allegations by way of four (4) proffer sessions between the Government and Mr. Celani, in the presence of Tracey Gaffey, Esq.

      Respectfully submitted,
      /s/

      James C. Neville, Esq.
      Attorney for Frederick Celani

CC:  Clerk of the Court
      Richard T. Lunger, Esq. (AUSA)