

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MJF:ZA
F.#2009R00852

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

September 24, 2009

**By ECF and Hand Delivery**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Travis Stroman
            Criminal Docket No. 09-339 (ILG)

Dear Judge Glasser:

     The government writes in response to the defendant's motion in limine, filed September 22, 2009, seeking to preclude (1) the introduction of certain physical evidence seized during a lawful search of the defendant's home, (2) the admission of the defendant's post-arrest statements, and (3) law enforcement witnesses from testifying as to their opinion that the defendant is the individual shooter seen in the surveillance video. For the reasons explained below, the governments submits that the defendant's motions should be denied.

I.  Background

     The defendant is charged in a single-count indictment with possessing ammunition after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). On March 11, 2009, the defendant shot at two individuals inside a Brooklyn bodega in broad daylight, leaving behind two shell casings and a bullet fragment. The events of that day are captured on a surveillance video which the government intends to introduce at trial.

     On May 13, 2009, FBI agents arrested the defendant. After he was placed in an interview room, but before he was read his Miranda rights, the agents showed the defendant a surveillance video of the shooting. During this time, they repeatedly advised him to remain silent. The defendant indicated that he understood that he was being instructed not to speak. Nevertheless, the defendant blurted out several statements while watching the video, including "you can't see my face." After

again admonishing the defendant to remain silent, the agents informed him that an eyewitness to the trial would be able to identify him as the shooter. The defendant responded that those "eyewitness had to show up."

On May 14, 2008, FBI agents executed a search warrant at the defendant's residence and recovered several items which the government intends to introduce at trial. Chief among those are a red flag, red bead necklaces, black sneakers, and a black leather coat, all of which match the attire of the shooter as depicted in the surveillance video. The government also intends to introduce a white bulletproof vest recovered from the defendant's room.

On July 24, 2009, the defendant moved to suppress (1) the defendant's May 13th statements, (2) the evidence seized pursuant to the search warrant on May 14th, and (3) any out-of-court identifications of the defendant. On July 28, 2009, after hearing argument by both parties, the Court denied the defendant's motion to suppress in its entirety.

II. The Defendant's Post-Arrest Statements are Admissible

The defendant's post-arrest statements to law enforcement are plainly relevant to the matter at issue in this case. Rule 401 provides that evidence is relevant if has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence need not be conclusive in order to be relevant." United States v. Schultz, 333 F.3d 393, 416 (2d Cir. 2003) (internal quotation marks omitted).

The fact that the defendant stated, upon viewing the grainy surveillance video of the shooting, "you can't even see my face," rather than "his" or "the shooter's" face, tends to make more likely the fact that he was the shooter depicted in the video. The same is true of the fact that upon learning that eyewitnesses were able to identify him, the defendant stated simply that "they would have to show up" to court to do so, rather than they must have been mistaken. Finally, the relevance of the defendant's false alibi is not undermined by the fact that the agents had not yet told the defendant the date of the shooting at the time made the statement. In fact, it can be argued that the fact that the defendant appeared to already know the date of shooting, insofar as he offered the agents an account of his whereabouts on that day, is evidence of his guilt.

Defense counsel's arguments to the contrary pertain to weight, rather than admissibility. See, e.g., United States v. Diaz, 878 F.2d 608 (holding relevant evidence that was "obviously subject to attack" was admissible because "[o]nce relevance is established . . . such challenges go to weight rather than admissibility"). The defendant is free to make to the jury the arguments he outlines in his motion, e.g., that the statements about the defendant's face not being clear on the video are "not an admission to the charged crime but vernacular statements indicating that Mr. Stroman is not the person shown in the surveillance video." Defendant's Br. at 4. As the Second Circuit held in Schultz, "factors which make evidence less than conclusive affect only weight, not admissibility." 333 F.3d at 416 (internal quotation marks omitted).

The defendant next submits that even if relevant, the challenged statements should be excluded pursuant to Rule 403 because they are unfairly prejudicial. Defendant's Br. at 4-5. The only prejudice that defendant identifies is the likelihood that the jury may accept the government's view of the statements – i.e., that the statements are evidence of guilt – rather than the defendant's, i.e., that the statements are "not admissions of any criminal act." Id. at 4. That is not the type of "unfair prejudice" against which Rule 403 was intended to protect. Fed. R. Evid. 403 (emphasis added) (providing relevant "evidence may be included if its probative value is substantially outweighed by the danger of unfair prejudice . . ."); see United States v. Bermudez, 529 F.3d 158, 170 (2d Cir. 2008) ("The term 'unfair prejudice,' as to the criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997))). The fact that evidence "tends to prove guilt" does not mean that the evidence is unfairly prejudicial under Rule 403. United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980). Indeed, most evidence offered at a criminal trial can be expected to have some bearing on the guilt of the defendant. "Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." Id. (emphasis added). Here, if the jury accepts the government's argument that the challenged statements are direct evidence of the defendant's guilt, they will merely be considering the evidence for the purpose for which it was admitted. As such, the evidence does not pose any risk of unfair prejudice pursuant to Rule 403.

III. The Items Seized in the Search of the Defendant's Home are Admissible

The government intends to introduce articles of clothing and a bulletproof vest recovered from a search of the defendant's house. The defendant argues the items at issue are inadmissible pursuant to Rules 403 and 404(b).

As an initial matter, there can be no dispute that the items of clothing recovered from the defendant's house which match the attire of the shooter depicted in the surveillance video are relevant. Such evidence constitutes neither "other crimes, wrongs, or acts" evidence under Rule 404(b), nor unfairly prejudicial evidence pursuant to Rule 403. See United States v. Mejia, 545 F.3d 179, 206 (2d Cir. 2008) (distinguishing between "direct evidence of the charged offense" and "prior act evidence" under Rule 404(b)); Figueroa, 618 F.2d at 943 ("Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence."). Therefore, the bandana, jacket, and sneakers are plainly admissible.

As to the defendant's gang membership, the government submits that it is relevant only as to the limited question of identification, and not to any larger question of motive or predisposition. The government does not intend to introduce a notebook containing gang writings or other gang paraphernalia recovered from the defendant's home. Nor will the government attempt to elicit testimony as to the violent nature of the Bloods gang. The government will, however, seek to introduce red-and-white patterned beads recovered from the defendant's home whose pattern matches the one depicted on the scarf of the shooter in the video. Special Agent Jed Salter of the FBI will testify that in his experience attire patterned in such a manner is typically worn by Bloods members. The fact that the shooter in the video is wearing clothing typical of Bloods member makes the fact that the defendant is a Bloods member, as indicated by items of clothing recovered from his apartment, relevant to the issue of identification in this case.

Finally, the fact that the defendant possessed a bulletproof vest is relevant in that it tends to suggest that the defendant is likely to have possessed ammunition. Ownership of the vest is doubtless not conclusive of the issue, and the defendant is free to argue as much to the jury. See Schultz, 333 F.3d at 416. Rule 403 does not require this relevant evidence's exclusion because there is no indication of unfair prejudice. Possession of a bulletproof vest can hardly be considered more inflammatory than the offense for which the defendant is charged. See Mercado, 573 F.3d at 145 (noting "evidence which is more

inflammatory than the conduct charged in the indictment" may pose a risk of unfair prejudice). Nor is possession of the vest evidence of another crime pursuant to Rule 404(b). The federal criminal code penalizes possession of "body armor" only when an individual has been convicted of a crime of violence. See 18 U.S.C. § 931. The defendant has not been convicted of such an offense, and therefore his possession of the vest is not "other crimes" evidence under Rule 404(b). See Fed. R. Evid. 404(b).

IV. The Government Does Not Intend to Introduce Identification Testimony by Law Enforcement Officers

      The defendant moves to preclude the government from offering testimony by law enforcement officers as to the fact that the officers recognize the shooter depicted in the surveillance video to be the defendant. The government does not intend to introduce any such testimony, and therefore the defendant's motion should be denied as moot.

V. Conclusion

      For the forgoing reasons, the government respectfully submits that the defendant's motion in limine should be denied in its entirety.

                            Respectfully submitted,

                            BENTON J. CAMPBELL
                            United States Attorney

              By:         /s
                    Zainab Ahmad
                    Assistant U.S. Attorney
                    (718) 254-6522

cc: Michael Schneider, Esq.